| | |
|---|---|
| 1 | Jeff D. Friedman (173886) |
|   | Shana E. Scarlett (217895) |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP |
|   | 715 Hearst Avenue, Suite 202 |
| 3 | Berkeley, CA 94710 |
|   | Telephone: (510) 725-3000 |
| 4 | Facsimile: (510) 725-3001 |
|   | jefff@hbsslaw.com |
| 5 | shanas@hbsslaw.com |
| 6 | [Additional Counsel on Sig. Page] |
| 7 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, JR., on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DREAMWORKS ANIMATION SKG, INC., PIXAR; LUCASFILM LTD., LLC; THE WALT DISNEY COMPANY; DIGITAL DOMAIN 3.0, INC.; IMAGEMOVERS; IMAGEMOVERS DIGITAL; SONY PICTURES ANIMATION and SONY PICTURES IMAGEWORKS;<br><br>Defendants. | Case No. 3:14-cv-04062-LHK<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| GEORGIA CANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PIXAR; DREAMWORKS ANIMATION SKG, INC.; LUCASFILM LTD.; THE WALT DISNEY COMPANY; DIGITAL DOMAIN 3.0 INC.; IMAGEMOVERS LLC; IMAGEMOVERS DIGITAL; SONY PICTURES ANIMATION INC.; SONY PICTURES IMAGEWORKS INC.; BLUE SKY STUDIOS, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No. 5:14-cv-04203-PSG |

[Caption continued next page]

010473-11

| | |
|---|---|
| DAVID WENTWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUCASFILM LTD. LLC.; PIXAR; DREAMWORKS ANIMATION SKG, INC., THE WALT DISNEY COMPANY; SONY PICTURES ANIMATION INC.; SONY PICTURES IMAGEWORKS INC.; IMAGEMOVERS LLC; IMAGEMOVERS DIGITAL; and DIGITAL DOMAIN 3.0 INC.<br><br>Defendants. | Case No. 5:14-cv-04422 JCS |

010473-11

Pursuant to Civil Local Rules 3-12 (b) and 7-11, Plaintiff David Wentworth ("Plaintiff") submits this administrative motion requesting that the Court consider whether *Wentworth v. Lucasfilm LTD. LLC et al.*, Case No. 14-cv-04422-JCS ("*Wentworth*"), *Nitsch v. DreamWorks Animation SKG Inc., et al.*, Case No. 14-cv-04062-LHK ("*Nitsch*") and *Cano v. Pixar, et al.,* Case No. 14-cv-4203 ("*Cano*") are related and direct the Clerk of Court to reassign *Wentworth* to the Honorable Judge Lucky H. Koh.

Civil Local Rule 3-12(a) states that actions are related when:

(1)   The actions concern substantially the same parties, property, transaction or event;  and

(2)   It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

These cases involve virtually the same parties, transactions, and events, the same causes of action, and the same issues of fact and law.  The *Wentworth* action involves nearly identical defendants, similar misconduct and injury, and similar factual and legal questions as the *Nitsch* and *Cano* actions.  All of the actions allege collusion by visual effects and animation studios in a long-running conspiracy to suppress the wages of their highly skilled workers and employees.  All of the actions allege violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, as their primary cause of action and each allege attendant violations of state antitrust or consumer protection laws.  Moreover, both cases involve the same underlying conduct—the defendants' conspiracy to not solicit employees and to fix compensation ranges for similar job titles.  Evidence of the conspiracy will in all cases involve many of the same meetings, individual participants, and their communications.

Relating the *Wentworth* action to the *Nitsch* and *Cano* actions will promote substantial efficiency and judicial economy.  The *Wentworth* action, like the *Nitsch* and *Cano* actions, concerns similar questions with respect to class certification and liability, and will likely involve overlapping witnesses, experts, and discovery.  Failure to relate the *Wentworth* action to the *Nitsch* and *Cano* actions would likely result in an unduly burdensome duplication of labor and expense by counsel in the existing actions and any future similar actions that are filed.  Further, conducting the *Wentworth* case in front of Judge Koh will eliminate the risk of conflicting results if the cases are conducted

before different Judges, and will promote the just and efficient conduct of the actions.

In light of the fact of the substantially similar actions, Judge Koh's extensive experience with similar cases, and the opportunities for efficiency and judicial economy, Plaintiff respectfully requests that the Court designate the *Wentworth* action as related to the *Nitsch* and *Cano* actions.

DATED: October 6, 2014                         HAGENS BERMAN SOBOL SHAPIRO LLP


By    /s/ Jeff D. Friedman
          JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2014, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

                                                /s/ Jeff D. Friedman
                                                JEFF D. FRIEDMAN