Daniel A. Small (*pro hac vice*)
Brent W. Johnson (*pro hac vice*)
Jeffrey B. Dubner (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Telephone:     (202) 408-4600
Facsimile:      (202) 408-4699
Email: dsmall@cohenmilstein.com
          bjohnson@cohenmilstein.com
          jdubner@cohenmilstein.com

*Attorneys for Plaintiff Robert A. Nitsch, Jr.*

[Additional Counsel for Plaintiffs Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, JR.,<br><br>        Plaintiff, and on behalf of all<br>        others similarly situated,<br><br>    v.<br><br>DREAMWORKS ANIMATION SKG, INC., et al.,<br><br>        Defendants. | Case Nos.   14-cv-04062-LHK<br>            14-cv-04203-LHK<br>            14-cv-04422-LHK<br><br>**NOTICE AND UNOPPOSED MOTION OF PLAINTIFFS TO APPOINT INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| GEORGIA CANO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PIXAR, et al.,<br><br>        Defendants. | Date:        February 19, 2015<br>Time:        1:30 PM<br>Courtroom:  8<br>Judge:      Hon. Lucy H. Koh |
| DAVID WENTWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>LUCASFILM LTD. LLC, et al.,<br><br>        Defendants. | |

## NOTICE OF MOTION AND UNOPPOSED MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 19, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Hon. Lucy H. Koh, United States District Judge, at the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, California, Plaintiffs Robert A. Nitsch, Jr., Georgia Cano, and David Wentworth will, and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 23(g) for an order appointing Interim Co-Lead Class Counsel for the Plaintiff Class in the above-captioned actions. Specifically, plaintiffs' requests the Court appoint the following counsel as Plaintiffs' Interim Co-Lead Class Counsel, along with their respective law firms: Daniel A. Small of Cohen Milstein Sellers & Toll PLLC; Marc M. Seltzer of Susman Godfrey L.L.P.; and Steve W. Berman of Hagens Berman Sobol Shapiro LLP.

This motion is supported by all plaintiffs who have filed cases concerning the visual effects and animation conspiracy alleged in the complaint filed in these related actions. Counsel for defendants have informed counsel for plaintiffs that they will take no position on this motion.

This motion is based on this Notice and Motion, the accompanying memorandum of points and authorities in support of the motion, the concurrently filed Declarations of Daniel A. Small, Marc M. Seltzer, and Steve W. Berman, and the Proposed Order lodged concurrently herewith.

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.      INTRODUCTION ...............................................................................................................1

II.     BACKGROUND .................................................................................................................2

III.    ARGUMENT ......................................................................................................................3

        A.      The Court Should Appoint Interim Co-Lead Counsel Before Class Certification .....3

                1.      The Standards Under Rule 23(g) ................................................................3

                2.      Private Ordering Among Counsel Is Encouraged.........................................4

        B.      Appointment of Interim Co-Lead Counsel Will Benefit the Plaintiffs' Prosecution
                of Their Claims ..........................................................................................................4

        C.      Cohen Milstein, Susman Godfrey, and Hagens Berman Are Eminently Qualified to
                Be Interim Co-Lead Counsel ......................................................................................5

                1.      Cohen Milstein Sellers & Toll PLLC ...........................................................5

                2.      Susman Godfrey L.L.P. .................................................................................7

                3.      Hagens Berman Sobol Shapiro LLP .............................................................9

        D.      Proposed Interim Co-Lead Counsel Have Undertaken All the Investigation and
                Research Underpinning the VFX and Animation Actions ........................................12

        E.      Proposed Interim Co-Lead Counsel Already Have Organized Plaintiffs' Counsel
                and Managed the Litigation Effectively ...................................................................12

        F.      Proposed Interim Co-Lead Counsel Have Substantial Experience in Leading the
                Prosecution of Antitrust Class Actions ....................................................................13

        G.      Proposed Interim Co-Lead Counsel Have the Requisite Knowledge and Expertise to
                Prosecute this Price-Fixing Action ..........................................................................13

        H.      Proposed Interim Co-Lead Counsel Will Commit the Time, Staffing, and Monetary
                Resources Necessary to Prosecute These Actions ....................................................13

IV.     CONCLUSION..................................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

CASES

*Cano v. Pixar,*
No. 14-cv-4203-LHK (N.D. Cal.)...............................................................................2, 3

*In re Air Cargo Shipping Servs. Antitrust Litig.,*
240 F.R.D. 56 (E.D.N.Y. 2006) ...........................................................................................3

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.,*
No. 14-md-2508 (E.D. Tenn. May 20, 2014) ......................................................................4

*In re Domestic Drywall Antitrust Litig.,*
No. 13-md-2437 (E.D. Pa. Apr. 11, 2013)........................................................................4, 6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
No. 4:02-md-01486 (N.D. Cal. Sept. 20, 2005)...............................................................4, 10

*In re High-Tech Employee Antitrust Litig.,*
No. 11-cv-2509-LHK (N.D. Cal.)......................................................................................2, 12

*In re Lithium Ion Batteries Antitrust Litig.,*
No. 13-md-2420 (N.D. Cal. May 17, 2013 and July 10, 2013) ...............................4, 11, 12, 14

*In re Loestrin 24 Fe Antitrust Litig.,*
No. 13-md-02472 (D.R.I. Feb. 14, 2014) .............................................................................4

*In re Methionine Antitrust Litig.,*
No. 00-md-01311 (N.D. Cal. Feb. 23, 2000) ......................................................................4

*In re Nexium (Esomeprazole) Antitrust Litig.,*
No. 12-md-02409 (D. Mass. Jan. 16, 2013)........................................................................4

*Nitsch v. DreamWorks Animation SKG, Inc.,*
No. 14-cv-4062-LHK (N.D. Cal.).............................................................................2, 3, 5, 6

*Parkinson v. Hyundai Motor Am.,*
No. 06-cv-345, 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) .................................................3

*Pecover v. Electronic Arts, Inc.,*
No. 08-cv-02820-CW (N.D. Cal.) ......................................................................................12

*The Shane Group, Inc. v. Blue Cross Blue Shield of Mich.,*
No. 10-cv-14360 (E.D. Mich. May 29, 2012) ..................................................................4, 6

*Wentworth v. Lucasfilm Ltd. LLC,*
No. 14-cv-4422-LHK (N.D. Cal.)......................................................................................2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................ *passim*

Fed. R. Civ. P. 26 ...........................................................................................................12

Local Rule 16-9 ................................................................................................................12

MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2006) ....................................1, 2, 4

Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3

Pursuant to Fed. R. Civ. P. 23(g), plaintiffs Robert A. Nitsch, Jr., Georgia Cano, and David

4

Wentworth move the Court for an Order appointing the following attorneys and their respective law firms

5

as plaintiffs' Interim Co-Lead Class Counsel in the above-captioned actions (the "VFX and Animation

6

Actions"): Daniel A. Small of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"); Marc M. Seltzer

7

of Susman Godfrey L.L.P. ("Susman Godfrey"); and Steve W. Berman of Hagens Berman Sobol Shapiro

8

LLP ("Hagens Berman") (collectively, "Proposed Interim Co-Lead Counsel").

9

Consistent with Rule 23(g) and sound principles of efficient case management, the Court should

10

appoint interim leadership for the plaintiffs at this stage of the litigation. *See* MANUAL FOR COMPLEX

11

LITIGATION § 21.11 at 246 (4th ed. 2006) (the "*Manual*").[1] Representing the agreement of all plaintiffs in

12

all three cases, the proposed leadership structure—which includes a representative from each of the three

13

filed cases—will ensure this complex antitrust litigation proceeds in an efficient manner. Appointment of

14

leadership for the plaintiffs will permit plaintiffs' counsel to work with counsel for defendants on basic

15

case management issues, such as the negotiation of pretrial orders, and to structure and streamline

16

communication with the Court on behalf of all plaintiffs and the class they seek to represent.

17

As demonstrated below, Proposed Interim Co-Lead Counsel—both collectively and

18

individually—possess the requisite expertise to lead the VFX and Animation Actions. Proposed Interim

19

Co-Lead Counsel's track record in other complex litigation demonstrates that they can be counted on to

20

dedicate the time and resources required of Interim Co-Lead Counsel under Rule 23(g). Each firm has

21

spent decades prosecuting complex antitrust class action cases similar to these actions, and each has a

22

history of winning landmark verdicts and negotiating favorable settlements for their clients. Proposed

23

Interim Co-Lead Counsel have already undertaken substantial investigation into the industry and

24

25

---

26

[1] "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. In cases involving overlapping, duplicative, or competing suits in other federal courts or in state courts, the lawyers may stipulate to the appointment of a lead interim counsel and a steering committee to act for the proposed class. Such a stipulation leaves the court with the tasks of determining that the chosen counsel is adequate to serve as interim class counsel and making a formal order of appointment." *Id*.

27

28

defendants' alleged conspiracy and begun working with experts to analyze the conduct at issue in these cases, both confirming their commitment to plaintiffs' cause and strengthening their ability to vindicate it. Plaintiffs are represented by counsel with superior leadership abilities and the substantive knowledge necessary to prosecute these antitrust claims on behalf of plaintiffs and the class.

The proposed leadership structure results from the agreement of all plaintiffs' counsel. Courts generally favor such private ordering in appointing class counsel. *Manual* § 21.272 at 279 ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."). All plaintiffs and their counsel believe that the proposed leadership structure will best enable plaintiffs to represent the class they seek to represent. Because of this consensus, this motion is unopposed. Defendants have indicated that they will take no position on this motion. Accordingly, because the proposal satisfies Rule 23(g) and furthers its purposes, plaintiffs respectfully request that the Court grant their motion and enter the proposed stipulated Order submitted with this motion.

## II.   BACKGROUND

On September 8, 2014, Robert A. Nitsch, Jr. filed suit against defendants on behalf of himself and a class of defendants' workers in this Court. *Nitsch v. DreamWorks Animation SKG, Inc.*, Case No. 14-cv-4062-LHK. The *Nitsch* action was based, in part, on documents produced and deposition testimony given in *In re High-Tech Employee Antitrust Litigation* ("*In re High-Tech*"), Case No. 11-cv-2509-LHK (N.D. Cal.), and in part on counsels' investigation into the visual effects and animation industry. Shortly thereafter, two additional actions were filed in this District alleging the same conspiracy: *Cano v. Pixar*, Case No. 14-cv-4203-LHK, and *Wentworth v. Lucasfilm Ltd. LLC*, Case No. 14-cv-4422-LHK. The Court subsequently found that the cases were related to *In re High-Tech* and to each other. *See Nitsch*, Dkt. 12; *Cano*, Dkt. No. 9; *Wentworth*, Dkt. No. 26. In these actions, plaintiffs allege that defendants entered into agreements not to recruit actively each other's workers and to suppress the wage and salary ranges of their workers.

Since the three cases were filed, counsel in all three cases have worked cooperatively to prepare the case for the first Case Management Conference scheduled for November 5, 2014. Plaintiffs' counsel promptly moved to relate the cases to the *High-Tech* case and to consolidate the cases. Plaintiffs' counsel

Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel

have coordinated their efforts and spoken with one voice, and by so doing, have been able to confer with defendants, develop a proposed schedule for the litigation, prepare a Joint Case Management Statement, and draft and negotiate proposed orders, including a protective order and an expert discovery stipulation, to govern the cases.

Plaintiffs previously moved to consolidate the three VFX and Animation Actions. *See Nitsch*, Dkt. No. 31; *Cano*, Dkt. No. 30; *Wentworth*, Dkt. No. 28. Plaintiffs now move the Court for an order permitting these cases to proceed under their agreed-upon leadership structure.

## III.  ARGUMENT

### A.  The Court Should Appoint Interim Co-Lead Counsel Before Class Certification

#### 1.  The Standards Under Rule 23(g)

Under Rule 23(g)(3), a court has discretion whether to appoint class counsel before class certification.[2] In cases where "multiple overlapping and duplicative class actions" are pending, designation of interim class counsel is "probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006). A court considering the appointment of interim class counsel must consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The focus in appointing interim class counsel should be the best interests of the parties and the Court.[3]

---

[2] A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id*.

[3] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See Air Cargo,* 240 F.R.D. at 57 ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.,* No. 06-cv-345, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

### 2.      Private Ordering Among Counsel Is Encouraged

The most common and desirable means of selecting class counsel is "private ordering." *Manual* § 21.272 at 279. That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. *Manual* § 10.22 at 24.

### B.      Appointment of Interim Co-Lead Counsel Will Benefit the Plaintiffs' Prosecution of Their Claims

Given the complexity of the antitrust claims at issue in these actions, it is appropriate for the Court to appoint three individuals and their respective firms as Interim Co-Lead Counsel. These attorneys and their firms have significant experience working effectively within such structures. *See, e.g., In re Domestic Drywall Antitrust Litig.*, No. 13-md-2437, Dkt. No. 2 (E.D. Pa. Apr. 11, 2013) (three-firm structure with Cohen Milstein as one of the co-lead counsel); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, No. 14-md-2508, Dkt. No. 67 (E.D. Tenn. May 20, 2014) (same); *The Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, Dkt. No. 69, No. 10-cv-14360 (E.D. Mich. May 29, 2012) (same, with four co-lead firms). Indeed, the proposed structure, and larger ones, are commonplace in complex antitrust class actions, particularly when there are many defendants. *See, e.g., In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420-YGR, Dkt. No. 194, 229 (N.D. Cal. May 17, 2013 and July 10, 2013) (appointing three firms as interim co-lead counsel, one firm as liaison counsel, and a seven-firm steering committee); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 4:02-md-01486-PJH, Dkt. No. 572 (N.D. Cal. Sept. 20, 2005), (appointing four firms as co-lead counsel for indirect purchasers); *In re Methionine Antitrust Litig.*, No. 00-md-01311-CRB, Dkt. No. 5 (N.D. Cal. Feb. 23, 2000) (four firms appointed as co-lead class counsel); *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-02409-WGY, Dkt. 85 at 5-6 (D. Mass. Jan. 16, 2013) (appointing four firms as interim co-lead counsel and six firms to an executive committee); *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-02472-S-PAS, Dkt. 85 at 2-5 (D.R.I. Feb. 14, 2014) (appointing four firms as interim co-lead counsel).

As illustrated below, the appointment of three highly experienced antitrust lawyers and their respective firms as Interim Co-Lead Counsel will allow plaintiffs to efficiently and effectively manage

this litigation, draw on each counsel's knowledge and experience, and combine forces to litigate against formidable defendants and their counsel.

### C. Cohen Milstein, Susman Godfrey, and Hagens Berman Are Eminently Qualified to Be Interim Co-Lead Counsel

Proposed Interim Co-Lead Counsel each have extensive antitrust class action experience and have successfully litigated some of the most complex private antitrust cases in the last two decades. Their collective and respective individual litigation experience—as discussed below as well as in the firm profiles attached to the concurrently filed Declarations of Daniel A. Small, Marc M. Seltzer, and Steve W. Berman—amply demonstrates that Proposed Interim Co-Lead Counsel have extensive knowledge of the relevant law, as well as the resources for effective representation of the class and the proven ability to reach superior results for parties injured by anticompetitive practices.

#### 1. Cohen Milstein Sellers & Toll PLLC

For over 40 years, Cohen Milstein, an 80-lawyer firm based in Washington, D.C., has been one of the nation's leading plaintiffs' class action firms. The firm has litigated some of the nation's most complex class cases and has recovered billions of dollars in damages for injured plaintiffs. *See generally* Small Decl., Ex. A. In 2014, the *National Law Journal* named Cohen Milstein among "America's Elite Trial Lawyers." Similarly, *Legal 500* has ranked the firm as a "Leading Plaintiff Class Action Antitrust Firm" and *The Trial Lawyer* described Cohen Milstein as one of "America's 25 Most Influential Law Firms." In 2014, Law360.com named Cohen Milstein a "Competition Group of the Year"—the first time it has included a plaintiff-side firm in its list.

The Cohen Milstein lawyers working on this case include partners Daniel A. Small and Brent W. Johnson, along with Jeffrey B. Dubner, a senior associate. They and the attorneys in the firm's Antitrust Practice Group have served as lead counsel in many important antitrust class actions, including recently:

- ***In re Urethane Antitrust Litig.*, No. 2:04-md-01616 (D. Kan.):** Cohen Milstein is co-lead counsel on behalf of a class of direct purchasers challenging price-fixing by leading manufacturers of polyurethanes. The class secured settlements in the amount of $139 million from four defendants, and took the remaining defendant, Dow Chemical Company, to trial. The jury found in favor of the plaintiffs, awarding them over $400 million in single damages, automatically trebled to over $1 billion. According to the *National Law Journal*, this was the largest verdict in the country in 2013. The verdict was recently upheld in full by the United States Court of Appeals for the Tenth Circuit. Brent Johnson, a member of Cohen Milstein's team on the *Nitsch* Action, participated in the litigation.

- ***In re Elec. Books Antitrust Litig. ("Ebooks"), No. 11-md-2293 (S.D.N.Y.):*** Cohen Milstein serves as co-lead counsel for class plaintiffs along with Hagens Berman. Over the course of three years, plaintiffs obtained a series of settlements from Apple Inc. and defendant publishing houses whose total recovery could reach over $550 million. Shortly before the most recent settlement with Apple, plaintiffs successfully obtained class certification and the exclusion of most of Apple's expert testimony. The two firms have also coordinated extensively and productively with both the Department of Justice and a group of State Attorneys General in their coordinated litigation. Jeffrey Dubner, a member of Cohen Milstein's team on the *Nitsch* Action, is the lead associate for class plaintiffs.

- ***The Shane Group, Inc. v. Blue Cross Blue Shield of Mich., No. 10-cv-14360 (E.D. Mich.):*** Mr. Small, Mr. Johnson and Mr. Dubner serve as co-lead counsel with three other firms in this antitrust class action against Blue Cross Blue Shield of Michigan for agreeing to most-favored-nations provisions in its contracts with hospitals throughout Michigan that required those hospitals to charge other insurers as much or considerably more for services provided to insureds. Mr. Small was one of two primary negotiators of a settlement for nearly $30 million that is currently pending final approval by the Court.

Mr. Small, who is co-chair of the firm's Antitrust Practice Group, will head up the firm's efforts. He has been lead counsel in numerous antitrust cases over the last 25 years, and has recovered hundreds of millions of dollars for class members injured by antitrust violations. He has tried cases to verdict before juries and has argued cases in several appellate courts, including the United States Supreme Court. Mr. Small has particular experience in employment antitrust actions, having litigated five antitrust class actions on behalf of nurses charging their hospital employers with wage suppression conspiracies. In addition to leading or co-leading numerous antitrust class actions over the years, Mr. Small has represented the plaintiff in a competitor monopolization action and a national union as an antitrust defendant. This Court appointed Mr. Small interim co-lead counsel in *In re Google, Inc. Street View Electronic Communications Litig.*, MDL No. 2184 (N.D. Cal.), a class action under the Federal Wiretap Act. Mr. Small has been named a Washington, D.C. "Super Lawyer" for antitrust litigation and a national antitrust "Litigation Star" by Benchmark Plaintiff, and is listed in *Who's Who of Competition Lawyers & Economists* as one of the world's leading competition lawyers.

Mr. Johnson has over a decade of experience in complex antitrust litigation and class actions, many of which have involved price-fixing conspiracies. Mr. Johnson investigated and filed the first case that became *In re Domestic Drywall Antitrust Litigation*, 13-md-2437 (E.D. Pa.). He serves as part of the co-lead counsel team representing drywall purchasers in a price-fixing case against drywall

manufacturers and whose efforts recently led to a nearly $40 million settlement with a major defendant. He also served as part of the lead counsel team in *Allen v. Dairy Farmers of America* where he represented Northeast dairy farmers challenging the anti-competitive practices of the region's largest cooperative and processor and where one defendant settled for $30 million and two others for $50 million pending approval by the Court. Prior to joining Cohen Milstein, Mr. Johnson practiced at Latham & Watkins LLP for six years, where he focused on antitrust litigation.

Mr. Dubner also has extensive experience in complex antitrust class litigation. Among other cases, he served as lead associate in the *Ebooks* case discussed above. He was recently named a "Rising Star" by in Washington, D.C. by *Super Lawyers*. Prior to joining Cohen Milstein in 2012, Mr. Dubner served as a law clerk to the Hon. Guido Calabresi on the United States Court of Appeals for the Second Circuit and the Hon. John G. Koeltl on the United States District Court for the Southern District of New York.

### 2.     Susman Godfrey L.L.P.

Since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of antitrust class actions and other complex commercial disputes in courts throughout the country. Susman Godfrey's practice is dedicated exclusively to litigating and trying lawsuits. The firm has represented clients in some of the largest and most complex cases ever litigated and has demonstrated that it has the ability and resources to handle those cases effectively and efficiently. Susman Godfrey's experience is not confined to a single practice area. Rather, the firm has successfully represented its clients in a wide range of complex commercial disputes, including antitrust and securities class actions. Susman Godfrey's experience is more fully detailed in its firm resume attached as Exhibit A to the Declaration of Marc M. Seltzer ("Seltzer Declaration"), filed concurrently herewith.

Susman Godfrey's experiences, track record of success and staying power are reflected in its wide recognition as one of the nation's leading trial firms, including by *The American Lawyer* in its first-ever "Litigation Boutique of the Year" competition and, more recently, by being named in 2014 to *National Law Journal*'s "America's Elite Trial Lawyers" list. The firm's lawyers are consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice. Susman Godfrey currently has just over one hundred lawyers nationwide in its five offices, over 90% of whom served in federal judicial

clerkships after law school. Seven of Susman Godfrey's attorneys have clerked at the highest level—for Justices of the United States Supreme Court.

Susman Godfrey's success in trying antitrust cases has made the firm one of the most trusted and sought-after firms in the country for Sherman Act class actions. Susman Godfrey has tried more than a dozen significant antitrust cases to a jury, yielding over $1 billion in verdicts, and has been appointed to serve as lead or co-lead counsel in numerous antitrust class actions, including:

- *In re Automotive Parts Antitrust Litigation* (E.D. Mich., appointed 2012)

- *In re Crude Oil Commodity Futures Litigation* (S.D.N.Y. 2012)

- *In re LIBOR-Based Fin. Instruments Antitrust Litigation* (S.D.N.Y. 2011)

- *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y. 2011)

- *Behrend v. Comcast Corp.* (E.D. Pa. 2010)

- *In re Korean Air Lines Co. Antitrust Litigation* (C.D. Cal. 2008)

- *In re Processed Egg Products Antitrust Litigation* (E.D. Pa. 2008)

- *In re Vitamin C Antitrust Litigation* (E.D.N.Y. 2006)

- *White v. Nat'l Collegiate Athletic Ass'n* (C.D. Cal. 2006)

- *In re Ready-Mixed Concrete Antitrust Litigation* (S.D. Ind. 2005)

- *In re Universal Serv. Fund Tel. Billing Practices Litigation* (D. Kan. 2004)

- *In re Lease Oil Antitrust Litigation* (S.D. Tex. 1999)

- *In re Vitamins Antitrust Litigation* (D.D.C. 1999)

- *In re Commercial Explosives Antitrust Litigation* (D. Utah 1996)

Marc M. Seltzer, one of Susman Godfrey's most senior lawyers and resident head of the firm's Los Angeles office, will oversee the firm's trial efforts in this litigation. Mr. Seltzer has practiced law for more than forty years, litigating complex business law cases in state and federal courts throughout the United States. Mr. Seltzer has been appointed to serve as lead counsel for the plaintiffs in numerous antitrust and other class action cases. Mr. Seltzer teamed with Stephen D. Susman in prosecuting the *In re Corrugated Container Antitrust Litigation* and the *In re Vitamin Antitrust Litigation*. The latter litigation was settled pursuant to agreements that made more than $1.05 billion available to the class. Just last year, Mr. Seltzer was named a Law360 "Class Action MVP," one of only three attorneys named

nationwide. Mr. Seltzer was recognized for, among other achievements, serving as one of three co-lead counsel who helped to obtain an unprecedented settlement valued at approximately $1.6 billion in the Toyota unintended acceleration lawsuit (*In re Toyota Motor Corp. Unintended Acceleration Marketing Sales Practices, and Product Liability Litigation*)—a case in which he served as co-lead counsel with Steve Berman of Hagens Berman. Mr. Seltzer has also represented parties in securities, intellectual property, and other complex commercial litigation. Mr. Seltzer is a Life Member of the American Law Institute and is also a member of the Advisory Board of the American Antitrust Institute.

Susman Godfrey partners Steven Sklaver and Matthew Berry, and associate John Schiltz, will be included on the Susman Godfrey team. They likewise collectively enjoy extensive antitrust and class action experience. Mr. Sklaver, along with Mr. Seltzer, represented the class in *White, et al. v. NCAA*, an antitrust class action alleging that the NCAA violated the federal antitrust laws by restricting amounts of athletic-based financial aid to student athletes. The NCAA settled and paid made available $218 million for use by current student-athletes to cover the costs of attending college and $10 million to cover educational and professional development expenses for former student-athletes. Mr. Berry is part of the Susman Godfrey team that was appointed interim co-lead counsel representing over-the-counter plaintiffs in the LIBOR putative class action currently pending in the Southern District of New York. Mr. Schiltz just completed his service as a law clerk to the Hon. David M. Ebel of the United States Court of Appeals for the Tenth Circuit. In line with Susman Godfrey's longstanding commitment to provide its newest lawyers significant responsibility and trial court experience from day one, Mr. Schiltz is expected to play a significant role throughout the course of this litigation. *See* Guidelines for Pretrial Conference in Jury Trials of Judge Lucy H. Koh, Jan. 3, 2011, at 6 ("Opportunities for Junior Lawyers").

Further details about the experiences and background of the firm and the attorneys working on this matter are set forth in the Seltzer Declaration and its attached exhibits, filed concurrently herewith.

### 3.    Hagens Berman Sobol Shapiro LLP

Hagens Berman is a sixty-lawyer firm, with offices in Seattle, Boston, Chicago, Colorado Springs, Los Angeles, New York, Phoenix, San Francisco and Washington, D.C. Since its founding in 1993, Hagens Berman has represented plaintiffs in a broad spectrum of complex, multi-party antitrust cases. Hagens Berman was named to *The National Law Journal's* Plaintiffs' Hot List in 2006, 2007 and

each of the years 2009 to 2013. In 2014, The *National Law Journal* named Hagens Berman to its inaugural list of America's Elite Trial lawyers – a compilation of the nation's leading firms bringing about significant change and major plaintiffs' settlements in complex litigation.

The attorneys principally responsible for this litigation will include Steve Berman, managing partner, Jeff Friedman and Shana Scarlett. Recent examples of the success of Hagens Berman's lead counsel experience in complex antitrust cases include:

- ***In re Electronic Books Antitrust Litig.*, No. 11-md-2293 (S.D.N.Y.):** As described above, Hagens Berman and Cohen Milstein are co-lead counsel in this complex piece of litigation involving six defendants, 33 State Attorneys General and the Department of Justice. Settlements in the case could total over $550 million, representing recovery of approximately double class members' damages.

- ***In re DRAM Antitrust Litig.*, No. 02-md-01486 (N.D. Cal.):** The firm played a key role in this class-action suit against the leading DRAM (Dynamic Random Access Memory) manufacturers, claiming the companies secretly agreed to reduce the supply of DRAM, which artificially raised prices. DRAM is a necessary component in a wide variety of electronics including personal computers, cellular telephones, digital cameras, and many other devices, and the class included equipment manufacturers, franchise distributors, and smaller-volume customers who purchased DRAM. The case settled for $345 million.

- ***In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.):** Hagens Berman helped lead this record-breaking antitrust case against credit card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion. The suit challenged charges imposed in connection with debit cards. As co-lead counsel in this matter, the firm assisted in setting strategy and providing oversight on all aspects of the case.

Mr. Berman, the managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions, and complex litigations throughout the country. For example, Mr. Berman was the lead trial lawyer in *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.). He tried the class case against four manufacturers and successfully argued the appeal from the trial before the First Circuit. Mr. Berman was also the lead counsel in *New England Carpenters v. First DataBank, et al.*, No. 05-11148-PBS (D. Mass.), on behalf of a nationwide class of private payors that purchased prescription brand name drugs. Hagens Berman achieved a $350 million settlement eleven days before trial was scheduled to start. Mr. Berman was also lead counsel in *In re Charles Schwab Corp. Securities Litigation*, No. 08-cv-01510 (N.D. Cal.), a securities class action before the Hon. William Alsup, United States District Court,

Northern District of California, that settled while arguing *in limine* motions for approximately $235

million or a 42.5 percent of recovery for the federal class and an 80 percent recovery for the California

class, once again on the eve of trial. Recently, in *In re Toyota Motor Corp. Unintended Acceleration*

*Marketing, Sales Practices, and Products Liability Litigation*, No. 10-md-2151 (C.D. Cal.), Judge James

V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge Selna was

assigned the Toyota MDL. Perhaps most notable is Mr. Berman's role as a special assistant attorney

general for the states of Washington, Arizona, Illinois, Indiana, New York, Alaska, Idaho, Ohio, Oregon,

Nevada, Montana, Vermont, and Rhode Island in the landmark Tobacco Litigation. That case resulted in

the largest settlement in history, a settlement that occurred while Mr. Berman was in trial in *State of*

*Washington v. Philip Morris, et al.*

Mr. Friedman is a member of Hagens Berman and a former Assistant United States Attorney

("AUSA"), Criminal Division, for the United States Attorney's Office, Central District of California. As

an AUSA, Mr. Friedman tried numerous jury trials and prosecuted complex white collar fraud cases and

large narcotics organizations. Mr. Friedman's experience as lead or co-lead counsel in cases in the media

and technology sector includes: *In re Electronic Books Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.), *In*

*re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-cv-2143-RS (N.D. Cal.), *In re Lithium-Ion Batteries*

*Antitrust Litig.*, No. 13-md-2420 (N.D. Cal.), and *Edwards v. Nat'l Milk Producers Federation, et al.*,

No. 11-cv-04766 (N.D. Cal.). Mr. Friedman has also been extensively involved in the firm's

representation of government entities, successfully recovering hundreds of millions of dollars for these

cash-strapped entities. A recent series of cases include government entities seeking to recover monies

wrongfully paid due to a scheme McKesson Corp. perpetrated. These cases include the *San Francisco*

*Health Plan v. McKesson Corp.*, No. 1:08-cv-10843-PBS (D. Mass.); *State of Utah v. McKesson Corp.*,

No. 10-cv-04743-SI (N.D. Cal.); *The Commonwealth of Virginia v. McKesson Corp. et al.*, No. 11-cv-

02782-SI (N.D. Cal.) and; *State of Oregon v. McKesson Corp.*, No. 11-cv-5384-SI (N.D. Cal.).

Ms. Scarlett specializes in antitrust and unfair competition laws, and has been recognized as a

leading attorney in the antitrust bar in Northern California. From 2009 through 2011, Northern California

*Super Lawyer* recognized Ms. Scarlett as a Rising Star of the Northern California Bar; in 2013 and 2014,

she was recognized as a Northern California Super Lawyer. Ms. Scarlett is actively involved in the

antitrust bar, serving on the executive committee of the Antitrust Section of the Bar Association of San Francisco alongside representatives of the U.S. Department of Justice and the California State Attorney General. Examples of Ms. Scarlett's recent cases include: *In re Electronic Books Antitrust Litig.*, No. 11-md-2293 DLC (S.D.N.Y.) (resulting in a possible $550 million in recovery to consumers); *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-2143 RS (N.D. Cal.) (litigation pending); *In re Lithium-Ion Batteries Antitrust Litig.*, No. 13-md-2420 (N.D. Cal.) (litigation pending); and *Pecover v. Electronic Arts, Inc*., No. 08-cv-02820-CW (N.D. Cal.) (settlement of $27 million for indirect purchaser class).

### D. Proposed Interim Co-Lead Counsel Have Undertaken All the Investigation and Research Underpinning the VFX and Animation Actions

Rule 23(g)(A)(1)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Counsel have invested substantial time and effort into researching the claims, analyzing the industry, and determining the scope of the conspiracy. Although the investigation of the case was spurred by documents and testimony produced in *In re High-Tech*, it reached far beyond that information. Before the first complaint was filed, counsel interviewed dozens of industry participants to confirm the theory of the case, develop the allegations, and understand the industry. Indeed, a portion of Defendants' anticompetitive behavior—their agreement to suppress wage and salary ranges—was unearthed solely through independent investigation that involved contact with numerous industry participants. These investigations have continued since the three cases were filed. Proposed Interim Co-Lead Counsel have also retained a leading expert to begin studying class member compensation and possible methods and data sources for assessing the conspiracy's impact and damages.

### E. Proposed Interim Co-Lead Counsel Already Have Organized Plaintiffs' Counsel and Managed the Litigation Effectively

Shortly after these actions were filed, Cohen Milstein, Susman Godfrey, and Hagens Berman began working together to present a cohesive, coordinated front in dealings with defendants. Since the filing of their respective cases, they have engaged defendants and their counsel in all steps required under Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

1

2

### F.    Proposed Interim Co-Lead Counsel Have Substantial Experience in Leading the Prosecution of Antitrust Class Actions

Rule 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." As set forth above and in the firm profiles attached to the Small, Seltzer, and Berman Declarations, Proposed Interim Co-Lead Counsel have decades of substantial experience prosecuting complex class action antitrust litigation on behalf of a wide variety of plaintiffs, including employees alleging that their employers conspired to suppress wages.

### G.    Proposed Interim Co-Lead Counsel Have the Requisite Knowledge and Expertise to Prosecute this Price-Fixing Action

Rule 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. This consideration is essential in the context of a complex antitrust case such as the present one. Proposed Interim Co-Lead Counsel are well versed in antitrust law and in prosecuting cartel cases in particular. Indeed, a significant amount of the Proposed Interim Co-Lead Counsel's overall respective caseloads and practices is dedicated to prosecuting both federal and state antitrust law claims in courts throughout the nation, and their successes in these cases have significantly advanced the law. *See* Small Decl., Ex. A; Seltzer Decl., Ex. A; Berman Decl., Ex. A.

### H.    Proposed Interim Co-Lead Counsel Will Commit the Time, Staffing, and Monetary Resources Necessary to Prosecute These Actions

By bringing the VFX and Animation Actions, plaintiffs face a lengthy, logistically complex, and resource-intensive fight. Defendants include some of the largest entertainment corporations in the world and are represented by some of the most experienced and talented defense counsel in the United States. As with any complex antitrust class action, the economic issues in these cases will require substantial expert analysis, and discovery is likely to entail millions of documents and scores of depositions. Counsel chosen to prosecute the plaintiff class's claims must be able to dedicate significant resources to advance the class's claims. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

Proposed Interim Co-Lead Counsel have the necessary roster of talented attorneys and capable professional staff, and the monetary resources, to advance the class's interests efficiently and

aggressively and to pursue all necessary avenues of discovery. *See* Small Decl., Ex. A; Seltzer Decl., Ex. A; Berman Decl., Ex. A. This case will likely require the expenditure of millions of dollars in expenses and attorney time in opposition to the very substantial law firms and corporate treasuries arrayed against them. Together, Proposed Interim Co-Lead Counsel comprise a leadership structure equal to the challenges they will face in this litigation, while at the same time ensuring that the actions progress in the most efficient and professional manner. The firms have collaborated productively on cases in the past, such as Hagens Berman and Cohen Milstein's successful joint representations of class plaintiffs in the *Ebooks* and the *Lithium Ion Batteries* matters, and Susman Godfrey and Hagens Berman's successful joint representation of the class in the *Toyota Unintended Acceleration* litigation. They will do so again here.

## IV.    Conclusion

For the forgoing reasons, Plaintiffs respectfully submit that the Court should appoint as Plaintiffs' Interim Co-Lead Counsel Daniel A. Small of Cohen Milstein, Marc M. Seltzer of Susman Godfrey, and Steve W. Berman of Hagens Berman, and their respective firms.

Dated: October 31, 2014

Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC

By:      */s/ Daniel A. Small*
         Daniel A. Small

Daniel A. Small (*pro hac vice*)
Brent W. Johnson (*pro hac vice*)
Jeffrey B. Dubner (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Suite 500
Washington, DC 20005
Telephone:  (202) 408-4600
Fax:           (202) 408-4699
Email:       dsmall@cohenmilstein.com
                bjohnson@cohenmilstein.com
                jdubner@cohenmilstein.com

George Farah, *pro hac vice*
Matthew Ruan (State Bar No. 264409)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:  (212) 838-7797
Fax:          (212) 838-7745
Email:        gfarah@cohenmilstein.com
                  mruan@cohenmilstein.com

*Attorneys for Plaintiff Robert A. Nitsch, Jr.*


SUSMAN GODFREY L.L.P

By _____ */s/ Marc M. Seltzer* _____
                  Marc M. Seltzer

Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone:   (310) 789-3100
Fax:          (310) 789-3150
Email:        mseltzer@susmangodfrey.com
                  ssklaver@susmangodfrey.com

Matthew R. Berry (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 3rd Avenue, Suite 3800
Seattle, WA  98101
Telephone:  (206) 373-7394
Fax:          (206) 516-3883
Email:        mberry@susmangodfrey.com

*Attorneys for Plaintiff Georgia Cano*


HAGENS BERMAN SOBOL SHAPIRO LLP


By _____ */s/ Steve W. Berman* _____
                  Steve W. Berman

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300

Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Seattle, WA 98101
Telephone:   (206) 623-7292
Fax:            (206) 623-0594
Email:         steve@hbsslaw.com

Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:   (510) 725-3000
Fax:            (510) 725-3001
Email:         jefff@hbsslaw.com
                    shanas@hbsslaw.com

*Attorneys for Plaintiff David Wentworth*

Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel