1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

8

9

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | Master Docket No. 14-CV-4062-LHK |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | PLAINTIFFS' STATEMENT IN FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPOINTMENT OF PLAINTIFFS' INTERIM CO-LEAD CLASS COUNSEL |

10

11

12

13

14

15

16          Pursuant to the November 6, 2014 Case Management Order (Doc. No. 44), plaintiffs

17  Robert A. Nitsch, Jr., Georgia Cano, and David Wentworth respectfully submit this joint

18  statement in further support of their unopposed motion for the appointment of plaintiffs' interim

19  co-lead class counsel.  The three proposed firms to lead this litigation have been at the forefront

20  of representing class members over the past two decades.  Each has successfully litigated large

21  class action cases through trial.  And our enduring success has been inextricably intertwined with

22  our efficiency.  Unlike hourly defense work by our colleagues, where the model incentivizes a

23  one-for-one return on every incremental hour billed - not contingent on outcome - we are entirely

24  tied to outcome risks, and the quality of our results dictate whether and how much our firms get

25  paid.   The number of lawyers and hourly rates of the opposing counsel we face almost always

26  exceed ours.  This is due to the efficiencies required and incentives that are built into the differing

27  models.  And our class cases are entirely self-funded, making later cases dependent on the success

28  we achieve in those before.  In sum, highly successful and durable firms such as ours are stewards

3408587v1/014501

1   over the interests of class members, including the dedication of resources on their behalf. We

2   must be - and are - continuously mindful both as to overstaffing and understaffing. If too

3   unbalanced on either side of the ledger it will be counter-productive given the economics of

4   contingency practice.

5   　　　As discussed at the hearing, plaintiffs' counsel will be incentivized to litigate the case

6   efficiently and in a cost effective manner and, as explained below, have agreed upon specific

7   measures to make that a reality.

8   **I.  Plaintiffs' Counsel Assigned to the Matter**

9   **A.  Cohen Milstein Sellers & Toll PLLC**

10   　　　The Cohen Milstein attorneys who will work on this matter are identified below along

11   with a summary of their experience and background. Further details about the experience and

12   background of the firm and the attorneys working on this matter are set forth in the Small

13   Declaration and its attached exhibits, filed concurrently with the Unopposed Motion to Appoint

14   Interim Co-Lead Counsel (Doc. No. 37-3).

15   　　　*a.  Daniel A. Small (partner)*

16   　　　Mr. Small, who is co-chair of the firm's Antitrust Practice Group, will head up the firm's

17   efforts. He has been lead counsel in numerous antitrust cases over the last 25 years, and has

18   recovered hundreds of millions of dollars for class members injured by antitrust violations. He

19   has tried cases to verdict before juries and has argued cases in several appellate courts, including

20   the United States Supreme Court. Mr. Small has particular experience in employment antitrust

21   actions, having litigated five antitrust class actions on behalf of nurses charging their hospital

22   employers with wage suppression conspiracies. In addition to leading or co-leading numerous

23   antitrust class actions over the years, Mr. Small has represented the plaintiff in a competitor

24   monopolization action and a national union as an antitrust defendant. This Court appointed Mr.

25   Small interim co-lead counsel in *In re Google, Inc. Street View Electronic Communications*

26   *Litigation*, MDL No. 2184 (N.D. Cal.), a class action under the Federal Wiretap Act. Mr. Small

27   has been named a Washington, D.C. "Super Lawyer" for antitrust litigation and a national

28   antitrust "Litigation Star" by Benchmark Plaintiff, and is listed in *Global Competition Review's*

3408587v1/014501

1    *Who's Who of Competition Lawyers & Economists* as one of the world's leading competition

2    lawyers.

3                    *b.   Brent W. Johnson (partner)*

4           Mr. Johnson has over a decade of experience in complex antitrust litigation and class

5    actions, many of which have involved price-fixing conspiracies.  Mr. Johnson investigated and

6    filed the first case that became *In re Domestic Drywall Antitrust Litigation*, No. 13-md-2437

7    (E.D. Pa.).  He serves as part of the co-lead counsel team representing drywall purchasers in a

8    price-fixing case against drywall manufacturers and whose efforts recently led to a nearly $40

9    million settlement with a major defendant.  He also served as part of the lead counsel team in

10   *Allen v. Dairy Farmers of America* where he represented Northeast dairy farmers challenging the

11   anti-competitive practices of the region's largest cooperative and processor and where one

12   defendant settled for $30 million and two others for $50 million pending approval by the Court.

13   Prior to joining Cohen Milstein, Mr. Johnson practiced at Latham & Watkins LLP for six years,

14   where he focused on antitrust litigation.

15                   *c.   Jeffrey B. Dubner (senior associate)*

16          Mr. Dubner also has extensive experience in complex antitrust class litigation. Among

17   other cases, he served as lead associate in *In re Electronic Books Antitrust Litigation*, No. 11-md-

18   2293 (S.D.N.Y.).  He was recently named a "Rising Star" by in Washington, D.C. by *Super*

19   *Lawyers*. Prior to joining Cohen Milstein in 2012, Mr. Dubner served as a law clerk to the Hon.

20   Guido Calabresi of the United States Court of Appeals for the Second Circuit and the Hon. John

21   G. Koeltl of the United States District Court for the Southern District of New York.

22                   *d.  Daniel Silverman (associate)*

23          Mr. Silverman also has significant experience in complex antitrust litigation, with

24   particular expertise in economic analysis.  Prior to joining Cohen Milstein, he served as the

25   Executive Director of Legal Economics, LLC, a firm specializing in the analysis of complex

26   economic issues arising in legal cases, where he supported expert economic testimony in a variety

27   of antitrust matters.  Mr. Silverman graduated *magna cum laude* from Harvard Law School in

28   June 2010.

3408587v1/014501

**B.  Susman Godfrey L.L.P.**

The Susman Godfrey attorneys who will work on this matter are identified below along with a summary of their experience and background.  Further details about the experience and background of the firm and the attorneys working on this matter are set forth in the Seltzer Declaration and its attached exhibits, filed concurrently with the Unopposed Motion to Appoint Interim Co-Lead Counsel (Doc. No. 37-1).

*a.  Marc M. Seltzer (partner)*

Marc M. Seltzer, one of Susman Godfrey's most senior lawyers and resident head of the firm's Los Angeles office, will oversee the firm's efforts in this litigation.  Mr. Seltzer graduated from the UCLA School of Law in 1972, and has practiced law in California for more than forty years, litigating complex commercial cases in state and federal courts throughout the United States.  He has many years of experience representing both plaintiffs and defendants in complex cases, including antitrust class action cases.  Mr. Seltzer has also tried antitrust cases to a verdict. Mr. Seltzer's many years of experience in prosecuting antitrust class actions began in the late 1970s when, while at his former firm, he teamed with Stephen D. Susman in prosecuting the *In re Corrugated Container Antitrust Litigation.*  Later he was one of the principal lawyers in the firm representing plaintiffs in the *In re Vitamin Antitrust Litigation,* where Susman Godfrey was one of three co-lead counsel for plaintiffs.  The latter litigation was settled pursuant to agreements that made more than $1.05 billion available to the class.  More recently, Mr. Seltzer was appointed by the Court to serve as one of plaintiffs' co-lead counsel in the *Korean Air Lines Antitrust Litigation*, which settled last year for a total of $86 million in cash and travel vouchers.  In December 2013, Mr. Seltzer was named a Law360 "Class Action MVP," one of only three attorneys named nationwide.  Mr. Seltzer was recognized for, among other achievements, his work as one of three co-lead class counsel who helped to obtain an unprecedented settlement valued at approximately $1.6 billion in the *In re Toyota Motor Corp. Unintended Acceleration Marketing Sales Practices, and Product Liability Litigation*—a case in which he served as co-lead counsel with Steve Berman of Hagens Berman.  Early this year, Mr. Seltzer was named as one of the world's leading antitrust attorneys by *Global Competition Review*.  As noted above,

4

3408587v1/014501

1   Mr. Seltzer has also been retained to represent defendants in antitrust class action litigation,

2   including Universal Studios.  Mr. Seltzer is active in many professional organizations and a Life

3   Member of the American Law Institute.  He is also a member of the Advisory Board of the

4   American Antitrust Institute.

5                *b.   Steven G. Sklaver (partner)*

6        Mr. Sklaver has practiced law for more than fifteen years. Mr. Sklaver has many years of

7   experience prosecuting antitrust class actions.  Mr. Sklaver, along with Mr. Seltzer, represented

8   the class in *White, et al. v. NCAA*, an antitrust class action alleging that the NCAA violated the

9   federal antitrust laws by restricting amounts of athletic-based financial aid to student athletes.

10  The NCAA settled and made available $218 million for use by current student-athletes to cover

11  the costs of attending college and $10 million to cover educational and professional development

12  expenses for former student-athletes.  Mr. Sklaver, along with Mr. Seltzer, is co-lead counsel in

13  *In re Automotive Parts Antitrust Litigation*, No. 12-md-2311 (E.D. Mich.) on behalf of a class of

14  end-payor purchasers of automobiles and replacements automotive parts, which stems from the

15  largest ever criminal investigation by the Antitrust Division of the Department of Justice.  Mr.

16  Sklaver also oversees the firm's efforts as members of the Steering Committee in *In re Lithium-*

17  *Ion Batteries Antitrust Litig.,* No. 13-md-2420 (N.D. Cal.).  Mr. Sklaver has also been retained to

18  represent a large opt-out plaintiff in the LCD antitrust class action cases, in *SB Liquidation Trust*

19  *v. AU Optronics Corp. et al.*, MDL No. 1827 SI (Case No. CV 10-5458).  Mr. Sklaver graduated

20  *cum laude* from Dartmouth College, *magna cum laude* and Order of the Coif from Northwestern

21  University School of Law, served as a law clerk for the Hon. David M. Ebel of the United States

22  Court of Appeals for the Tenth Circuit, and later worked at Cooley LLP before joining the firm.

23                *c.   Matthew R. Berry (partner)*

24       Mr. Berry graduated with high honors from the University of Washington School of Law

25  where he was an executive editor of the Washington Law Review and Vice President of the Moot

26  Court Honor Board.  He clerked for the Hon. Stephen S. Trott of the United States Court of

27  Appeals for the Ninth Circuit, and then joined Susman Godfrey's Seattle office.  Mr. Berry is

28  currently part of the Susman Godfrey team that was appointed interim co-lead counsel

STATEMENT IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Master Docket No. 14-CV-4062-LHK

3408587v1/014501

1    representing over-the-counter plaintiffs in the LIBOR MDL litigation currently pending in the

2    Southern District of New York.  He was selected as a Washington "Super Lawyer" in 2013 and

3    2014.

4         d.  *John Schiltz (associate)*

5         Mr. Schiltz just completed his service as a law clerk to the Hon. David M. Ebel of the

6    United States Court of Appeals for the Tenth Circuit.   In line with Susman Godfrey's

7    longstanding commitment to provide its newest lawyers significant responsibility and trial court

8    experience from day one, Mr. Schiltz is expected to play a significant role throughout the course

9    of this litigation.  *See* Guidelines for Pretrial Conference in Jury Trials of Judge Lucy H. Koh,

10   Jan. 3, 2011, at 6 ("Opportunities for Junior Lawyers").

11   **C.  Hagens Berman Sobol Shapiro LLP**

12        The Hagens Berman attorneys who will work on this matter are identified below along

13   with a summary of their experience and background.  Further details about the experiences and

14   background of the firm and the attorneys working on this matter are set forth in the Berman

15   Declaration and its attached exhibits, filed concurrently with the Unopposed Motion to Appoint

16   Interim Co-Lead Counsel (Doc. No. 37-2).

17        a.  *Steve Berman (partner)*

18        Mr. Berman, the managing partner of Hagens Berman, has served as lead or co-lead

19   counsel in antitrust, securities, consumer, products liability, and employment class actions, and

20   complex litigations throughout the country.  For example, Mr. Berman was the lead trial lawyer

21   in *In re Pharm. Indus. Average Wholesale Price Litig*., MDL No. 1456 (D. Mass.).  He tried the

22   class case against four manufacturers and successfully argued the appeal from the trial before the

23   First Circuit.   Mr. Berman was also the lead counsel in *New England Carpenters v. First*

24   *DataBank, et al*., No. 05-11148-PBS (D. Mass.), on behalf of a nationwide class of private payors

25   that purchased prescription brand name drugs.   Hagens Berman achieved a $350 million

26   settlement eleven days before trial was scheduled to start.  Mr. Berman was also lead counsel in

27   *In re Charles Schwab Corp. Securities Litigation*, No. 08-cv-01510 (N.D. Cal.), a securities class

28   action before the Hon. William Alsup, United States District Court, Northern District of

3408587v1/014501

1   California, that settled while arguing *in limine* motions for approximately $235 million or a 42.5

2   percent of recovery for the federal class and an 80 percent recovery for the California class, once

3   again on the eve of trial.   Recently, in *In re Toyota Motor Corp. Unintended Acceleration*

4   *Marketing, Sales Practices, and Products Liability Litigation*, No. 10-md-2151 (C.D. Cal.), Judge

5   James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge

6   Selna was assigned the Toyota MDL.   Perhaps most notable is Mr. Berman's role as a special

7   assistant attorney general for the states of Washington, Arizona, Illinois, Indiana, New York,

8   Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark

9   Tobacco Litigation.   That case resulted in the largest settlement in history, a settlement that

10  occurred while Mr. Berman was in trial in *State of Washington v. Philip Morris, et al*.

11              *b.   Jeff Friedman (partner)*

12       Mr. Friedman is a member of Hagens Berman and a former Assistant United States

13  Attorney ("AUSA"), Criminal Division, for the United States Attorney's Office, Central District

14  of California. As an AUSA, Mr. Friedman tried numerous jury trials and prosecuted complex

15  white collar fraud cases and large narcotics organizations.   Mr. Friedman's experience as lead or

16  co-lead counsel in cases in the media and technology sector includes: *In re Electronic Books*

17  *Antitrust Litig*., No. 11-md-02293 (S.D.N.Y.), *In re Optical Disk Drive Prods. Antitrust Litig*.,

18  No. 10-cv-2143-RS (N.D. Cal.), *In re Lithium-Ion Batteries Antitrust Litig*., No. 13-md-2420

19  (N.D. Cal.), and *Edwards v. Nat'l Milk Producers Federation, et al*., No. 11-cv-04766 (N.D.

20  Cal.).   Mr. Friedman has also been extensively involved in the firm's representation of

21  government entities, successfully recovering hundreds of millions of dollars for these cash-

22  strapped entities.   A recent series of cases include government entities seeking to recover monies

23  wrongfully paid due to a scheme McKesson Corp. perpetrated.   These cases include the *San*

24  *Francisco Health Plan v. McKesson Corp*., No. 1:08-cv-10843-PBS (D. Mass.); *State of Utah v.*

25  *McKesson Corp*., No. 10-cv-04743-SI (N.D. Cal.); *The Commonwealth of Virginia v. McKesson*

26  *Corp. et al*., No. 11-cv-02782-SI (N.D. Cal.) and; *State of Oregon v. McKesson Corp*., No. 11-cv-

27  5384-SI (N.D. Cal.).

28

STATEMENT IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Master Docket No. 14-CV-4062-LHK

3408587v1/014501

1

      *c. Shana Scarlett (partner)*

2

      Ms. Scarlett specializes in antitrust and unfair competition laws, and has been recognized

3

as a leading attorney in the antitrust bar in Northern California. From 2009 through 2011,

4

Northern California *Super Lawyer* recognized Ms. Scarlett as a Rising Star of the Northern

5

California Bar; in 2013 and 2014, she was recognized as a Northern California Super Lawyer.

6

Ms. Scarlett is actively involved in the antitrust bar, serving on the executive committee of the

7

Antitrust Section of the Bar Association of San Francisco alongside representatives of the U.S.

8

Department of Justice and the California State Attorney General. Examples of Ms. Scarlett's

9

recent cases include: *In re Electronic Books Antitrust Litig*., No. 11-md-2293 DLC (S.D.N.Y.)

10

(resulting in a possible $550 million in recovery to consumers); *In re Optical Disk Drive Prods.*

11

*Antitrust Litig*., No. 10-md-2143 RS (N.D. Cal.) (litigation pending); *In re Lithium-Ion Batteries*

12

*Antitrust Litig*., No. 13-md-2420 (N.D. Cal.) (litigation pending); and *Pecover v. Electronic Arts,*

13

*Inc*., No. 08-cv-02820-CW (N.D. Cal.) (settlement of $27 million for indirect purchaser class).

14

      *d. Ashley Bede (associate)*

15

      Ms. Bede focuses on antitrust class action lawsuits and joined Hagens Berman after

16

gaining significant litigation experience at Perkins Coie LLP. She graduated cum laude from

17

Pepperdine University School of Law, where she was the editor-in-chief of the Journal of

18

Business, Entrepreneurship, & the Law and an extern to the Hon. Arthur Alarcon of the United

19

States Court of Appeals for the Ninth Circuit. Past notable cases for Ms. Bede include *In re*

20

*Electronic Books Antitrust Litig*., No. 11-md-2293 DLC (S.D.N.Y.) and *In re NCAA Grant-in-Aid*

21

*Antitrust Litig.*, No. 14-md-2541 CW (N.D. Cal.).

22

      **D. Additional Counsel to Review Voluminous Document Productions**

23

      Counsel are aware of the large volume of documents produced in the *High-Tech* action

24

and are committed to quickly and efficiently reviewing documents produced in this matter. How

25

a document review will be staffed will necessarily depend on the volume. In addition to the

26

attorneys identified above, document review work may be performed with associates or staff

27

attorneys at Cohen Milstein, Susman Godfrey, and Hagens Berman; attorneys from the law firms

28

STATEMENT IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Master Docket No. 14-CV-4062-LHK

3408587v1/014501

1   who joined in filing two of the three actions;[1] and contract attorneys.  Based on their prior

2   experience in other cases and the number of defendants involved in this litigation, plaintiffs'

3   proposed co-lead counsel believe it is likely that they will need to utilize the services of

4   approximately ten document reviewers to enable reviews to be conducted in a timely and efficient

5   manner.

6   The assignment of any lawyer not identified by name above to perform services in this

7   litigation will be subject to the approval of plaintiffs' co-lead counsel, who will also monitor the

8   status of document reviews.

9   **II. Division of Labor**

10  Plaintiffs' proposed co-lead counsel have agreed to assign one firm to manage each of the

11  three major areas of pre-trial litigation: discovery (Hagens Berman), briefing (Susman Godfrey),

12  and working with experts (Cohen Milstein).  These firms will be responsible for making work

13  assignments and overseeing that work to ensure that it is performed efficiently and without

14  duplication of effort.

15  Plaintiffs' proposed co-lead counsel have also agreed to assign primary responsibility for

16  specific tasks to a single firm.  For example, conducting discovery will be divided among the

17  firms, and a single firm will be in charge of conducting discovery against a particular defendant

18  or third-party witness.   Similarly, primary responsibility for preparing each brief (or, as

19  appropriate, major sections of a brief) will be assigned to one firm.

20  **III. Supervising Attorney**

21  Consistent with the Court's order of November 6, 2014, Daniel A. Small will serve as the

22  supervising attorney and will be ultimately responsible for managing and coordinating all

23  attorneys who work on this case. Each plaintiffs' firm that intends to seek a fee in this litigation

24  will be required to report their time and expenses on a monthly basis to the supervising attorney.

25  Those reports will be detailed in nature in conformance with the practice in other class action

26

27  [1] The Spiva Law Firm PLLC and Pillsbury & Coleman LLP are co-counsel for plaintiff in the
    *Nitsch* action.  Hammondlaw, PC and Ackermann & Tilajef PC are co-counsel for plaintiff in the

28  *Cano* action.

9

3408587v1/014501

1  litigation, such as the *Toyota* unintended acceleration class action litigation mentioned above.

2  The supervising attorney will review all time records monthly and strike any duplicative or

3  unnecessary billings.

4  **IV. Additional Measures to Ensure Efficiency**

5      Plaintiffs' proposed co-lead counsel have agreed to the following additional measures to

6  ensure the efficient and cost effective prosecution of these actions.

7      1.    As a general rule, only one attorney from a single plaintiffs' law firm will attend

8  fact depositions. Exceptions will require approval of plaintiffs' co-lead counsel.

9      2.    No more than one lawyer from one of the plaintiffs' co-lead law firms will attend

10  discovery hearings, except where deemed necessary because of special circumstances.

11      3.    No more than one lawyer from each co-lead firm will attend significant hearings,

12  such as hearings on a motions to dismiss, for class certification, or summary judgment, except

13  that the lawyer taking the lead at the hearing may also bring a more junior lawyer.

14      4.    Generally, no more than one plaintiffs' lawyer will participate in meet and confer

15  sessions with individual defendants.

16      Plaintiffs' proposed co-lead counsel are mindful of the solemn responsibilities they will

17  have to prosecute the cases in the best interests of the class should they be appointed by the Court.

18  We will be pleased to provide any other information the Court may request with respect to this

19  application.

20  DATED:   November 12, 2014            Respectfully submitted,

21                                        COHEN MILSTEIN SELLERS & TOLL
                                          PLLC
22

23                                        By: */s/ Daniel A. Small*
                                              Daniel A. Small
24                                        Attorneys for Plaintiff Robert A. Nitsch, Jr.

25
                                          SUSMAN GODFREY L.L.P.
26

27                                        By: */s/ Marc M. Seltzer*
                                              Marc M. Seltzer
28                                        Attorneys for Plaintiff Georgina Cano

10

3408587v1/014501

1

2          HAGENS BERMAN SOBOL SHAPIRO LLP

3

4          By: */s/Steve W. Berman*
                    Steve W. Berman
                    Attorneys for Plaintiff David Wentworth

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL
Master Docket No. 14-CV-4062-LHK

3408587v1/014501