UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.:14-cv-04062-LHK<br><br>**ORDER RE SEALING MOTION**<br><br>Re: Dkt. No. 79 |

Before the Court is the administrative motion to seal brought by Defendants Blue Sky Studios, Inc., Sony Pictures, Inc., and Sony Pictures Imageworks, Inc., (collectively, "Defendants") ECF No. 79. Defendants seek to redact certain exhibits filed in connection with Defendants' motion to dismiss, ECF No. 75.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

2

Case No.: 14-cv-04062-LHK
ORDER RE SEALING MOTION

is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

Motions to dismiss are typically treated as dispositive. *In re PPA Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Therefore, the Court applies the "compelling reasons" standard to Defendants' requests to redact certain information in documents filed in connection with Defendants' motion to dismiss. The Court rules on the instant motion as follows:

| **Exhibit** | **Proposed Redactions to be Made** | **Ruling** |
| --- | --- | --- |
| Exhibit A (April 22, 2005, email from Meledandri) | Redaction of name of potential employee | GRANTED as to proposed redactions. |
| Exhibit B (August 11, 2004 email from McAdams) | Redaction of names of potential employees and employees that referred the potential employees | GRANTED as to proposed redactions. |
| Exhibit C (September 29, 2005 email from McAdams) | Redaction of names and contact information for potential employee and the potential employee's references | GRANTED as to proposed redactions. |
| Exhibit D ("Competitors List") | Redaction of phone numbers for employees of Defendants and of names and contact information for employees of third parties | GRANTED as to proposed redactions. |
| Exhibit E (August 2005 emails from McAdams) | Redaction of names of potential employees, and cell phone number of Pixar employee | GRANTED as to proposed reactions. |
| Exhibit F (December 2007 emails from Catmull) | Redaction of name of third party | GRANTED as to proposed reactions. |

**IT IS SO ORDERED.**

Dated: April 3, 2015

_____

LUCY H. KOH
United States District Judge

3

Case No.: 14-cv-04062-LHK
ORDER RE SEALING MOTION