Steve W. Berman (*pro hac vice*)
Ashley A. Bede (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
ashleyb@hbsslaw.com

Daniel A. Small (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699
dsmall@cohenmilstein.com

Marc M. Seltzer (54534)
SUSMAN GODFREY L.L.P
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com

[Additional Counsel on Sig. Page]

*Interim Co-Lead Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | Master Docket No. 14-CV-4062-LHK<br><br>STIPULATION AND [~~PROPOSED~~] ORDER REGARDING SEARCH TERM PROTOCOL |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

010473-11 775193V1

**A.     General Provisions**

1.      The Parties agree to meet and confer concerning search methodologies, including without limitation, the use of key word search terms.  For any Party[1] to this litigation who chooses to use keyword search terms to collect or cull documents for production in this litigation, the following protocol shall be used for the application and testing of search terms.

2.      The parties further agree that the Guidelines for the Discovery of Electronically Stored Information ("the ESI Guidelines") and the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("the ESI Checklist") adopted by the U.S. District Court for the Northern District of California shall apply as appropriate to ESI discovery, including any meet and confer sessions regarding ESI discovery.

3.      The Parties recognize that even though a document contains one or more of the search terms identified in accordance with the procedures listed below, such document may not be responsive to any document request.  In such cases, the Responding Party is not required to produce such documents.

4.      A Responding Party choosing to use search terms to identify potentially responsive documents shall exercise reasonable due diligence in investigating and analyzing its data in providing its proposed list of search terms to the Requesting Party prior to applying the search terms. Examples of such due diligence include, but are not limited to:  identification of commonly misspelled words appearing on responsive documents or electronically stored information; identifying idiosyncratic language and terms of art utilized by a party in responsive documents and by interviewing key custodians about the same; utilizing quality control metrics; and using an iterative search approach to identify the terms most likely to locate responsive documents.

**B.     Protocol**

1.      **Document Collection**: Each Responding Party will collect documents for custodians, within a date range, and from locations agreed to between the parties or pursuant to Court order. Each Responding Party will make a good faith effort to collect documents and information for each

---

[1] As used herein, a "Requesting Party" is the party who has served Requests for Production and a "Responding Party" is the Party upon whom such Requests for Production were served.

STIP. SEARCH TERM PROTOCOL– No: 14-cv-4062-LHK           - 1 -

010473-11  775193V1

agreed-upon or court-ordered custodian within twenty-one (21) days of such agreement or court order, or as otherwise agreed as a result of a meet and confer between the relevant parties. Each party will provide, as appropriate, informal discovery consistent with Section III of the ESI Checklist for each electronic source of documents and information.

2. **Proposed Search Terms**: Within twenty-one (21) days of the Parties' agreement or a Court order regarding a Search Terms Protocol, or as otherwise agreed as a result of a meet and confer between the relevant parties, each Responding Party shall provide to the Requesting Party a list of proposed search terms to run against the custodians and locations as determined in accordance with paragraph (B)(1), above. The Parties acknowledge that developing the final Agreed Terms will be an iterative process including evaluation of search terms proposed by the Responding and Requesting Party. If a search term proposed by a Responding Party pursuant to this paragraph causes issues of privilege, relevance, overbreadth, undue burden or costs, a Responding Party is permitted to propose modifications, provided: (i) the Responding Party explains in writing the issue(s) as to each term and does so separately for each term; and (ii) that the Responding Party provides the Requesting Party with the quantitative metrics outlined in paragraph five below for the initial and proposed modified terms. The parties then shall meet and confer regarding the proposed modifications and, if unable to come to an agreement, shall follow the procedures outlined in paragraph 7 below.

3. **Additional Terms**: If the Requesting Party objects to the sufficiency of the Responding Party's proposed search terms, within twenty-eight (28) days after service of the Responding Party's list of proposed search terms, the Requesting Party may propose modifications to the Responding Party's terms or a list of additional terms, with the combination of modifications and additional terms being no more than 125 in total, subject to the paragraph regarding Additional Terms for Good Cause below.

4. **Application of Agreed Terms**: Each Responding Party will proceed with the application of (i) its own proposed search terms and (ii) the search terms from the Requesting Party's proposed search term list to which the Responding Party does not object ("Agreed Terms"). The

Parties shall meet and confer regarding the results of these searches with respect to issues such as, but not limited to privilege, relevance, overbreadth, undue burden and costs.  To the extent the parties can agree to search terms without the Court's assistance, those terms will be considered Agreed Terms and the results of these searches will then be reviewed for responsiveness and privilege, and for necessary redactions.  If the parties do not come to agreement regarding any search term, it shall be considered a Disputed Search Term subject to paragraph 5 below.

5. **Disputed Search Terms**: To the extent that a Responding Party believes that any of the remaining search terms (the "Disputed Terms") proposed by a Requesting Party are unreasonably overbroad and/or will result in the identification of disproportionate numbers of irrelevant documents, the Responding Party will identify:

(i) the aggregate hits for each of the Disputed Terms (i.e. the number of documents returned by a search term);

(ii) the number of unique hits for each of the Disputed Terms (the number of documents which contain the a particular search term, but no other);

(iii) the total number of documents returned by the Agreed Terms;

(iv) the total number of documents being searched for the Disputed Terms; and

(v) the nature and type of irrelevant documents that the search term is returning.  With respect to any search term for which the Responding Party believes that there exists a modification that will reduce the number of irrelevant documents returned by the search term, the Responding Party will meet and confer with the Requesting Party to discuss in good faith any such modification. For any terms that a Responding Party believes are burdensome, overly broad, and/or objectionable and for which there does not appear to be any modification that would resolve such issues, the Responding Party will meet and confer with the Requesting Party to discuss in good faith its objections to such search terms.  As part of that process, the Responding Party will not refuse to provide the Requesting Party with the quantitative information discussed above.

6. **Qualitative Sampling Information Regarding Disputed Terms**: In the event that the parties are unable following good faith efforts to resolve any dispute after exhausting the

Disputed Search Terms procedures set forth in Paragraph 5 above, the Requesting Party may request that random sampling be done.  If the parties cannot reach agreement, they will stipulate for the motion to be heard on shortened time under Local Rule 6-2.  This agreement is made without prejudice to plaintiffs re-raising the issue of qualitative sampling should defendants' motion(s) to dismiss the consolidated second amended complaint with prejudice be denied.

7. **Presentation to the Court**: If, after engaging in the process described above, there still remain search terms about which the Parties cannot reach agreement, the Parties agree to submit a joint discovery letter to the Court explaining their respective positions with respect to such search terms.

8. **Additional Terms for Good Cause**: Once a search term list is finalized (either though agreement of the parties or Order of the Magistrate Judge) and all iterative searches for a custodian are complete, the Requesting Party may propose additional search terms for a Responding Party to consider, but the Responding Party will have no obligation to re-search the custodian's electronic data using different or additional search terms without agreement or a court order.  The Requesting Party must show good cause for any additional proposed search terms.  If a Responding Party cannot meet any applicable deadlines for the production of documents as a result of this provision, the parties will negotiate in good faith a reasonable timeline for production or seek an order from the Court.

IT IS HEREBY STIPULATED:

DATED: April 17, 2015                         HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/ Jeff D. Friedman*
            JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

|   |   |   |
|---|---|---|
| 1 |   | Steve W. Berman (*Pro Hac Vice*) |
| 2 |   | Ashley A. Bede (*Pro Hac Vice*) |
|   |   | HAGENS BERMAN SOBOL SHAPIRO LLP |
|   |   | 1918 Eighth Avenue, Suite 3300 |
|   |   | Seattle, WA 98101 |
|   |   | Telephone: (206) 623-7292 |
|   |   | Facsimile: (206) 623-0594 |
|   |   | steve@hbsslaw.com |
|   |   | ashleyb@hbsslaw.com |

DATED: April 17, 2015        SUSMAN GODFREY L.L.P


By   */s/ Steven G. Sklaver*
        STEVEN G. SKLAVER

Marc M. Seltzer (54534)
Matthew R. Berry (237612)
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
ksrinivasan@susmangodfrey.com

Julian Ari Hammond (268489)
HAMMONDLAW, PC
1180 S Beverly Dr., Ste. 610
Los Angeles, CA 90035
Phone: (310) 601-6766
Fax: (310) 295-2385
hammond.julian@gmail.com

Craig Ackermann (229832)
ACKERMANN & TILAJEF PC
1180 S Beverly Dr., Ste. 610
Los Angeles, CA 90035
Phone: (310) 277-0614
Fax:  (310) 277-0635
cja@ackermanntilajef.com

DATED: April 17, 2015        COHEN MILSTEIN SELLERS & TOLL PLLC


By   */s/ Daniel A. Small*
        DANIEL A. SMALL

Brent W. Johnson

STIP. SEARCH TERM PROTOCOL– No: 14-cv-4062-LHK         - 5 -

010473-11 775193V1

| | | |
|---|---|---|
| 1 | | Jeffrey B. Dubner |
| 2 | | 1100 New York Ave. NW, Suite 500 |
| | | Washington, DC 20005 |
| 3 | | Telephone: (202) 408-4600 |
| | | Facsimile: (202) 408-4699 |
| 4 | | dsmall@cohenmilstein.com |
| | | bjohnson@cohenmilstein.com |
| 5 | | jdubner@cohenmilstein.com |

*Interim Co-Lead Plaintiffs' Counsel*

DATED: April 17, 2015                COVINGTON & BURLING LLP

By      */s/ Emily Johnson Henn*
             EMILY JOHNSON HENN

333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
ehenn@cov.com

*Attorneys for Defendants The Walt Disney Company, Lucasfilm Ltd., LLC, Pixar, and Two Pic MC LLC*

DATED: April 17, 2015                GIBSON DUNN & CRUTCHER LLP

By      */s/ Rod J. Stone*
             ROD J. STONE

333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rstone@gibsondunn.com

*Counsel for Defendant DreamWorks Animation SKG, Inc.*

DATED: April 17, 2015                ORRICK HERRINGTON & SUTCLIFFE LLP

By      */s/ David M. Goldstein*
             DAVID M. GOLDSTEIN

405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

sbomse@orrick.com
dgoldstein@orrick.com

*Counsel for Defendants Sony Pictures Animation Inc. and Sony Pictures Imageworks Inc.*

DATED: April 17, 2015    WILLIAMS & CONNOLLY LLP

By   */s/ Jonathan Bradley Pitt*
     JONATHAN BRADLEY PITT

725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
jpitt@wc.com

*Counsel for Defendant Blue Sky Studios, Inc.*

Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.

* * *

### [PROPOSED] ORDER

The parties' stipulation is adopted and IT IS SO ORDERED.

The parties' stipulation is modified as follows, and IT IS SO ORDERED.

DATED:  4/21/2015    *[signature]*
     HONORABLE PAUL S. GREWAL
     UNITED STATES MAGISTRATE JUDGE