1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT A. NITSCH, et al.,

Plaintiffs,

v.

DREAMWORKS ANIMATION SKG INC.,
et al.,

Defendants.

Case No. 5:14-cv-04062-LHK

**ORDER GRANTING MOTION TO SEAL**

**(Re: Docket No. 220)**

Before the court is one administrative motion to seal.[1]  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3]  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action"[4] bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[5]

---

[1] *See* Docket No. 220.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Ctr. for Auto Safety v. Chrysler Grp.*, Case No. 15-55084, 2016 WL 142440, at *4 (9th Cir. Jan. 11, 2016).

[5] *Kamakana*, 447 F.3d at 1178-79.

1

Case No. 5:14-cv-04062-LHK
ORDER GRANTING MOTION TO SEAL

United States District Court
Northern District of California

1  However, "while protecting the public's interest in access to the courts, we must remain

2  mindful of the parties' right to access those same courts upon terms which will not unduly harm

3  their competitive interest."[6]  Records attached to motions that are "not related, or only tangentially

4  related, to the merits of a case" therefore are not subject to the strong presumption of access.[7]

5  Parties moving to seal the documents attached to such motions must meet the lower "good cause"

6  standard of Rule 26(c).[8]  This standard requires a "particularized showing"[9] that "specific

7  prejudice or harm will result" if the information is disclosed.[10]  "Broad allegations of harm,

8  unsubstantiated by specific examples of articulated reasoning" will not suffice.[11]  A protective

9  order sealing the documents during discovery may reflect the court's previous determination that

10  good cause exists to keep the documents sealed,[12] but a blanket protective order that allows the

11  parties to designate confidential documents does not provide sufficient judicial scrutiny to

12  determine whether each particular document should remain sealed.[13]

13  In addition to making particularized showings of good cause, parties moving to seal

14  documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to

15

16  [6] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

17  [7] *Ctr. for Auto Safety*, 2016 WL 142440, at *4; *see also Kamakana*, 447 F.3d at 1179 ("[T]he
18  public has less of a need for access to court records attached only to non-dispositive motions
     because those documents are often unrelated, or only tangentially related, to the underlying cause
19  of action.").

20  [8] *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

21  [9] *Id.*

22  [10] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002);
     *see* Fed. R. Civ. P. 26(c).
23

24  [11] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

25  [12] *See Kamakana,* 447 F.3d at 1179-80.

26  [13] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party
     to designate certain documents as confidential is not sufficient to establish that a document, or
27  portions thereof, are sealable.").

28
     Case No. 5:14-cv-04062-LHK
     ORDER GRANTING MOTION TO SEAL

2

Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection

under the law." "The request must be narrowly tailored to seek sealing only of sealable material,

and must conform with Civil L.R. 79-5(d)."[14] "Within 4 days of the filing of the Administrative

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

79-5(d)(1)(A) establishing that all of the designated material is sealable."[15]

     With these standards in mind, the court rules on the instant motions as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
| --- | --- | --- | --- |
| 220-4 | Plaintiff's Motion To Compel | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-6 | Schiltz Decl. ISO Plaintiff's Motion to Compel | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-8 | Ex. 1 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-10 | Ex. 14 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-12 | Ex. 15 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-14 | Ex. 16 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |

---

[14] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[15] Civ. L.R. 79-5(e)(1).

Case No. 5:14-cv-04062-LHK
ORDER GRANTING MOTION TO SEAL

| 220-16 | Ex. 17 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
|--------|-------------------------|--------------------------------------|-----------------------------------------------------------|
| 220-18 | Ex. 18 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-20 | Ex. 19 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-22 | Ex. 20 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-24 | Ex. 21 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-26 | Ex. 22 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-28 | Ex. 23 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-30 | Ex. 24 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-32 | Ex. 25 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-34 | Ex. 26 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-36 | Ex. 27 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |
| 220-38 | Ex. 28 to Schiltz Decl. | Designations outlined in red SEALED. | Narrowly tailored to confidential personal information. |

**SO ORDERED.**

Dated: March 3, 2016

PAUL S. GREWAL
United States Magistrate Judge