UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | Case No. 5:14-cv-04062-LHK<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**(Re: Docket No. 213)** |

Last week, the court ordered Defendant Pixar to submit for in camera review various documents involving former Pixar Executive Vice President and General Counsel Lois Scali.[1] Pixar has asserted that these documents are subject to the attorney-client privilege.[2] Notwithstanding that assertion, and after considering evidence from Pixar supporting that assertion,[3] the court held that Plaintiffs had shown there was "a reasonable, good-faith belief that review of the privileged documents may reveal evidence to establish the claim that the crime fraud exception applies."[4] The exception applies where (1) the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme and (2) the attorney-client communications for which production is sought are "sufficiently related to" and

---

[1] *See* Docket No. 236.

[2] *See* Docket No. 221 at 16.

[3] *See In re Napster Inc. Copyright Litig.*, 479 F.3d 1078, 1093 (9th Cir. 2007).

[4] *Id.* (quoting *In re Grand Jury Investigation*, 810 F.3d 1068, 1073 (9th Cir. 1992)); *see* Docket No. 236 at 4-5.

1

Case No. 5:14-cv-04062-LHK
ORDER DENYING MOTION TO COMPEL

were made in furtherance of the intended, or present, continuing illegality.[5]

In compliance with the court's order, Pixar submitted the documents at issue.[6] Together with a document index,[7] Pixar also submitted a declaration from outside counsel explaining the organization of the documents and providing context to assist the court in its review.[8]

While Plaintiffs initially sought in camera review of the documents, what they ultimately seek is the documents' production. Production, as compared to mere in camera review, carries a higher burden of proof than merely a "reasonable, good-faith belief." In civil cases such as this one, that burden is preponderance of the evidence,[9] or whether "it is more likely than not that the party resisting the disclosures sought or used legal advice to commit or to try to commit a crime or fraud."[10] Having read each and every document submitted, the court holds that Plaintiffs' burden, at least as to the first part of the applicable test, is not yet met.

Plaintiffs contend that the criminal or fraudulent scheme here was an unlawful conspiracy to restrain competition for labor, in violation of Section 1 of the Sherman Act.[11] 15 U.S.C. § 1 provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." As the court explained earlier, while the Ninth Circuit has yet to consider the question, every other circuit that has done so has concluded that the crime fraud exception can apply in the context of a civil antitrust suit.[12] It also is true, as Plaintiffs note, that the Department of Justice

---

[5] *In re Napster Inc. Copyright Litig.*, 479 F.3d at 1090.

[6] *See* Docket No. 243.

[7] *See* Docket No. 243-1.

[8] *See* Docket No. 244-4.

[9] *See In re Napster*, 479 F.3d at 1094-95.

[10] *Laser Indus. v. Reliant Techs.*, 167 F.R.D. 417, 441 (N.D. Cal. 1996).

[11] *See* Docket No. 213 at 18-21.

[12] *See* Docket No. 236 at 3 n.12; *see also Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 280, 288

2
Case No. 5:14-cv-04062-LHK
ORDER DENYING MOTION TO COMPEL

investigated and sued Pixar for a Section 1 violation on these same facts.[13] But that case was settled without any admission by Pixar or adjudication of any violation of law.[14]

A bigger problem is that, beyond highlighting the "gentleman's agreement" that it challenges in this case, Plaintiffs offer insufficient case law to establish their theory that this agreement might qualify as an illegal "restraint of trade."[15] As for evidence in support of their theory, Plaintiffs principally rely on the DOJ's conclusions—which again, were never admitted or established.[16] While enough to meet the lower threshold to trigger in camera review in conjunction with the materials cited in the court's prior order,[17] these conclusions are not enough to meet the higher standard of proof by preponderance of the evidence. Plaintiffs also point to their own allegations in their complaint and the presiding judge's ruling on Defendants' motion to dismiss.[18] But given the court's obligation to "accept[] as true Plaintiffs' factual allegations" and "make[] all reasonable inferences in favor of Plaintiffs" when deciding a motion to dismiss,[19] the court's ruling on the sufficiency of those allegations is irrelevant for purposes of establishing the crime-fraud exception applies.

Critically, nothing in the documents reviewed moves Plaintiffs closer to the goal line. Put another way, these documents do not establish a Section 1 violation by a preponderance of the

---

(E.D. Va. 2004) (collecting cases applying exception beyond the confines of crime and fraud).

[13] *See* Docket No. 213 at 18-19.

[14] *See* Docket No. 221 at 2.

[15] *Cf. Mistretta v. United States*, 488 U.S. 361, 417 (1989) (Scalia, J., dissenting) (observing that "a certain degree of discretion, and thus lawmaking, inheres" in construing what constitutes a "restraint of trade" under the Sherman Act).

[16] *See* Docket No. 213 at 18-19; Docket No. 221 at 2.

[17] *See* Docket No. 245 at 5 n.17.

[18] *See* Docket No. 213 at 19.

[19] Docket No. 147 at 35 n.14.

3
Case No. 5:14-cv-04062-LHK
ORDER DENYING MOTION TO COMPEL

1  evidence any more than the materials previously considered.  This does not mean that Plaintiffs
2  are out of luck on the underlying claim—that is a question for a finder of fact on a complete
3  record.  It does mean that, on the record assembled and presented to the undersigned, Plaintiffs
4  have not persuaded the undersigned that a per se violation is more likely than not.  No production
5  is warranted.

**SO ORDERED.**

Dated: March 30, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cv-04062-LHK
ORDER DENYING MOTION TO COMPEL

4