UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>DREAMWORKS ANIMATION SKG INC., et al.,<br><br>   Defendants. | Case No. 14-CV-04062-LHK<br><br>**QUESTIONS REGARDING MOTION FOR CLASS CERTIFICATION** |

By Wednesday, May 4, 2016 at 10 a.m., the parties shall file responses concisely answering the below questions. Plaintiffs' response shall not exceed three pages. Defendants' response shall not exceed five pages.

Questions for Plaintiffs

- How many putative class members are there?

- Plaintiffs cite the Ninth Circuit's *Williams* and *Cameron* cases for the point that a statute of limitations defense does not defeat class certification. Are Plaintiffs aware of any case in which the Ninth Circuit has considered the more specific question of whether a claim broadly requiring proof of fraudulent concealment may be certified as a class action?

- Plaintiffs' proposed class definition has expanded from the SAC to include plaintiffs from 2001-2003. Do Plaintiffs dispute that, absent fraudulent concealment, those claims are equally time barred as the claims from 2004 onwards?

  o Do Plaintiffs dispute that the new plaintiffs for 2001-2003 must satisfy the test for relation back to the original complaint to be properly added?

- What percentage of the class earned statistically significantly less than the but-for compensation predicted by Dr. Ashenfelter?

- What are the confidence intervals on the percentage of under-compensation for each year of the alleged conspiracy?

1

Case No. 14-CV-04062-LHK
QUESTIONS REGARDING MOTION FOR CLASS CERTIFICATION

Questions for Defendants

- Do Defendants dispute that DreamWorks improperly included independent contractors in the data initially provided to Dr. Ashenfelter?

- Have the Defendants verified that none of the other Defendants included independent contractors in the data provided to Dr. Ashenfelter?

- Defendants argue in their opposition brief that Dr. Ashenfelter's selection of job titles for inclusion in the class is unreliable because it relied upon an algorithm. *See* Corrected Opp. at 12. In support of this argument, Defendants cite to the expert report of Dr. Keeley. However, Dr. Keeley argues in his expert report that Dr. Ashenfelter's selection of job titles is unreliable because it did *not* rely exclusively upon an algorithm but instead relied upon Dr. Ashenfelter's judgment. Keeley Report ¶¶ 34-36. Is the Defendants' argument that Dr. Ashenfelter's selection is unreliable because it relied upon an algorithm, or that Dr. Ashenfelter's selection is unreliable because it did not rely upon an algorithm?

- Do Defendants dispute that Dr. Keeley omitted fixed effects in his calculation of but-for pay under Dr. Ashenfelter's model? If Dr. Keeley did omit fixed effects, does Dr. Keeley contend this was proper?

- Do Defendants dispute that Dr. Keeley failed to account for the "smearing factor" in his calculation of but-for pay under Dr. Ashenfelter's model? If Dr. Keeley did not account for the "smearing factor," does Dr. Keeley contend this was proper?

- Do Defendants dispute that Dr. Keeley used the standard error for model estimation instead of the standard error for prediction in Exhibit 14 of Dr. Keeley's report? If Dr. Keeley did use the standard error for model estimation, does Dr. Keeley contend this was proper?

- The first element of fraudulent concealment is the concealment or affirmative misleading prong. Do the Defendants dispute that the Plaintiffs intend to show concealment using common proof not specific to each plaintiff?

- Are Defendants aware of any case in which the Ninth Circuit has held that predominance *cannot* be found if the class must establish fraudulent concealment to prevail?

- It is unclear from Defendants' declarations how many potential class members are subject to a release or an arbitration agreement. For example, the Lucasfilm declaration gives a number for employees who have signed severance agreements, but it does not indicate whether all the employees who signed severance agreements are putative class members. Do Defendants have an estimate of the number of total class members who have a release or arbitration agreement with at least one of the Defendants?

- From the declarations, it appears that only DreamWorks and the Sony entities are asserting the existence of arbitration agreements with some class members. Is that correct?

**IT IS SO ORDERED.**

Dated: April 29, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2

Case No. 14-CV-04062-LHK
QUESTIONS REGARDING MOTION FOR CLASS CERTIFICATION