UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>DREAMWORKS ANIMATION SKG INC., et al.,<br><br>     Defendants. | Case No. 14-CV-04062-LHK<br><br>**QUESTIONS FOR HEARING ON MOTION FOR CLASS CERTIFICATION** |

Plaintiffs' Motion for Class Certification is set for hearing on Friday, May 6, 2016 at 1:30 p.m. At the hearing, each side will have 15 minutes to answer the following questions:

**Questions for Plaintiffs**

- Many of the cases that find that common questions predominate despite a statute of limitations defense involved a defense that was applicable only to a small portion of the class. Here, the entire class has to overcome the statute of limitations using fraudulent concealment. Does this distinction alter the balance in favor of the individual questions?

- The Defendants have identified specific e-mails sent to specific class members referencing aspects of the alleged conspiracy, which could be evidence of constructive or actual knowledge by individual class members. In response, Plaintiffs' Reply says that if any individualized inquiries exist as to constructive knowledge or actual knowledge, those can be "resolved at a later time." When and how do Plaintiffs propose the Court resolve those issues later? Would doing so require individual damages proceedings for each class member against whom an individualized challenge is raised? How would that be manageable with approximately 9,000 member class?

- What is Plaintiffs' proposal for identifying the putative class members who released claims against particular defendants as part of the *High Tech* settlement, or who are subject to releases or arbitration agreements? Once these individuals are identified, what is Plaintiffs' specific proposal to deal with these issues?

1

Case No. 14-CV-04062-LHK
QUESTIONS FOR HEARING ON MOTION FOR CLASS CERTIFICATION

- Regardless of whether the complaint discusses events from the 1980s as background, how does a complaint specifically identifying a class beginning in 2004 put the Defendants on notice of claims from plaintiffs from 2001-2003? How should the Court proceed if the Court finds that activity prior to 2004 may not be included in the claims?

- The only members of the proposed class for 2001-2002 are Pixar and Lucasfilm employees, since the class definition doesn't contemplate another Defendant entering the alleged conspiracy until 2003. Why wouldn't the *High Tech* settlement largely or entirely eliminate the 2001–2002 claims against Pixar and Lucasfilm? *See* SAC ¶ 196.

- Plaintiffs' proposed class definition references Appendix C to the Ashenfelter Report. Dr. Ashenfelter revised Appendix C and reattached an Amended Appendix C to his Reply Report. Should the class definition be altered to reference Appendix C to the Ashenfelter Reply Report? If so, should the Court deny the motion to certify the class referencing Appendix C to the Ashenfelter Report without prejudice and require the parties to brief class certification as to the new proposed class referencing the Amended Appendix C to the Ashenfelter Reply Report?

- Setting aside Plaintiffs' argument that DreamWorks improperly included independent contractors in the data initially provided to Dr. Ashenfelter, why did Dr. Ashenfelter's selection of job titles include titles like "Actor" at all? How is an "Actor" an animation or visual effects employee?
  - If Dr. Ashenfelter's selection criteria for job titles allowed the inclusion of "Actor," which Dr. Ashenfelter has subsequently removed from his analyses, how can the Court be confident that the remainder of the job titles selected by Dr. Ashenfelter are appropriate for inclusion in the class?

**Questions for Defendants**

- The Court has already denied Defendants' motion to dismiss Plaintiffs' claims from 2004 onwards as to Pixar and Lucasfilm on the basis that Plaintiffs have alleged fraudulent concealment. Why should the Court treat 2001-2003 differently?
  - Assuming fraudulent concealment is treated the same for 2001-2003, why wouldn't the new 2001-2003 plaintiffs in the proposed class relate back to the original complaint?
  - What prejudice are Defendants asserting that would prevent relation back?

- How should the Court proceed if the Court finds that activity prior to 2004 may not be included in the claims?

- Is Defendants' argument about the reliability of the selection of job titles an ascertainability or *Daubert* issue?

- In his reply report, Dr. Ashenfelter concedes that the Defendants do not have unusually rigid pay structures, but argues that the pay structures nevertheless are sufficiently rigid. Why is an unusual degree of rigidity necessary to show antitrust damages on a class-wide basis? What case law supports that argument? Isn't it sufficient for Plaintiffs to show that the Defendants had sufficiently rigid pay structures for the alleged antitrust behavior to have suppressed wages overall?

- Dr. Keeley criticizes Dr. Ashenfelter's model for excluding 2010 from the benchmark period. However, Plaintiffs include 2010 in the class period for damages. If Plaintiffs wish to prove that the conspiracy existed and led to class-wide damages in 2010, then doesn't

2

Case No. 14-CV-04062-LHK
QUESTIONS FOR HEARING ON MOTION FOR CLASS CERTIFICATION

that make 2010 an inappropriate year to include in Plaintiffs' benchmark analysis? Similarly, if Plaintiffs are correct that effects of the conspiracy extended into 2010, then wouldn't we expect compensation in 2010 to be lower such that including 2010 in the benchmark period would tend to mask the effect of the conspiracy in the preceding years?

- Defendants argue in opposition to class certification that Plaintiffs have no explanation for why the effect of the conspiracy would fluctuate from year to year. However, the Plaintiffs allege that the conspiracy in part involved improper collaboration by the Defendants regarding how much to change compensation from year to year. Given that the alleged conspiracy involved compensation changes between years, why would the amount of under-compensation necessarily have been constant or increasing from year-to-year?

- Assuming that a class member who has a release or arbitration agreement with one defendant can still litigate claims against the remaining defendants, isn't the arbitration or release issue essentially about allocating damages payments among the defendants if liability is found?

  - Would those arbitration or release issues have any bearing on the adjudication of whether each Defendant was liable for participation in the alleged conspiracy, or on the total damages calculation?

  - Similarly, would the *High Tech* releases have an effect other than changing the proportion of the judgment each Defendant must pay if liability is proven?

**IT IS SO ORDERED.**

Dated: May 2, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

3
Case No. 14-CV-04062-LHK
QUESTIONS FOR HEARING ON MOTION FOR CLASS CERTIFICATION