UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DREAMWORKS ANIMATION SKG INC., et al.,<br><br>    Defendants. | Case No. 14-CV-04062-LHK<br><br>**ORDER RE SEALING MOTIONS**<br><br>Re: Dkt. Nos. 215, 239, 253, 269 |

The parties have filed joint administrative motions to file under seal briefing and documents related to Plaintiffs' motion for class certification. ECF Nos. 215, 239, 253, 269; *see also* ECF No. 177 (order setting sealing procedures for the instant case).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially

related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

2

Case No. 14-CV-04062-LHK
ORDER RE SEALING MOTIONS

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

In the instant case, the parties seek to seal briefing and documents related to Plaintiffs' motion for class certification. Although the motion for class certification is not dispositive, it is more than tangentially related to the merits of Plaintiffs' claims because "a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1194 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). Thus, the "compelling reasons" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see In re Google*

3

Case No. 14-CV-04062-LHK
ORDER RE SEALING MOTIONS

*Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014) (applying compelling reasons standard to requests to seal related to motion for class certification).

The material the Court permits the parties to seal consists of a limited amount of employee compensation data, confidential and trade secret compensation and business information, and personal contact details for specific employees or applicants who are not parties to the case. The parties' request to seal this material satisfies the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179 (holding that compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets").

With this standard in mind, the Court rules on the instant motions as follows:

| **Motion to Seal** | **Standard** | **Document** | **Ruling** |
|---|---|---|---|
| 215 | Compelling reasons | Briefing and exhibits in support of Plaintiffs' motion for class certification | GRANTED as to the proposed redactions. |
| 253 | Compelling reasons | Briefing and exhibits in support of Defendants' opposition to class certification | GRANTED as to the proposed redactions in ECF No. 253. |
| 269 | Compelling reasons | Briefing and exhibits in support of Plaintiffs' reply in support of class certification | GRANTED as to the proposed redactions. |

A number of exhibits to the parties' papers were provisionally filed under seal pursuant to the Court's sealing procedures in this case, ECF No. 177, but were not ultimately the subject of a sealing request by the party whose information was contained in the exhibit. The parties noticed one of these provisional sealing requests as a pending motion, ECF No. 239. The Court hereby DENIES that motion. Within 7 days, the parties shall file public versions of all documents originally filed under seal pursuant to the Court's sealing procedures but for which the parties did

4

Case No. 14-CV-04062-LHK
ORDER RE SEALING MOTIONS

1 | not seek sealing in ECF Nos. 215, 253, or 269.

2 | **IT IS SO ORDERED.**

4 | Dated: May 27, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge