1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al., | Case No. 14-CV-04062-LHK |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY** |
| v. | **APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY** |
| DREAMWORKS ANIMATION SKG INC., et al., | **PICTURES IMAGEWORKS INC. AND SONY PICTURES ANIMATION INC.,** |
| Defendants. | **GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF** |
| | **CLASS ACTION SETTLEMENT WITH BLUE SKY STUDIOS, INC., AND** |
| | **APPROVING NOTICE OF SETTLEMENTS AND** |
| | **CERTIFICATION OF LITIGATION CLASS** |
| | Re: Dkt. No. 249, 273, 282 |

On March 31, 2016, Plaintiffs filed a motion for preliminary approval of class action

settlement with Defendant Blue Sky Studios, Inc. ("Blue Sky"). ECF No. 249. On May 3, 2016,

Plaintiffs filed a motion for preliminary approval of class action settlement with Defendants Sony

Pictures Imageworks Inc. and Sony Pictures Animation Inc. (collectively, "Sony Pictures"). ECF

No. 273 ("Sony Pictures Motion"). On May 11, 2016, Plaintiffs filed an amended motion for

1

preliminary approval of class action settlement with Defendant Blue Sky. ECF No. 282 ("Blue

Sky Amended Motion"). On June 23, 2016, the Court held a hearing on the pending motions for

preliminary approval of class action settlements. ECF No. 298. On June 29, 2016, Plaintiffs filed

an amended notice of settlements and certification of litigation class. ECF No. 301.

WHEREAS plaintiffs, on behalf of themselves and of the proposed stipulated settlement

class ("Settlement Class"), and Defendants Sony Pictures Imageworks Inc., Sony Pictures

Animation Inc., and Blue Sky Studios, Inc. have independently agreed, subject to Court approval

following notice to the Settlement Class and a hearing, to settle the above-captioned matter

("Lawsuit") upon the terms set forth in the respective Settlement Agreements;[1]

WHEREAS, this Court has reviewed and considered the Settlement Agreements entered

into among the parties, together with all exhibits and addenda thereto, the record in this case, and

the briefs and arguments of counsel;

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the

Settlement Agreements;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action

meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, this Court certified a class in the ongoing litigation against the remaining

defendants ("Litigation Class") on May 25, 2016;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.       Unless otherwise defined herein, all terms that are capitalized herein shall have the

same meaning ascribed to those terms in the Settlement Agreements.

2.       The Court has jurisdiction over this Action (and all actions and proceedings

consolidated in the Action), Plaintiffs, Class Members, Sony Pictures, the remaining defendants,

and any party to any agreement that is part of or related to the Settlement Agreement.

---

[1] Plaintiffs and Blue Sky entered an addendum to the Blue Sky Settlement on May 11, 2016. ECF
No. 282-2. All references to the Blue Sky Settlement in this order refer to the Blue Sky Settlement
as amended on May 11, 2016.

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

3.      Federal Rule of Civil Procedure 23(e) provides that a proposed settlement in a class action case must be initially approved by the Court. The Court is to determine whether the proposed settlement is "fair, reasonable, and adequate." Rule 23(e)(2). As a first step, plaintiffs must seek preliminary approval of the proposed settlement, which is an "initial evaluation" of the fairness of a proposed settlement. Manual for Complex Litigation (Fourth) § 21.632 (2015).  In determining whether the proposed settlement is "fundamentally fair, adequate, and reasonable" the Court makes a preliminary determination of whether to give notice of the proposed settlement to the class members and an opportunity to voice approval or disapproval of the settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)); *see* Manual for Complex Litigation (Fourth) § 21.631 (2015). Preliminary approval is not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of reasonableness." *In re High-Tech Employee Litig.*, No. 11-cv-2509, 2013 WL 6328811, at \*1 (N.D. Cal. Oct. 30, 2013) ("*High-Tech I*") (citation omitted); *see also Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 301-302 (E.D. Cal. 2011). Preliminary approval establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

4.      While the Court is not to consider at this stage whether final approval is warranted, all the relevant factors weigh in favor of preliminarily approving the proposed Settlement Agreements. First, the settlement is the result of arm's length negotiations among experienced counsel, following extensive discovery on both sides. Second, the Court finds that the agreed-upon consideration of $5.95 million for Blue Sky and $13 million for Sony Pictures is fair and reasonable based on the circumstances, risks involved, and significant recovery from two of the companies whose share of employee-years comprise 20.3% of the class. Third, as a matter of law, the remaining defendants remain jointly and severally liable for all damages caused by the

3

1  conspiracy, including damages caused by Blue Sky and Sony Pictures. *See Ward v. Apple*, 791

2  F.3d 1041, 1048 (9th Cir. 2015) (citations omitted). Fourth, Sony Pictures and Blue Sky

3  (collectively, the "Settling Defendants") have independently agreed to cooperate with plaintiffs in

4  authenticating documents and to not assist the remaining defendants with the litigation. *See In re*

5  *Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md.1983). As a result, the Court

6  finds notice to the Proposed Class appropriate here.

7       5.     The Court further finds that the proposed Plan of Allocation, which is attached to

8  the Sony Pictures Motion and incorporated by reference in the Blue Sky Amended Motion, is fair,

9  reasonable, and adequate, and is hereby preliminarily approved, subject to further consideration at

10  the Fairness Hearing.

11       6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

12  preliminarily certifies, for purposes of effectuating these settlements, a Settlement Class as

13  follows:

> All animation and visual effects employees employed by defendants
> in the United States who held any of the jobs listed in Ashenfelter
> Reply Report Appendix C during the following time periods: Pixar
> (2001-2010), Lucasfilm Ltd., LLC (2001-2010), DreamWorks
> Animation SKG, Inc. (2003-2010), The Walt Disney Company
> (2004-2010), Sony Pictures Animation, Inc. and Sony Pictures
> Imageworks, Inc. (2004-2010), Blue Sky Studios, Inc. (2005-2010)
> and Two Pic MC LLC f/k/a ImageMovers Digital LLC (2007-2010).
> Excluded from the Class are senior executives, members of the
> board of directors, and persons employed to perform office
> operation or administrative tasks.

20  The specific job titles from Ashenfelter Reply Report Appendix C are provided again in the

21  declaration accompanying the Sony Pictures Motion. *See* Friedman Decl., Ex. B.

22       7.     The Settling Defendants take no position regarding certification of the Proposed

23  Settlement Class.

24       8.     The Court hereby conditionally certifies the Settlement Class, subject to final

25  approval of the Settlements.[2] Rule 23 provides four requirements to certify a class: "(1) the class is

26

27  [2] The Court is required to conditionally certify a proposed settlement class before it can

4

28  Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

1     so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

2     common to the class; (3) the claims or defenses of the representative parties are typical of the

3     claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

4     the interests of the class." Fed. R. Civ. P. 23(a). Each of these requirements is addressed below.

5          9.     The class is comprised of approximately ten thousand animation and visual effects

6     employees who worked for the defendants during the defined class periods. This number of class

7     members easily satisfies the numerosity requirement.

8          10.     The class is also ascertainable. As this Court previously recognized, "a class is

9     ascertainable if the class is defined with objective criteria and if it is administratively feasible to

10    determine whether a particular individual is a member of the class." *In re Yahoo Mail Litig.*, 308

11    F.R.D. 577, 596 (N.D. Cal. 2015) (Koh, J.) (quotation omitted). In this case, class members are

12    defined by specific job titles, from defendants' own employment databases, which also identify

13    each individual class member corresponding to those job titles. This Court found ascertainability

14    satisfied through the use of similar methodologies in *High-Tech*. *See* 985 F. Supp. 2d 1167, 1182

15    (N.D. Cal. Oct. 24, 2013). This Court has also found a class defined by the specific job titles from

16    Ashenfelter Reply Report Appendix C to be ascertainable in the instant case. *See In re Animation*

17    *Workers Antitrust Litig.*, No. 14-CV-04062-LHK, --- F. Supp. 3d ----, 2016 WL 3011797, at \*13

18    (N.D. Cal. 2016).

19         11.     The proposed class also satisfies Rule 23(a)(2)'s commonality requirement. Each

20    class member alleges the same injury – suppressed compensation – from the same unlawful

21    conduct: defendants' alleged conspiracy to restrain competitive labor market forces to suppress

22    compensation through non-solicitation agreements and collusive coordination on compensation.

23    "Where an antitrust conspiracy has been alleged, courts have consistently held that 'the very

24

25    _____

26    preliminarily approve the class settlement. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 619
      (1997). The requirements are identical with respect to certification for litigation and for settlement,
      except that for settlement the Court need not find the class would be manageable under Rule
27    23(b)(3)(D) because there is no trial.

28    Case No. 14-CV-04062-LHK
      ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
      SETTLEMENTS

1  nature of a conspiracy antitrust action compels a finding that common questions of law and fact

2  exist.'" *High-Tech*, 985 F. Supp. 2d at 1180 (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*,

3  267 F.R.D. 583, 593 (N.D. Cal. 2010)). To satisfy the commonality requirement, "[e]ven a single

4  [common] question will do," *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011)

5  (quotation omitted), and "[a]ntitrust liability alone constitutes a common question that 'will

6  resolve an issue that is central to the validity' of each class member's claim 'in one stroke.'" *High-*

7  *Tech*, 985 F. Supp. 2d at 1180 (*quoting Dukes*, 131 S. Ct. at 2551). The existence of defendants'

8  compensation-suppression conspiracy is a common question for every class member, thus

9  satisfying the commonality requirement. *See In re Animation Workers Antitrust Litig.*, 2016 WL

10  3011797, at \*10.

11       12.     Plaintiffs also meet the typicality requirement. "In antitrust cases, typicality usually

12  will be established by plaintiffs and all class members alleging the same antitrust violations by

13  defendants." *High-Tech*, 985 F. Supp. 2d at 1181 (quotation omitted). In this case, plaintiffs have

14  alleged the same antitrust violation as to every class member, making their claims typical of the

15  class as a whole. *See In re Animation Workers Antitrust Litig.*, 2016 WL 3011797, at \*12.

16       13.     The Court further finds that Plaintiffs will fairly and adequately represent the

17  interests of the Class. The test for adequacy turns on two questions: "(1) whether named plaintiffs

18  and their counsel have 'any conflicts of interest with other class members,' and (2) whether named

19  plaintiffs and their counsel will 'prosecute the action vigorously on behalf of the class.'" *High-*

20  *Tech*, 985 F. Supp. 2d at 1181 (*quoting Hanlon*, 150 F.3d at 1020). The named plaintiffs do not

21  have conflicts of interest with other class members. Plaintiffs and their counsel have also

22  demonstrated they will prosecute this action vigorously, and the Court trusts that they will

23  continue to do so. *See In re Animation Workers Antitrust Litig.*, 2016 WL 3011797, at \*12.

24       14.     The Court must further find that "questions of law or fact common to class

25  members predominate over any questions affecting individual members, and that a class action is

26  superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R.

27

28  Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

1    Civ. P. 23(b)(3). To meet the predominance requirement of Rule 23(b)(3), a plaintiff must

2    establish that the "issues in the class action that are subject to generalized proof, and thus

3    applicable to the class as a whole . . . predominate over those issues that are subject only to

4    individualized proof." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2nd Cir.

5    2001) (citations omitted).

6        There is no requirement that common evidence predominate for each element of the claim.

7    *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194 (2013) ("Rule 23(b)(3),

8    however, does *not* require a plaintiff seeking class certification to prove that each elemen[t] of

9    [her] claim [is] susceptible to classwide proof." (emphasis and brackets in original) (quotation

10   omitted)). In antitrust conspiracy cases, "courts repeatedly have held that the existence of the

11   conspiracy is the predominant issue and warrants certification even where significant individual

12   issues are present." *In re Cathode Ray Tube* ("*CRT*") *Antitrust Litig.*, 308 F.R.D. 606, 620 (N.D.

13   Cal. 2015) (quotation omitted); *see also In re Rubber Chem. Antitrust Litig.*, 232 F.R.D. 346, 352

14   (N.D. Cal. 2005) ("[T]he Court notes that the 'great weight of authority suggests that the dominant

15   issues in cases like this are whether the charged conspiracy existed and whether price-fixing

16   occurred.'") (citation omitted).

17       15.    The Court finds that there are common questions regarding defendants' alleged

18   conspiracy to suppress compensation.  Plaintiffs allege that defendants conspired to suppress

19   compensation by agreeing not to solicit each other's employees, to take special procedures when

20   contacted by each other's employees, and to coordinate compensation policies through direct,

21   collusive communications. In addition, plaintiffs have also presented evidence regarding the class-

22   wide impact of defendants' scheme through the expert reports of Princeton economist Dr. Orley

23   Ashenfelter. Dr. Ashenfelter's reports, drawing on economic theory, the documentary evidence,

24   and standard statistical modeling and econometric analysis, finds that defendants' compensation

25   was generally suppressed, and that this suppression impacted all or nearly all of the class, not just

26

27

7

28   Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

1   those who would have been directly recruited. The Court finds that these common questions

2   predominate. *See In re Animation Workers Antitrust Litig.*, 2016 WL 3011797, at \*41.

3       16.     The Court further finds that litigating this matter as a class action is superior to

4   other available methods. *See LCD*, 267 F.R.D. at 314 ("[I]f common questions are found to

5   predominate in an antitrust action, . . . courts generally have ruled that the superiority prerequisite

6   of Rule 23(b)(3) is satisfied." (ellipses in original)). In light of the substantial common proof at

7   issue, requiring class members to proceed individually "would merely multiply the number of

8   trials with the same issues and evidence." *High-Tech*, 985 F. Supp. 2d at 1228; *see In re*

9   *Animation Workers Antitrust Litig.*, 2016 WL 3011797, at \*41.

10      17.     Based on the findings herein, and the documents and pleadings submitted in this

11  case, the Court conditionally certifies the Settlement Class.

12      18.     The Court designates the following as Settlement Class Counsel: Cohen Milstein

13  Sellers & Toll, PLLC; Hagens Berman Sobol Shapiro LLP; and Susman Godfrey LLP.

**NOTICE OF SETTLEMENTS AND CERTIFICATION OF LITIGATION CLASS TO CLASS MEMBERS**

19      The Court appoints the firm of Kurtzman Carson Consultants ("KCC") as Notice

and Claims Administrator.

20      Subject to the parties' adoption of the changes marked in the Court's redline of the

postcard or short-form Litigation/Settlement Notices, the Court approves the Litigation/Settlement

Notices pertaining to the certification of the Litigation Class and the settlements with both Sony

Pictures and Blue Sky Studios as revised and submitted on June 29, 2016, and finds that the

dissemination plan complies fully with the requirements of Rule 23 and due process of law, and is

the best notice practicable under the circumstances. Hence, when notice is completed, it shall

constitute due and sufficient notice of the certification of the Litigation Class and the proposed

Settlement Agreements and the Fairness Hearing to all persons affected by and/or entitled to

participate in the Settlement Agreement, in full compliance with the applicable requirements of

Rule 23 and due process.

8

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

21.     The Notice and Claims Administrator will be responsible for providing notice to potential class members consistent with Rule 23(c)(2)(B). The Notice and Claims Administrator will mail and/or email notice to the potential class members, and post notice on the internet 20 days after the Notice and Claims Administrator receives Sony Pictures, Blue Sky and defendant data on potential class members.

**PRODUCTION OF CONTACT AND COMPENSATION INFORMATION FOR CLASS MEMBERS**

22.     Within twenty (20) days after this Order is entered, the defendants shall provide to the Notice and Claims Administrator in an electronic format for the following time periods:

- Pixar (Jan. 1, 2001 – Dec. 31, 2010)
- Lucasfilm Ltd., LLC (Jan. 1, 2001 – Dec. 31, 2010)
- DreamWorks Animation SKG, Inc. (Jan. 1, 2003 – Dec. 31, 2010)
- The Walt Disney Company (Jan. 1, 2004 – Dec. 31, 2010)
- Sony Pictures Animation, Inc. and Sony Pictures Imageworks, Inc. (Jan. 1, 2004 – Dec. 31, 2010)
- Blue Sky Studios, Inc. (Jan. 1, 2005 – Dec. 31, 2010)
- Two Pic MC LLC f/k/a ImageMovers Digital LLC (Jan. 1, 2007 – Dec. 31, 2010)

contact information, Social Security Numbers, the last location (by state) where the employee worked for the defendant for state tax reporting purposes, and compensation information for Class Members, identified by job titles [*see* Friedman Decl., Ex. B], to the extent such information exists in each defendant's human resources databases. The Notice and Claims Administrator shall utilize Class Members' information provided by the defendants solely for purposes of effectuating Notice and administering the Settlement Fund, including withholding taxes, and shall keep the information confidential.

**ADMINISTRATION OF THE SETTLEMENT FUND**

23.     The proposed notices satisfy the requirements of due process and the Federal Rules of Civil Procedure and, accordingly, are approved for dissemination to the Settlement Class and Litigation Class. The Notice and Claims Administrator shall cause the Litigation/Settlement Notice to be emailed and/or mailed to Class Members and potential Class Members pursuant to procedures described in the Settlement Agreements, and to any potential Class Member who

9

United States District Court
Northern District of California

1   requests one; and, in conjunction with Class Counsel, shall create a case-specific website with case

2   information, court documents relating to the Settlement and the Notice. By no later than 14 days

3   after the opt-out deadline, the Notice and Claims Administrator shall file with the Court an

4   Affidavit of Compliance with Notice Requirements.

5         24.     All costs incurred in disseminating Notice and administering the Settlement shall

6   be paid from the Settlement Funds pursuant to the Settlement Agreements.

7   **CLASS MEMBER RESPONSE AND SCHEDULING OF FAIRNESS HEARING**

8         25.     Class Members will have until 45 days after the Notice is mailed to opt-out (the

9   "Opt–Out Deadline") of the proposed Settlements or the Litigation Class. Class Members have the

10  option of opting out of either Settlement, both Settlements and/or the Litigation Class.

11        26.     Any Class Member who wishes to be excluded (opt out) from the Settlement Class

12  and/or the Litigation Class must send a written request for exclusion to the Notice and Claims

13  Administrator on or before the close of the Opt–Out Deadline identifying the Litigation Class

14  and/or which Settlement or Settlements from which they wish to be excluded. Class Members may

15  not exclude themselves by filing requests for exclusion as a group or class, but must in each

16  instance individually and personally execute a request for exclusion. Settlement Class Members

17  who exclude themselves from the Settlement(s) will not be eligible to receive any benefits under

18  the Settlement(s), will not be bound by any further orders or judgments entered for or against the

19  Settlement Class, and will preserve their ability independently to pursue any claims they may have

20  against Sony Pictures and/or Blue Sky. Litigation Class Members who exclude themselves from

21  the Litigation Class will not be eligible to receive any benefits from any future recovery for the

22  Litigation Class and will not be bound by any further orders or judgments entered for or against

23  the Litigation Class in the ongoing litigation.

24        27.     Class Counsel shall file their motion for payment of attorneys' fees, costs, and for

25  Plaintiff Service Awards, no later than 31 days after notice is mailed.

26

27

10

28  Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

1     28.     All Settlement Class Members who did not properly and timely request exclusion

2    from the Settlement Class shall, upon entry of the Final Approval Order and Judgment, be bound

3    by all the terms and provisions of the Settlement Agreements, including the release provisions,

4    whether or not such Class Member objected to the Settlement(s) and whether or not such Class

5    Member received consideration under the Settlement Agreement(s).

6     29.     All Litigation Class Members who did not properly and timely request exclusion

7    from the Litigation Class shall be bound by any further orders or judgments entered for or against

8    the Litigation Class in the ongoing litigation.

9     30.     A final hearing on the Settlement Agreements ("Fairness Hearing") shall be held

10   before the Court at 1:30 p.m. on Thursday, November 10, 2016, in Courtroom 8, 4th Floor, of the

11   Northern District of California, 280 South 1st Street, San Jose, CA 95113. Such hearing shall be at

12   least 90 days from the completion of notice pursuant to the Class Action Fairness Act.

13     31.     At the Fairness Hearing, the Court will consider (a) the fairness, reasonableness,

14   and adequacy of the Settlement Agreements and whether either or both of the Settlement

15   Agreements should be granted final approval by the Court; (b) approval of the proposed Plan of

16   Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement

17   Releases. Class Counsel's application for payment of costs, and request for the Court to approve

18   service awards to the named plaintiffs, shall also be heard at the time of the hearing.

19     32.     The date and time of the Fairness Hearing shall be subject to adjournment by the

20   Court without further notice to the Class Members, other than by the Notice and Claims

21   Administrator on the case-specific website and any notice that may be posted by the Court. Should

22   the Court adjourn the date for the Fairness Hearing, such adjournment shall not alter the deadlines

23   for mailing of the Notice, nor the deadlines for submissions of settlement objections, claims,

24   requests for exclusion, or notices of intention to appear at the Fairness Hearing unless those dates

25   are explicitly changed by subsequent Order.

26

27

11

1      33.     Any Settlement Class Member who did not elect to be excluded from the

2 Settlement Class may, but need not, enter an appearance through his or her own attorney. For

3 settlement purposes, Class Counsel will continue to represent Settlement Class Members who do

4 not timely object and do not have an attorney enter an appearance on their behalf.

5      34.     Any Settlement Class Member who did not elect to be excluded from the

6 Settlement Class may, but need not, submit comments or objections to (a) either or both of the

7 Settlement Agreement(s), (b) entry of a Final Approval Order and Judgment approving the

8 Settlement Agreement(s), (c) Class Counsel's application for payment of costs and anticipated

9 application for fees, and/or (d) service award requests, by mailing a written comment or objection

10 to the addresses provided by the Notice and Claims Administrator in the Notice.

11      35.     Any Settlement Class Member making an objection (an "Objector") must sign the

12 objection personally even if represented by counsel, and provide the Settlement Class Member's

13 name and full residence or business address and a statement that the Class Member was an

14 employee and member of the Settlement Class. An objection must state which Settlement

15 Agreement he/she is objecting to, why the Objector objects to the Settlement Agreement(s) and

16 provide a basis in support, together with any documents such person wishes to be considered in

17 support of the objection. If an Objector intends to appear at the hearing, personally or through

18 counsel, the Objector should include with the objection a statement of the Objector's intent to

19 appear at the hearing. The Objector must also list any other objections by the Objector, or the

20 Objector's attorney, to any class action settlements submitted to any court in the United States in

21 the previous five years.

22      36.     Objections, along with any statements of intent to appear, must be postmarked no

23 later than 45 days after notice is mailed, and mailed to the addresses provided by the Notice and

24 Claims Administrator in the Notice. If counsel is appearing on behalf of more than one Settlement

25 Class Member, counsel must identify each such Settlement Class Member and each such

26 Settlement Class Member must have complied with this Order.

27

28

United States District Court
Northern District of California

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

1    37.    Only Settlement Class Members who have mailed valid and timely objections

2  accompanied by notices of intent to appear shall be entitled to be heard at the Fairness Hearing

3  unless the Court rules otherwise. Any Settlement Class Member who does not timely mail an

4  objection in writing in accordance with the procedure set forth in the Notice and mandated in this

5  Order shall be deemed to have waived any objection to (a) the Settlement Agreements; (b) entry of

6  a Final Approval Order and Judgment; (c) Class Counsel's application for payment of costs and

7  anticipated request for fees; and (d) service award requests for the named plaintiffs, whether by

8  appeal, collateral attack, or otherwise.

9    38.    Settlement Class Members need not appear at the hearing or take any other action

10  to indicate their approval.

11    39.    Upon entry of the Final Approval Order and Judgment, all Settlement Class

12  Members who have not personally and timely requested to be excluded from the Settlement Class

13  will be enjoined from proceeding against Sony Pictures and Blue Sky and all other released parties

14  as defined in the Settlement Agreements, with respect to all of the released claims as defined in the

15  Settlement Agreements.

16    40.    The schedule by which the events referenced above shall occur is as follows:

| Event | Due Date |
|---|---|
| Administrator receives Sony Pictures, Blue Sky and defendant data on potential class members | July 26, 2016 |
| Notice mailed and posted on internet | August 15, 2016 |
| Deadline for motion for attorneys' fees, costs, and service awards | September 15, 2016 |
| Objections deadline | September 29, 2016 |
| Exclusions deadline/end of opt-out period | September 29, 2016 |

13

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

| Event | Due Date |
|---|---|
| Administrator files Affidavit of Compliance with Court regarding notice requirements | October 13, 2016 |
| Plaintiffs file motion for final approval of Sony Pictures & Blue Sky settlements | October 13, 2016 |
| Final Fairness Hearing | November 10, 2016 at 1:30 p.m. |

41.     All further proceedings as to Sony Pictures and Blue Sky are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Funds, including applications for attorneys' fees, payment of costs, and service awards to Class Representatives.

42.     With respect to the Sony Pictures Settlement Agreement ("Sony Agreement") only, in the event the Sony Agreement is terminated pursuant to the applicable provisions of the Sony Agreement, the Sony Agreement and all related proceedings shall, except as expressly provided in the Sony Agreement, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against Sony Pictures, and Sony Pictures shall retain any and all of its current defenses and arguments thereto so that the Settling Parties may take such litigation steps (including without limitation opposing class certification, serving expert reports, deposing experts, and filing motions) that the Settling Parties otherwise would have been able to take absent the pendency of this Settlement. These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to May 3, 2016, and shall proceed as if the Sony Agreement had not been executed.

43.     With respect to the Blue Sky Settlement Agreement ("Blue Sky Agreement") only, in the event the Blue Sky Agreement is terminated pursuant to the applicable provisions of the Blue Sky Agreement, the Blue Sky Agreement and all related proceedings shall, except as expressly provided in the Blue Sky Agreement, become void and shall have no further force or

14

1 | effect, and Class Plaintiffs shall retain all of their current rights against Blue Sky, and Blue Sky

2 | shall retain any and all of its current defenses and arguments thereto so that the Settling Parties

3 | may take such litigation steps (including without limitation opposing class certification, serving

4 | expert reports, deposing experts, and filing motions) that the Settling Parties otherwise would have

5 | been able to take absent the pendency of this Settlement. These Actions shall thereupon revert

6 | forthwith to their respective procedural and substantive status prior to March 9, 2016, and shall

7 | proceed as if the Blue Sky Agreement had not been executed.

8 |       44.    Neither this Order nor the Settlement Agreements, nor any other Settlement-related

9 | document nor anything contained or contemplated therein, nor any proceedings undertaken in

10 | accordance with the terms set forth in the Settlement Agreements or herein or in any other

11 | Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or

12 | an admission or concession by Sony Pictures or Blue Sky as to (a) the validity of any claim that

13 | has been or could have been asserted against either or as to any liability by either as to any matter

14 | encompassed by the Settlement Agreement or (b) the propriety of certifying any litigation class

15 | against Sony Pictures or Blue Sky.

16 |       45.    Neither the Settlement Agreements, nor any of their terms or provisions, nor any of

17 | the negotiations or proceedings connected with them, shall be construed as an admission or

18 | concession by plaintiffs or defendants, respectively, of the truth or falsity of any of the allegations

19 | in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

20 |       46.    All members of the Proposed Settlement Class are temporarily barred and enjoined

21 | from instituting or continuing the prosecution of any action asserting the claims released in the

22 | proposed settlements, until the Court enters final judgment with respect to the fairness,

23 | reasonableness, and adequacy of the settlements.

24 | **IT IS SO ORDERED.**

25

26 | Dated: July 6, 2016

27

28 | 15

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

16