# Attachment A

JOHN W. KEKER (SBN 49092)
ROBERT A. VAN NEST (SBN 84065)
CODY S. HARRIS (SBN 255302)
W. HAMILTON JORDAN (SBN 295004)
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Email: rvannest@kvn.com

EMILY JOHNSON HENN (SBN 269482)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Telephone: 650-632-4700
Email: ehenn@cov.com

DEBORAH A. GARZA
THOMAS A. ISAACSON
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202-662-6000
Email: tisaacson@cov.com

*Attorneys For Defendants*
THE WALT DISNEY COMPANY,
LUCASFILM LTD., LLC, PIXAR, AND TWO
PIC MC LLC

DANIEL G. SWANSON (SBN 116556)
ROD J. STONE (SBN 145405)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7256
Email: rstone@gibsondunn.com

*Attorneys for Defendant*
DREAMWORKS ANIMATION SKG, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | Master Docket No. 14-cv-4062-LHK |
| | **DEFENDANTS' MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS** |
| | Date: |
| | Time: |
| | Dept.:        8 |
| | Judge:      Hon. Lucy H. Koh |
| THIS DOCUMENT RELATES TO:  ALL ACTIONS | |

1075414

**NOTICE OF MOTION AND MOTION FOR LEAVE TO TAKE**
**LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on _____, 2016, at _____, or as soon thereafter as the matter may be heard, Defendants DreamWorks Animation SKG, Inc. ("DWA"), The Walt Disney Company, Lucasfilm Ltd., LLC, Pixar, and Two Pic MC LLC (f/k/a ImageMovers Digital ("IMD")) (collectively, "Defendants") each will, and hereby does, move the Honorable Lucy H. Koh, located in Courtroom 8, Fourth Floor, 280 South 1st Street, San Jose, California 95113, for an order permitting them to take limited discovery of certain unnamed class members in the above-captioned action, pursuant to Federal Rules of Civil Procedure 33 and 34.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the documents on file with this Court, and such further evidence and argument as this Court may permit.

DATED:  July 11, 2016                    KEKER & VAN NEST LLP


                                 By:    /s/ Robert A. Van Nest
                                        John W. Keker
                                        Robert A. Van Nest
                                        Cody S. Harris
                                        W. Hamilton Jordan


                                        COVINGTON & BURLING LLP

                                        Emily Johnson Henn
                                        Deborah A. Garza
                                        Thomas A. Isaacson
                                        Cortlin H. Lannin


                                        Attorneys for Defendants
                                        THE WALT DISNEY COMPANY
                                        LUCASFILM LTD., LLC
                                        PIXAR
                                        TWO PIC MC LLC

1075414

1    DATED:  July 11, 2016                    GIBSON, DUNN & CRUTCHER LLP

2
                                        By:   */s/ Rod J. Stone*
3                                             Daniel G. Swanson
                                              Rod J. Stone
4                                             Shannon E. Mader

5                                             Attorneys for Defendant
                                              DREAMWORKS ANIMATION SKG, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1075414

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   RELEVANT FACTS .........................................................................................2

      A.    Proposed Requests for Production ...........................................................2

      B.    Proposed Interrogatories .........................................................................2

      C.    Proposed Service ....................................................................................3

III.  LEGAL STANDARD .........................................................................................4

IV.   ARGUMENT ....................................................................................................5

      A.    The requested discovery is necessary for Defendants to litigate their
            statutes of limitation defenses. ................................................................5

      B.    The requested discovery seeks information unknown to Defendants......................7

      C.    The requested discovery is not designed to take undue advantage of class
            members or to harass them, and counsel's assistance is not required. ...................8

V.    CONCLUSION..................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Arch v. Am. Tobacco Co.*,
    175 F.R.D. 469 (E.D. Pa. 1997)..................................................................6

*Brennan v. Midwestern United Life Ins. Co.*,
    450 F.2d 999 (7th Cir. 1971) .....................................................................4

*Clark v. Universal Builders, Inc.*,
    501 F.2d 324 (7th Cir. 1974) .....................................................................4

*Cornn v. United Parcel Serv., Inc.*
    No. C03-2001 THE, 2006 WL 2642540 (N.D. Cal. Sept. 14, 2006)........................9

*Gasoline Prods. Co. v. Champlin Refining Co.*,
    283 U.S. 494 (1931)...............................................................................5

*Holman v. Experian Info. Sols., Inc.*,
    No. C-11-00180 CW (DMR), 2012 WL 2568202 (N.D. Cal. July 2, 2012) .......................4, 9

*In re Animation Workers Antitrust Litig.*,
    123 F. Supp. 3d 1175, 1193 (N.D. Cal. 2015) .................................................5

*In re High-Tech Employee Antitrust Litigation*,
    No. 11-CV-2509 (N.D. Cal.) ......................................................................2

*In re Rhone-Poulenc Rorer, Inc.*,
    51 F.3d 1293 (7th Cir. 1995) .....................................................................5

*Mas v. Cumulus Media Inc.*,
    No. C-10-1396 EMC, 2010 WL 4916402 (N.D. Cal. Nov. 22, 2010)......................4

*Moreno v. Autozone, Inc.*,
    No. C-05-4432 MJJ (EMC), 2007 WL 2288165 (N.D. Cal. Aug. 3, 2007) .....................4

*Tierno v. Rite Aid Corp.*,
    C 05-02520 TEH, 2008 WL 2705089 (N.D. Cal. July 8, 2008).........................5

*Town of New Castle v. Yonkers Contracting Co., Inc.*,
    No. 88 Civ. 2952 (CES), 1991 WL 159848 (S.D.N.Y. Aug. 13, 1991) ...................6

*Transamerican Refining Corp. v. Dravo Corp.*,
    139 F.R.D. 619 (S.D. Tex. 1991)................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).................................................................................5

MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS
Master Docket No. 14-cv-4062-LHK

1075414

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATUTES**

28 U.S.C. 2072(b) ...............................................................................................5

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 33 ....................................................................4

Federal Rule of Civil Procedure 34 ....................................................................4

iii

MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS
Master Docket No. 14-cv-4062-LHK

1075414

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In the Court's May 25, 2016 Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification ("Order") [ECF No. 289], the Court confirmed that all of the class members' claims in this action are time-barred unless they can prove fraudulent concealment, and that class member knowledge is central to that inquiry.  Order at 62-63.  The Court further acknowledged that Defendants had identified "individualized evidence" in the record revealing that some class members likely knew about the conspiracy alleged in Plaintiffs' complaint.  Order at 70.  In fact, Defendants discovered evidence of the named Plaintiffs' knowledge of the alleged agreements only as a result of discovery from Plaintiffs, including interrogatory responses, emails, and Facebook posts.  *See, e.g.*, Lannin Decl. in Support of Defs.' Opp. to Pls.' Mot. for Class Certification ("Lannin Decl."), Exs. 36, 37.  Recognizing that Defendants must be afforded the opportunity to litigate their statute of limitations defense, the Court stated that "[s]uch limited individualized evidence may warrant inquiries as to whether particular class members had constructive or actual knowledge, or exercised appropriate diligence if required to do so."  Order at 70.

The Court was correct: such inquiries are warranted.  In fact, Defendants must be able to investigate whether class members had actual or constructive knowledge of the conduct alleged in the complaint in order to litigate their defenses to individual claims.

To that end, Defendants respectfully seek leave to take limited discovery from a subset of the unnamed class members represented by Plaintiffs in this action.  Specifically, Defendants request leave to propound four document requests and eleven interrogatories to 500 unnamed class members.  As explained below, the requested discovery is necessary and seeks information unknown and unavailable to Defendants.  In addition, the discovery sought is neither designed to harass or burden class members, nor would providing responses require the assistance of counsel.  Accordingly, the Court should grant Defendants leave to propound the interrogatories and document requests attached hereto as Exhibits A and B.

1075414

## II.     RELEVANT FACTS

The discovery Defendants presently seek leave to propound is succinct and to the point.  It consists of four requests for production and eleven interrogatories.

### A.     Proposed Requests for Production

The first request for production seeks "[a]ll documents and communications relating to any alleged agreement between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or 'poach' employees from one another, including documents relating to your knowledge, suspicion, or understanding of any such agreement."  *See* Ex. A (Defs.' First Set of Reqs. for Produc. of Docs. to Unnamed Pls.) at 3.  The second request mirrors the first, but focuses on any alleged agreement regarding compensation levels.  *Id.*  The third request seeks "[a]ll documents reflecting or relating to communications with any employee, former employee, or agent of any Defendant and/or alleged Co-Conspirator regarding hiring, recruiting, compensation, or cold-calling."  *Id.*  Finally, the fourth request seeks "[a]ll documents or communications relating to any alleged agreements among various high-tech companies (including Adobe, Apple, Google, Intel, Intuit, Pixar, and Lucasfilm) not to cold-call, recruit, or 'poach' employees from one another, including but not limited to any documents or communications relating to the Department of Justice's investigation regarding the same and the litigation known as *In re High-Tech Employee Antitrust Litigation*, No. 11-CV-2509 (N.D. Cal.)."  *Id.* at 4.

### B.     Proposed Interrogatories

The interrogatories are similarly circumscribed, and go directly to class members' knowledge regarding the conduct alleged in the complaint.  *See* Ex. B (Defs.' First Set of Interrogs. to Unnamed Pls.).  The first five interrogatories concern the recipient's knowledge of any alleged agreement between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or "poach" employees from one another.  More specifically, the first two interrogatories focus on when and how the recipient learned about any such agreement.  *Id.* at 3.  The third interrogatory seeks to discover what, if anything, the recipient did in response to learning such information.  *Id.*  The fourth interrogatory asks about the affirmative acts any

2

1075414

Defendant or Alleged Co-Conspirator took to mislead the recipient about the agreement's existence. *Id.* at 4. And the fifth interrogatory focuses on the recipient's communications with others regarding the agreement. *Id.*

Interrogatories six through ten mirror the first five interrogatories, but focus instead on any alleged agreement between or among the Defendants or Alleged Co-Conspirators to set or agree upon compensation levels for their employees. *Id.* Finally, the eleventh interrogatory requests information regarding attendance at meetings where hiring, recruiting, compensation, pay ranges, or cold calling was discussed, including those meetings and lectures referenced in the evidentiary record, Defendants' class certification opposition, and this Court's Order.[1] *See* Order at 69. For each meeting, Defendants request that the recipient "provide a detailed description of the meeting; identify all persons who, to your knowledge, attended the meeting; and describe all communications, if any, you had concerning the meeting." Ex. B at 5.

### C.      Proposed Service

Defendants have also limited the requested discovery by proposing to serve it on only 500 class members—roughly five percent of the certified class. To be clear, Defendants believe they are entitled to discovery from every class member, and reserve their rights to seek discovery from additional absent class members at a later time. Indeed, every class member's individual knowledge is relevant to fraudulent concealment, which must be proven as to each class member to overcome the statute of limitations that otherwise bars their claims. In the interest of manageability, however, at this time Defendants are only seeking to serve the discovery on a more limited subset of class members.

Defendants will select the 500 class members based in part on the evidence in the case thus far and based in part on random selection. They will include the 63 class members who received individualized emails alerting them to their claims, *see* Order at 70, as well as class members who (a) worked at Pixar during the period of time when General Manager Jim Morris delivered his recorded lecture discussing the no-poaching agreement with Lucasfilm and that

---

[1] Those specific meetings are the 2006 Disney Town Hall meeting, the ImageMovers Digital All-Hands meeting, the 2008 recorded Pixar lecture, and any meeting held by or under the auspices of The Animation Guild during which the alleged agreements were discussed. *See* Ex. B at 4-5.

lecture posted on Pixar's intranet; (b) worked at ImageMovers Digital around the time of the all-hands meeting referenced in Plaintiff Wentworth's document production; (c) worked at Walt Disney Animation Studios ("WDAS") around the time when Pixar and WDAS President Ed Catmull mentioned no-poaching policies a company-wide town hall meeting; (d) worked at WDAS or DWA and were members of the Animation Guild, which held meetings and hosted a blog on which the alleged agreements were discussed; and (e) are randomly selected.[2]

## III.   LEGAL STANDARD

It is well-settled that "absent class members may, under certain circumstances, be required to submit to discovery under Rules 33 and 34." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004 (7th Cir. 1971). Indeed, "there is no blanket rule barring discovery with respect to absent class members." *Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010). Although discovery of absent class members is the exception rather than the rule, such discovery is permitted if the "discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation." *Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ (EMC), 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007).

Although the "Ninth Circuit has not yet ruled on the standards governing absent class member discovery," courts generally apply some version of the factors articulated by the Seventh Circuit in *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974). *Holman v. Experian Info. Sols., Inc.*, No. C-11-00180 CW (DMR), 2012 WL 2568202, at *3 n.2 (N.D. Cal. July 2, 2012). Those factors are:

> (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent.

*Id.* at *3. Put another way, "such discovery has been permitted in certain circumstances, where the information sought is relevant, not readily obtainable from the representative parties or other

---

[2] Defendants also reserve the right to seek leave to depose absent class members after receiving the written discovery responses.

MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS
Master Docket No. 14-cv-4062-LHK

1075414

1    sources, and the request is not unduly burdensome and made in good faith." *Tierno v. Rite Aid*

2    *Corp.*, C 05-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008).

3    **IV.   ARGUMENT**

4          The factors set forth above are easily met in this case.  The requested discovery is

5    necessary to Defendants' defense, and seeks information that only the absent class members can

6    provide.  In addition, the interrogatories are limited in scope and pose no undue burden on class

7    members.  Accordingly, Defendants' motion should be granted.

8          **A.   The requested discovery is necessary for Defendants to litigate their statutes**
             **of limitation defenses.**

9

10         The Supreme Court has held that, pursuant to the Rules Enabling Act, the class action

11   mechanism cannot "abridge . . . or modify any substantive right," including a defendant's right to

12   litigate defenses.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (citing 28 U.S.C.

13   § 2072(b)).[3]  A key defense in this lawsuit is the statute of limitations.  In fact, it is undisputed

14   that ***all*** of plaintiffs' claims are time-barred absent a successful showing of fraudulent

15   concealment.  *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1193 (N.D. Cal.

16   2015).   To establish fraudulent concealment and salvage their claims, Plaintiffs must show that

17   (1) the Defendants affirmatively misled the plaintiffs, (2) each plaintiff lacked "actual or

18   constructive knowledge of the facts giving rise to [his or her] claim," and (3) that each plaintiff

19   "acted diligently in trying to uncover the facts giving rise to [his or her] claim." *Id.* at 1194;

20   Order at 63.

21         Both the Seventh Amendment and fundamental due process principles entitle Defendants

22   to have a single jury hear both the liability evidence and the evidence related to fraudulent

23   concealment, especially in light of the overlap between the two.  *See Gasoline Prods. Co. v.*

24   *Champlin Refining Co.*, 283 U.S. 494, 500 (1931); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d

25   _____

26   [3] The Court's Order distinguished between the statutory defenses mentioned in *Dukes* and the
     limitations defense here.  Order at 71 n.14.  But the statute of limitations *is* a statutory defense,

27   and the Rules Enabling Act precludes altering "*any* substantive right," whether statutory or not.
     28 U.S.C. § 2072(b) (emphasis added).  The distinction is also absent in *Dukes*, which makes

28   clear that a defendant retains "the right to raise ***any individual affirmative defenses it may have***"
     when litigating its defenses to individual claims. *Dukes*, 564 U.S. at 366-67 (emphasis added).

1075414

1293, 1303 (7th Cir. 1995) ("The right to a jury trial in federal civil cases, conferred by the Seventh Amendment, is a right to have juriable issues determined by the first jury impaneled to hear them (provided there are no errors warranting a new trial), and not reexamined by another finder of fact.").  Where, as here, each individual "class member's knowledge" is relevant to an affirmative defense, the liability jury must hear it.[4]  *Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 491 (E.D. Pa. 1997).

To prove to the jury that the class members' claims are time-barred, Defendants must first uncover the facts necessary to defeat Plaintiffs' fraudulent concealment allegations.  To do so, Defendants must take discovery from the class members themselves.  *See, e.g.*, *Town of New Castle v. Yonkers Contracting Co., Inc.*, No. 88 Civ. 2952 (CES), 1991 WL 159848, at *2 (S.D.N.Y. Aug. 13, 1991) (permitting absent class member discovery where defendants had shown "that they will be unable to disprove the claim of fraudulent concealment if they do not have discovery from the absent class members"); *Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621-22 (S.D. Tex. 1991) (allowing defendants to propound interrogatories that were "clear, concise, and limited primarily to the defendants' defenses and the plaintiffs' claims," including "whether the absent class members relied upon the alleged fraudulent misrepresentations or fraudulent concealments").  Without discovery, Defendants cannot properly exercise their right (consistent with due process and the Rules Enabling Act) to establish that the class members had actual or constructive knowledge of their claims, or that they acted diligently upon gaining such knowledge.  These two elements of fraudulent concealment are necessarily plaintiff-focused, and class members are the ones who would possess relevant documents and information on that subject.  Indeed, Defendants learned of the named Plaintiffs' knowledge of the alleged agreements at the heart of this case only by reviewing their individual interrogatory responses, personal emails, and Facebook posts produced in response to Defendants' discovery requests.

---

[4]  The discovery is also relevant to other issues, beyond the statute of limitations defense.  For example, the fact that many class members knew about restrictions on poaching means that they would have been more likely to actively explore employment options.  An employee is much less likely to wait for a cold call if they know it will not be forthcoming.

MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS
Master Docket No. 14-cv-4062-LHK

1075414

Relying on Plaintiffs' assurances, this Court held that issues relating to individual notice, "which will likely be small in number, would be manageably addressed in individualized proceedings at a later phase of the case." Order at 71. How "small in number" these issues will turn out to be is not yet known, because Defendants have yet to be granted an opportunity to take discovery from absent class members. No matter the issues' scale, Defendants must have discovery in order to litigate them—either during "a later phase of the case" or before. *Id.* Accordingly, the discovery sought is necessary in this action.

### B.    The requested discovery seeks information unknown to Defendants.

Defendants do not (and could not) generally possess the information they seek; it resides overwhelmingly in the minds and files of the class members. Defendants can show that certain communications occurred between them and some class members, such as recipients of emails referencing one or more of the challenged agreements or practices. But Defendants cannot use their own documents or personnel to show what happened next: with whom did the recipient then share that information? Plaintiffs cannot be heard to argue that the information necessarily stopped with the initial recipient. Their theory of common injury depends on the assumption that these class members, who are co-workers, shared compensation-related information with each other. *See, e.g.*, Second Consol. Am. Compl. ¶ 121 [ECF No. 117-2]; Report of Orley Ashenfelter (Feb. 1, 2016) ¶¶ 56-58, 78 n.156 [ECF No. 210]. Crediting this assumption, this Court found that "[s]uch information could then spread to other employees within a firm and beyond." Order at 35. Unless Plaintiffs stipulate that information received through these emails spread throughout the class—and they will not so stipulate—then Defendants require discovery to prove that this occurred. Specifically, Defendants are entitled to discover whether such communications between and among class members exist—whether they were consummated orally, by email, over Facebook, on Internet comment, or through any other means. Class members may also have records of communications with Defendants not accounted for in the present document production, or with alleged co-conspirators (such as Laika, the Orphanage, or other studios) that produced no documents in this litigation.

It is clear from the record that such discovery will reveal evidence of class members'

MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY FROM UNNAMED CLASS MEMBERS
Master Docket No. 14-cv-4062-LHK

knowledge far beyond what exists in Defendants' records.  As mentioned above, Defendants took

written discovery from the three named plaintiffs in this action—Mr. Nitsch, Mr. Wentworth, and

Ms. Cano—and two of them produced documents, information, and testimony establishing that

they had inquiry notice of their claims long before they sued Defendants.  Plaintiff Nitsch

produced an email he received in 2008—while he was working at DWA—that put him on actual

notice of his claims.  *See* Lannin Decl., Ex. 36.  Plaintiff Wentworth produced a Facebook post

revealing that he attended an IMD meeting at which the allegedly concealed agreements were

openly discussed.  *Id.*, Ex. 37.  Crucially, these documents exist nowhere in Defendants' own

files; the only way Defendants uncovered them was through discovery.  Having alleged that these

individuals are typical of the class, Plaintiffs can hardly argue that discovery from other class

members will yield nothing.

The fact that a few dozen class members emailed Defendants and referenced the

challenged agreements confirms that such information spread into the class.  But for every class

member who wrote such an email, surely there are many more who possessed similar information

but did ***not*** email Defendants.  Indeed, neither of the class representatives who had such

information emailed Defendants.

In sum, the only way to probe class members' memories and knowledge regarding the

alleged agreements, and to uncover documentary evidence of the same, is to ask them directly.

Because little of this information is currently possessed by Defendants, discovery is warranted.

### C.   The requested discovery is not designed to take undue advantage of class members or to harass them, and counsel's assistance is not required.

Defendants request this limited discovery only to help them prove up their defenses.

These requests are not being made in bad faith or for any improper purpose.  On the contrary, this

Court has observed that inquiries along the lines presented here may be "warrant[ed]."  *See* Order

at 70.

In addition, to minimize any burden on class members, Defendants have crafted a concise

list of interrogatories and document requests, none of which is onerous.  They require nothing

more than class members' honest recollections regarding a limited subject matter, their attendance

at certain meetings, and a simple search of their email, social media, or other personal records. Responding to these requests should not be expensive, time consuming, or unduly burdensome. For example, the three named plaintiffs received more fulsome document requests than those proposed here, and their productions were relatively paltry: Ms. Cano produced 398 documents, Mr. Nitsch produced 759 documents, and Mr. Wentworth produced 735 documents.

Nor would responding to these requests require the assistance of counsel.[5] *See Holman*, 2012 WL 2568202, at *3. The requests demand no legal sophistication and include no reference to pleadings or filings made in this case. They request only factual information that a class member should be able to provide without counsel's assistance. Of course, if such assistance is sought or desired, Plaintiffs' counsel have been appointed to represent these class members and could theoretically provide it. Indeed, Defendants intend to propound the requests on Plaintiffs' counsel with instructions to distribute them to the selected class members, rather than serving the requests on the class members personally.

## V.   CONCLUSION

The requested discovery is limited, straightforward, and concise. It is necessary in order for Defendants to litigate their defenses, and Defendants have no other way to obtain the information. It neither harasses absent class members, nor imposes any undue burdens on them. Accordingly, the Court should grant Defendants' motion and permit them to propound the requests attached hereto as Exhibits A and B on 500 class members that they will identify based on the evidence in the case.

---

[5] It is unclear whether this factor commands much weight. *See Cornn v. United Parcel Serv., Inc.* No. C03-2001 THE, 2006 WL 2642540, at *2 (N.D. Cal. Sept. 14, 2006) (granting leave to propound interrogatories on absent class members while declining to consider whether counsel's assistance would be required).

1075414

1    DATED:  July 11, 2016                    KEKER & VAN NEST LLP

2
                                      By:   /s/ Robert A. Van Nest
3                                           John W. Keker
                                            Robert A. Van Nest
4                                           Cody S. Harris
                                            W. Hamilton Jordan
5

6                                           COVINGTON & BURLING LLP

7                                           Emily Johnson Henn
                                            Deborah A. Garza
8                                           Thomas A. Isaacson
                                            Cortlin H. Lannin
9

10                                          Attorneys for Defendants
                                            THE WALT DISNEY COMPANY
11                                          LUCASFILM LTD., LLC
                                            PIXAR
12                                          TWO PIC MC LLC

13

14
     DATED:  July 11, 2016                    GIBSON, DUNN & CRUTCHER LLP
15

16                                    By:   /s/ Rod J. Stone
                                            Daniel G. Swanson
17                                          Rod J. Stone
                                            Shannon E. Mader
18
                                            Attorneys for Defendant
19                                          DREAMWORKS ANIMATION SKG, INC.

20

21

22

23

24

25

26

27

28

                                          10

# Exhibit A

KEKER & VAN NEST LLP
JOHN W. KEKER - # 49092
jkeker@kvn.com
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
W. HAMILTON JORDAN - # 295004
wjordan@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188


COVINGTON & BURLING LLP
EMILY JOHNSON HENN - # 269482
ehenn@cov.com
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94061
Telephone:  650 632 4700
Facsimile:  650 632 4800

Attorneys for Defendants
THE WALT DISNEY COMPANY,
LUCASFILM LTD., LLC, PIXAR and
TWO PIC MC LLC

GIBSON, DUNN & CRUTCHER LLP
DANIEL G. SWANSON - #116556
ROD J. STONE - #145405
rstone@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213 229 7256
Facsimile:    213 229 6256

Attorneys for Defendant
DreamWorks Animation SKG, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | Master Docket No. 14-cv-4062-LHK

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM UNNAMED PLAINTIFFS**

Judge:      Hon. Lucy Koh |
| THIS DOCUMENT RELATES TO:

ALL ACTIONS | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants request that each Sample Plaintiff produce all documents described below to each Defendant at the addresses listed in the signature block within 30 days from the date of service of these requests. These requests are from each Defendant to each Sample Plaintiff, except that DreamWorks Animation SKG, Inc. is not serving these as to any of its employees and The Walt Disney Company, LucasFilm Ltd., LLC, Pixar, and Two Pic MC LLC are not serving these as to any of their employees.

## I.    DEFINITIONS

1.    "Communication" includes any form of transmitting, receiving or exchanging information or ideas from one person to another.

2.    "Document" shall have the broadest possible meaning, including, but not limited to: letters; correspondence; memoranda; notes; reports; records; agreements; communications; summaries or records of conversations or correspondence; calendars; diaries; memoranda of meetings or conferences; lists of persons attending meetings or conferences; reports of or summaries of interviews; printed publications; opinions of counsel; bulletins; advertisements; literature; work assignments; notebooks; worksheets; contracts; photographs; drawings; computer files; computer discs; articles; manuals or handbooks; pamphlets; applications; press releases; drafts of any documents; books; tapes; videos; electronic communications including but not limited to e-mails; text messages; blog posts; social media posts; Internet comments; or any other material of any tangible medium of expression now in your possession, custody, or control.

3.    "Defendants" refers individually and collectively to the following entities:

      i)    The Walt Disney Company,

      ii)    Lucasfilm Ltd., LLC ("Lucasfilm")

      iii)    Pixar

      iv)    Two Pic MC LLC (formerly known as ImageMovers Digital LLC ("IMD")

      v)    DreamWorks Animation SKG, Inc. ("DreamWorks")

      vi)    Sony Pictures Animation

      vii)    Sony Pictures Imageworks

viii)   Blue Sky Studios, Inc.

4.      "Alleged Co-conspirators" means Laika, The Orphanage, Rhythm and Hues Studios, Inc., and Digital Domain.

5.      "Person" refers to a natural person, corporation, partnership, firm, sole proprietorship, joint venture, union, association, group, federation, or any other organization or entity and his, her, its or their officers, agents, and employees.

6.      "Compensation" means all forms of compensation in connection with any employment, including but not limited to salary, bonuses, performance or other incentive awards, stock options, retirement contributions, severance pay, insurance, or benefits. The term also includes any compensation you received while self-employed.

7.      "Cold Call" or "cold calling" shall refer to a company (or one of its employees, recruiters or agents) communicating directly in any manner (including, without limitation, orally, in writing, telephonically, or electronically) with another company's employee—for the purpose of exploring the potential recruitment of that employee—who has not applied for a job or otherwise had prior contact (for employment-related purposes) with the company making the cold call.

8.      The terms "relate," "related to," "relating to," or "in connection with" mean relating, referring, mentioning, discussing, describing, analyzing, contradicting, g or pertaining in any way, directly or indirectly, to the subject matter, event, act, or occurrence.

**II.      INSTRUCTIONS**

1.      These requests call for Documents within Your possession, custody or control.

2.      If no documents exist in response to all or part of a request, please state that fact and otherwise respond to all parts of the request for which documents exist.

3.      Documents shall be produced as they are maintained, including in the file folders or file cartons in which they have been maintained, stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.

1069068

4.     To the extent the Documents consist of Electronically Stored Information ("ESI"), it shall be produced with metadata intact to the fullest extent practicable.

5.     If any document is withheld from production based on a claim of privilege, please provide the following information with respect to each such Document: (a) the date of the document; (b) the identity of the author(s) of the document and all recipients thereof; (c) the basis for withholding the production of the document; and (d) a description of the subject matter of the document sufficient to allow Defendants or the Court to determine the appropriateness of the privilege claim.

6.     If you claim privilege or protection to part of a Document, you shall redact that portion which is privileged or protected and produce the remainder. All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

7.     These Requests for Production shall be deemed to be continuing in nature and should any additional or different information hereafter come into your possession, custody or control, you are hereby requested to supplement or amend your answers accordingly.

8.     The relevant time period for these requests shall be January 1, 2004 to September 8, 2014.

## III.     REQUESTS FOR PRODUCTION

1.     All documents and communications relating to any alleged agreement between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or "poach" employees from one another, including documents relating to your knowledge, suspicion, or understanding of any such agreement.

2.     All documents and communications relating to any alleged agreement between or among the Defendants or Alleged Co-Conspirators regarding the compensation paid to their employees, including documents relating to your knowledge, suspicion, or understanding of any such agreement.

3.     All documents reflecting or relating to communications with any employee, former employee, or agent of any Defendant and/or alleged Co-Conspirator regarding hiring, recruiting, compensation, or cold-calling.

4. All documents or communications relating to any alleged agreements among various high-tech companies (including Adobe, Apple, Google, Intel, Intuit, Pixar, and Lucasfilm) not to cold-call, recruit, or "poach" employees from one another, including but not limited to any documents or communications relating to the Department of Justice's investigation regarding the same and the litigation known as *In re High-Tech Employee Antitrust Litigation*, No. 11-CV-2509 (N.D. Cal.).

Dated:  July 11, 2016             KEKER & VAN NEST LLP

By:    */s/ Robert A. Van Nest*
          JOHN W. KEKER
          ROBERT A. VAN NEST
          CODY S. HARRIS
          W. HAMILTON JORDAN

          COVINGTON & BURLING LLP

          EMILY JOHNSON HENN
          THOMAS A. ISAACSON
          CORTLIN LANNIN

          Attorneys for Defendants
          THE WALT DISNEY COMPANY,
          LUCASFILM LTD., LLC, PIXAR and
          TWO PIC MC LLC

Dated:  July 11, 2016             GIBSON, DUNN & CRUTCHER LLP

By:    */s/ Rod J. Stone*
          DANIEL G. SWANSON
          ROD J. STONE
          SHANNON E. MADER

          Attorneys for Defendant
          DREAMWORKS ANIMATION SKG,
          INC.

# Exhibit B

1    KEKER & VAN NEST LLP                    GIBSON, DUNN & CRUTCHER LLP
     JOHN W. KEKER - # 49092                 DANIEL G. SWANSON - #116556
2    jkeker@kvn.com                          ROD J. STONE - #145405
     ROBERT A. VAN NEST - # 84065            rstone@gibsondunn.com
3    rvannest@kvn.com                        333 South Grand Avenue
     CODY S. HARRIS - # 255302               Los Angeles, CA  90071-3197
4    charris@kvn.com                         Telephone:    213 229 7256
     W. HAMILTON JORDAN - # 295004           Facsimile:    213 229 6256
5    wjordan@kvn.com
     633 Battery Street                      Attorneys for Defendant
6    San Francisco, CA 94111-1809            DreamWorks Animation SKG, Inc.
     Telephone:    415 391 5400
7    Facsimile:    415 397 7188

8

9    COVINGTON & BURLING LLP
     EMILY JOHNSON HENN - # 269482
10   ehenn@cov.com
     333 Twin Dolphin Drive, Suite 700
11   Redwood Shores, CA  94061
     Telephone:  650 632 4700
12   Facsimile:  650 632 4800

13   Attorneys for Defendants
     THE WALT DISNEY COMPANY,
14   LUCASFILM LTD., LLC, PIXAR and
     TWO PIC MC LLC

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18

19                                          Master Docket No. 14-cv-4062-LHK

20   IN RE ANIMATION WORKERS                **DEFENDANTS' FIRST SET OF**
     ANTITRUST LITIGATION                   **INTERROGATORIES TO UNNAMED**
                                            **PLAINTIFFS**
21

22                                          Judge:      Hon. Lucy Koh

23
     ───────────────────────────
24   THIS DOCUMENT RELATES TO:

25   ALL ACTIONS

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants request that each Sample Plaintiff answer fully and separately in writing and under oath the following interrogatories within 30 days from the date of service of these interrogatories. These requests are from each Defendant to each Sample Plaintiff, except that DreamWorks Animation SKG, Inc. is not serving these requests to any of its employees and The Walt Disney Company, Lucasfilm Ltd., LLC, Pixar, and Two Pic MC LLC (formerly known as ImageMovers Digital ("IMD")) are not serving these requests to any of their employees.

## I.   INSTRUCTIONS

1.      "Interrogatories" are written questions posed to a party in a lawsuit.  You must answer the following interrogatories under oath, just as if you were answering these questions in a court of law.  You must verify that they are true and correct by including in your responses the following statement: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."  Please sign and date that verification.

2.      These interrogatories request all information in your possession, custody or control.

3.      If you cannot answer certain of the following interrogatories in full after exercising due diligence to secure the information to do so, answer to the extent possible including whatever information or knowledge you have about the unanswered portion of any interrogatory.

4.      Whenever an interrogatory requests the identification of a document, the answer shall state sufficient information to identify the document (*e.g.*, type of document, title, date, sender/recipients, URL, etc.).

5.      Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known business address or location, telephone number, and position of employment at the time in question. Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

6.      Defendants hereby request that, after answering these interrogatories, you supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect.

7.      These interrogatories shall be deemed to be continuing in nature and should any additional or different information hereafter come into your possession, custody or control, you are hereby requested to supplement or amend your answers accordingly.

8.      The relevant time period for these requests shall be January 1, 2004 to September 8, 2014.

## II.    DEFINITIONS

1.      "Communication" includes any form of transmitting, receiving or exchanging information or ideas from one person to another.

2.      "Document" shall have the broadest possible meaning, including, but not limited to: letters; correspondence; memoranda; notes; reports; records; agreements; communications; summaries or records of conversations or correspondence; calendars; diaries; memoranda of meetings or conferences; lists of persons attending meetings or conferences; reports of or summaries of interviews; printed publications; opinions of counsel; bulletins; advertisements; literature; work assignments; notebooks; worksheets; contracts; photographs; drawings; computer files; computer discs; articles; manuals or handbooks; pamphlets; applications; press releases; drafts of any documents; books; tapes; videos; electronic communications including but not limited to e-mails; text messages; blog posts; social media posts; Internet comments; or any other material of any tangible medium of expression now in your possession, custody, or control.

3.      "Defendants" refers individually and collectively to the following entities:

    i)      The Walt Disney Company,

    ii)     Lucasfilm Ltd., LLC ("Lucasfilm")

    iii)    Pixar

    iv)     Two Pic MC LLC (formerly known as ImageMovers Digital LLC ("IMD")

    v)      DreamWorks Animation SKG, Inc. ("DreamWorks")

    vi)     Sony Pictures Animation

    vii)    Sony Pictures Imageworks

    viii)   Blue Sky Studios, Inc.

2

1069067

4. "Alleged Co-conspirators" means Laika, The Orphanage, Rhythm and Hues Studios, Inc., and Digital Domain.

5. "Person" refers to a natural person, corporation, partnership, firm, sole proprietorship, joint venture, union, association, group, federation, or any other organization or entity and his, her, its or their officers, agents, and employees.

6. "Compensation" means all forms of compensation in connection with any employment, including but not limited to salary, bonuses, performance or other incentive awards, stock options, retirement contributions, severance pay, insurance, or benefits. The term also includes any compensation you received while self-employed.

7. "Cold Call" or "cold calling" shall refer to a company (or one of its employees, recruiters or agents) communicating directly in any manner (including, without limitation, orally, in writing, telephonically, or electronically) with another company's employee—for the purpose of exploring the potential recruitment of that employee—who has not previously worked for the company, applied for a job at the company, or otherwise had prior contact (for employment-related purposes) with the company making the cold call.

8. The terms "relate," "related to," "relating to," or "in connection with" mean relating, referring, mentioning, discussing, describing, analyzing, contradicting, g or pertaining in any way, directly or indirectly, to the subject matter, event, act, or occurrence.

## III.   INTERROGATORIES

1. State when you first suspected that an agreement existed between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or "poach" employees from one another.

2. Identify and describe the information that caused you to suspect that that an agreement existed between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or "poach" employees from one another.

3. Identify and describe what, if anything, you did in response to learning the information described in your response to Interrogatory No. 2.

4.  State all affirmative acts that any Defendant or Alleged Co-Conspirator took to mislead you about the existence of any alleged agreement between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or "poach" employees from one another.

5.  Identify and describe all non-privileged communications with any other person relating to any alleged agreement between or among the Defendants or Alleged Co-Conspirators not to cold-call, recruit, or "poach" employees from one another, including the person's name and address, the date of the communication, a detailed description of the communication, and any related documents (*e.g.*, emails, social media posts, Internet comments, etc.).

6.  State when you first suspected that that an agreement existed between or among the Defendants or Alleged Co-Conspirators to set or agree upon compensation levels for their employees.

7.  Identify and describe the information that caused you to suspect that that an agreement existed between or among the Defendants or Alleged Co-Conspirators to set or agree upon compensation levels for their employees.

8.  Identify and describe what, if anything, you did in response to learning the information described in your response to Interrogatory No. 7.

9.  State all affirmative acts that any Defendant or Alleged Co-Conspirator took to mislead you about the existence of any alleged agreement between or among the Defendants or Alleged Co-Conspirators to set or agree upon compensation levels for their employees.

10.  Identify and describe all non-privileged communications with any other Person relating to any alleged agreement between or among the Defendants or Alleged Co-Conspirators to set or agree upon compensation levels for their employees, including the person's name and address, the date of the communication, a detailed description of the communication, and any related documents (*e.g.*, emails, social media posts, Internet comments, etc.).

11.  State whether you attended, viewed, or participated in any meeting during which any alleged agreement between or among the Defendants or Alleged Co-Conspirators regarding hiring, recruiting, compensation, pay ranges, or cold calling was discussed.  Such meetings include, but are not limited to (a) a 2006 Disney Town Hall meeting; (b) an IMD "all hands"

meeting; (c) a 2008 Pixar lecture given by general manager Jim Morris; or (d) any meeting held by or under the auspices of the Animation Guild.  For any such meeting, provide a detailed description of the meeting; identify all persons who, to your knowledge, attended the meeting; and describe all communications, if any, you had concerning the meeting.

Dated:  July 11, 2016

KEKER & VAN NEST LLP

By:   /s/ Robert A. Van Nest
JOHN W. KEKER
ROBERT A. VAN NEST
CODY S. HARRIS
W. HAMILTON JORDAN

COVINGTON & BURLING LLP

EMILY JOHNSON HENN
THOMAS A. ISAACSON
CORTLIN LANNIN

Attorneys for Defendants
THE WALT DISNEY COMPANY,
LUCASFILM LTD., LLC, PIXAR and
TWO PIC MC LLC

Dated:  July 11, 2016

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Rod J. Stone
DANIEL G. SWANSON
ROD J. STONE
SHANNON E. MADER

Attorneys for Defendant
DREAMWORKS ANIMATION SKG,
INC.