UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DREAMWORKS ANIMATION SKG, INC., et al.,<br><br>    Defendants. | Case No.  5:14-cv-04062 LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. 321 |

In this consolidated antitrust class action, plaintiffs sue their former employers, claiming that defendants engaged in a conspiracy to fix and suppress employee compensation and to restrict employee mobility. Plaintiffs further allege that defendants fraudulently concealed the conspiracy, thereby preventing plaintiffs from timely filing their claims.

At issue in Discovery Dispute Joint Report (DDJR) No. 1: Whether defendants should be permitted to conduct discovery of 500 absent class members (approximately 5% of the certified class). Defendants also state that they reserve the right to seek discovery from additional class members later. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court denies defendants' request for discovery.

Ordinarily, discovery of absent class members is not allowed. McPhail v. First Command Fin. Planning, Inc., 251 F.R.D. 514, 517 (S.D. Cal. 2008). That is because absent class members

are not required to do anything, and "'subject[ing] absent class members to discovery may defeat the purpose of certifying the class in the first place.'" Id. (quoting On the House Syndication, Inc. v. Federal Express Corp., 203 F.R.D. 452, 456 (S.D. Cal. 2001)). Such discovery is only allowed where the party seeking it establishes that "(1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent." Id. (citing Clark v. Universal Builders, Inc., 501 F.2d 324, 340-42 (7th Cir.1974); see also Holman v. Experian Information Solutions, Inc., No. C11-00180 CW (DMR), 2012 WL 2568202, at *3 (N.D. Cal., July 2, 2012) (same).

Here, defendants propose to serve 4 document requests and 11 interrogatories[1] to elicit information about whether and when absent class members had actual or constructive knowledge of the alleged conspiracy and whether they acted diligently in trying to uncover the facts giving rise to their claims---i.e. elements of plaintiffs' fraudulent concealment claim. Defendants argue that this discovery is necessary to "fully litigate" their statute of limitations defense. Additionally, they contend that the proposed requests are short and simple and seek information largely available only in the files and minds of class members.

Defendants' stated purpose in seeking this discovery is to find evidence to establish their defense. The practical effect, however, would be to reduce the size of the class by ferreting out and eliminating individual claims. As noted above, defendants propose to start with discovery on 500 members, and reserve the right to seek discovery of even more members later. While defendants say that they do not (and could not) possess the requested information, some of the proposed requests focus on defendants' alleged misleading actions, i.e., matters that do not strike this court as dependent upon proof from absent class members. Moreover, it appears that the requested information may also be available from other sources. Defendants acknowledge that

---

[1] Defendants apparently intended to, but did not, append a copy of their proposed discovery requests to DDJR No. 1. Nevertheless, a copy of the requests apparently was previously posted to another motion, at Dkt. 306-1.

2

they have some email communications and say that they have obtained other evidence through discovery from class representatives. Additionally, this court is told that defendants have subpoenaed class members' unions for the same information. Finally, this court is unpersuaded that the responding to the proposed discovery, including the preparation of privilege logs, would not require the assistance of counsel. See, e.g., McPhail, 251 F.R.D. at 518 (noting that, in order to properly respond to the proposed discovery, each absent class member "would need to confer with Class Counsel to understand the purpose of the request, the penalty for not filing a response, the need to discuss all relevant information, the need to refresh their recollection with documentation, the need to understand the context of the request in light of the allegations of the complaint and the reason the Defendants are making the request.").

Defendants' citation to Town of New Castle v. Yonkers Contracting Co., Inc., No. 88 Civ. 2952 (CES), 1991 WL 159848 (S.D.N.Y., Aug. 13 1991) and Transamerica Refining Corp. v. Dravo Corp., 139 F.R.D. 619 (S.D. Tex. 1991) do not persuade this court to the contrary. In Town of New Castle, discovery was allowed, in part, because of the finite size of the class (around 20 members) and because the court found that defendants would be unable to disprove the fraudulent concealment claim without the requested discovery. 1991 WL 159848 at *2. For the reasons discussed above, defendants have not demonstrated that is the case here. In Transamerica Refining Corp., discovery was permitted because the court concluded that the requested information was known only to absent class members and was necessary to the determination of common questions. 139 F.R.D. at 621-22. Here, defendants have not convincingly explained how evidence that might bar individual claims may be imputed to the class as a whole.

Defendants argue that precluding this discovery from absent class members will violate the Rules Enabling Act, which provides that rules of procedure and evidence "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). However, in her certification order, Judge Koh concluded that individual issues concerning defendants' statute of limitations defense may be reserved for individual treatment, similar to procedures used for individualized damages inquiries. See, e.g., Vaquero v. Ashley Furniture Indus., Inc., 824 F.3d 1150, 1156 (9th Cir. 2016) ("The district court has discretion to shape the proceedings. With a class of only about

600 members, the court could choose an option such as the use of individual claim forms or the appointment of a special master, which plainly would allow Defendants to raise any defenses they may have to individual claims."); Arthur Young & Co. v. U.S. Dist. Ct., 549 F.2d 686, 696 (9th Cir. 1977) (finding no error in the decision to separate issues relevant to certain defenses for individual adjudication at the close of the class trial); McPhail, 251 F.R.D. at 519 (concluding that "inquiry into individual issues can take place during a second phase of trial or during the claims administration process"); On the House Syndication, Inc., 203 F.R.D. at 458 (stating that "the most appropriate time to gather any necessary information from individual class members is generally after a determination of liability and before payment of individual claims.").

Based on the foregoing, defendants' request for discovery from absent class members is denied.

SO ORDERED.

Dated:   October 14, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE