UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | No.  3:14-CV-4062 LHK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY PICTURES IMAGEWORKS INC., SONY PICTURES ANIMATION INC., AND BLUE SKY STUDIOS INC.** |

1   WHEREAS plaintiffs, on behalf of themselves and of the proposed stipulated settlement class

2   ("Settlement Class"), and two groups of defendants – first, Sony Pictures Imageworks Inc. and Sony

3   Pictures Animation Inc. (collectively, "Sony Pictures"), and second, Blue Sky Studios, Inc. ("Blue

4   Sky") – have independently agreed, subject to Court approval following notice to the Settlement

5   Class and a hearing, to settle the above-captioned matter ("Action") upon the terms set forth in two

6   Settlement Agreements (the "Sony Agreement" and the "Blue Sky Agreement," respectively);

7   WHEREAS, this Court has reviewed and considered the Settlement Agreements entered into

8   among the parties, together with all exhibits thereto, the record in this case, and the briefs and

9   arguments of counsel;

10   WHEREAS, plaintiffs have applied for an order entering final judgment and granting final

11   approval of the Settlement Agreements;

12   WHEREAS, this Court finds, for purposes of settlement only, that the Action meets all the

13   prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

14   NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.   DEFINITIONS

16   1.   Unless otherwise defined herein, all terms that are capitalized herein shall have the

17   same meaning ascribed to those terms in the Settlement Agreements.

## II.   JURISDICTION

19   2.   The Court has jurisdiction over this Action (and all actions and proceedings

20   consolidated in the Action), Plaintiffs, Class Members, Sony Pictures, Blue Sky, the remaining

21   defendants, and any party to any agreement that is part of or related to the Settlement Agreements.

22   Plaintiffs have brought claims against Sony Pictures and Blue Sky pursuant to 15 U.S.C. § 1,

23   California Business and Professions Code § 16720, and California Business and Professions Code §§

24   17200 *et seq.*  Jurisdiction lies in this Court pursuant to 15 U.S.C. § 4 and 28 U.S.C. §§ 1331 and

25   1337.

26

27

28

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY PICTURES
IMAGEWORKS INC., SONY PICTURES ANIMATION INC., AND BLUE SKY STUDIOS INC.

1

### III.    APPLICABILITY

2          3.      This Final Judgment shall apply to Sony Pictures, Blue Sky, Plaintiffs, and Settlement

3    Class members who did not file with the Court valid and timely requests for exclusion from the

4    Settlement Agreements. Except with respect to Sony Pictures and Blue Sky, and all released parties

5    described in the Sony Agreement and Blue Sky Agreement, this Final Judgment does not constitute a

6    release or otherwise affect any rights the Settlement Class has or may have against any other entity.

7                      ### IV.    SETTLEMENT AGREEMENT APPROVAL

8          4.      Federal Rule of Civil Procedure 23(e)(2) requires the Court to determine whether the

9    proposed settlement is "fair, reasonable, and adequate." The Ninth Circuit has set forth factors which

10   may be considered in evaluating the fairness of a class action settlement:

11                    the strength of plaintiffs' case; the risk, expense, complexity, and
                      likely duration of further litigation; the risk of maintaining class action
12                    status throughout the trial; the amount offered in settlement; the extent
                      of discovery completed, and the stage of the proceedings; the
13                    experience and views of counsel; the presence of a governmental
                      participant; and the reaction of the class members to the proposed
14                    settlement.

15   *Officers for Justice v. Civil Serv. Comm'n of the City and Cty. of San Francisco*, 688 F.2d 615, 625

16   (9th Cir. 1982). The importance of any one of these factors "will depend upon and be dictated by the

17   nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances

18   presented by each individual case." *Id.*

19         5.      The first factor, the strength of the Plaintiff's case, supports final approval. As this

20   Court has previously held, legal uncertainty favors approval of a settlement.  *See, e.g., Browning v.*

21   *Yahoo! Inc.*, 2007 WL 4105971, at *10 (N.D. Cal. Nov. 16, 2007) ("[L]egal uncertainties at the time

22   of settlement—particularly those which go to fundamental legal issues—favor approval."  This Court

23   has been "exposed to the litigants and their strategies, positions and proof," *Hanlon v. Chrysler*

24   *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988) (quotation marks and citation omitted), and finds that the

25   judicial policy favoring the compromise and settlement of class action suits is applicable here. *See*

26   *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Court is also satisfied

27

28                                                        -2-

1    that the Settlements were reached after arm's length negotiations by capable counsel, and were not a

2    product of fraud, overreaching, or collusion among the parties. *Id.* at 1290.

3        6.    The second factor, the risks, expense, complexity, and likely duration of further

4    litigation, also supports final approval. Plaintiffs and the Settling Defendants entered into the

5    Settlements before the Court granted Plaintiff's motion for class certification. At the time of the

6    Settlements, there was no guarantee the Court would certify a Class or, if so, whether certification

7    would survive review under Federal Rule of Civil Procedure 23(f). If the case had proceeded to trial,

8    the issues would have been complex and significant. Through the Settlements, the parties reduced the

9    scope of the ongoing litigation and lessened the expense and burden of summary judgment and trial.

10       7.    The third factor, the extent of discovery completed and the stage of the proceedings

11   supports final approval. Extensive discovery had taken place at the time that the Settlements were

12   reached, and Plaintiffs had devoted substantial work to the litigation, including reviewing hundreds

13   of thousands of documents, taking and defending depositions, and working with economists to

14   develop a model for damages.  Declaration of Jeff D. Friedman, ECF No. 336-2, at 2. Plaintiffs also

15   litigated two motions to dismiss, a motion to compel arbitration and stay proceedings, and filed a

16   motion for class certification. The discovery process at the time of the Settlements was thorough.

17       8.    The fourth factor, the experience and views of counsel, also supports final approval.

18   Both Plaintiffs and the settling Defendants are represented by competent, experienced, and

19   sophisticated counsel, all of whom favor settlement.  Moreover, the Settlement was negotiated at

20   arms' length over a period of several weeks.  *See* Friedman Decl. ¶ 2–3.

21       9.    The fifth factor, the presence of a governmental participant, is irrelevant because there

22   is no governmental participant in this action.

23       10.   The sixth factor, the reaction of the class members to the proposed settlements,

24   strongly supports final approval. Out of more than 10,000 class members, only four class members

25   have opted out of the Settlements, and no class members have objected to the Settlements.

26       11.   Five of the six factors that the Ninth Circuit has outlined favor final approval in this

27   case, and the sixth factor is irrelevant. Therefore, the Court finds the Settlement Agreements are fair,

28

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY PICTURES
IMAGEWORKS INC., SONY PICTURES ANIMATION INC., AND BLUE SKY STUDIOS INC.

1   adequate, and reasonable in light of these factors. The Court further finds that the Settlement

2   Agreements are in the best interests of the Settlement Class, and that notice thereof comports in all

3   respects with the Federal Rules of Civil Procedure and due process. The Court further finds that the

4   Settlement Agreements are the result of arm's-length negotiations between experienced counsel

5   representing the interests of the Class and the defendants. Accordingly, the Settlements embodied in

6   the Settlement Agreements are hereby approved in all respects and shall be consummated in

7   accordance with their terms and provisions.

8   ## V.   CLASS CERTIFICATION

9   12.   The Court finally certifies the following class, for purposes of the settlements only:

10  All animation and visual effects employees employed by defendants in
    the United States who held any of the jobs listed in Ashenfelter Reply
11  Report Appendix C during the following time periods: Pixar (2001-
    2010), Lucasfilm Ltd., LLC (2001-2010), DreamWorks Animation
12  SKG, Inc. (2003-2010), The Walt Disney Company (2004-2010), Sony
    Pictures Animation, Inc. and Sony Pictures Imageworks, Inc. (2004-
13  2010), Blue Sky Studios, Inc. (2005-2010) and Two Pic MC LLC f/k/a
    ImageMovers Digital LLC (2007-2010). Excluded from the Class are
14  senior executives, members of the board of directors, and persons
    employed to perform office operation or administrative tasks.

15  13.   This certification is for settlement purposes only and shall not constitute, nor be
16
17  construed as, an admission on the part of Sony Pictures or Blue Sky that this Action, or any other
18  proposed or certified class action, is appropriate for any other purpose, including, without limitation,
19  for trial class treatment.

20  14.   This Court finds and concludes that the applicable requirements of Federal Rule of
21  Civil Procedure 23 have been satisfied with respect to the Settlement Class and Settlements, and
22  specifically, that: (a) the number of members of the Settlement Class are so numerous that joinder of
23  all members thereof is impracticable; (b) there are questions of law and fact common to the
24  Settlement Class; (c) named plaintiffs' claims are typical of the claims of the Settlement Class they
25  seek to represent; (d) named plaintiffs and Class Counsel have fairly and adequately represented and
26  protected the interests of the Settlement Class and will continue to do so; and (e) common questions
27  of law and fact predominate over individual questions with respect to the Settlement Class and
28  Settlements.

-4-

15.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements set forth in the Settlement Agreements and finds that said Settlements are, in all respects, fair, reasonable and adequate to, and are in the best interests of, the named plaintiffs, the Settlement Class and each of the Settlement Class Members.

## VI.     PLAN OF ALLOCATION

16.     The Plan of Allocation is fair, reasonable, and adequate. It will provide each Settlement Class member with a fractional share based upon each Settlement Class members' total compensation received during the conspiracy period. In addition, there will be no reversion of funds back to Sony Pictures or Blue Sky. Plaintiffs are directed to cause the Settlement Funds to be distributed in accordance with the Plan of Allocation as soon as practicable after this Final Judgment becomes final.

## VII.     NO ADMISSION OF LIABILITY

17.     Neither this Final Judgment nor the Settlement Agreements shall be used or construed by any person as an admission of liability by Sony Pictures or Blue Sky to any party or person, or be deemed evidence of any violation of any statute or law or admission of any liability or wrongdoing by Sony Pictures or Blue Sky, or be deemed evidence of the truth of any of the claims or allegations contained in the Second Consolidated Amended Class Action Complaint ("SAC"). Neither this Final Judgment nor the Settlement Agreement shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the Settlement Agreements or the terms of this Final Judgment or by Sony Pictures or Blue Sky in connection with any action asserting Released Claims.

## VIII.     DISMISSAL OF ACTIONS AND RELEASE

18.     Upon the Effective Date, and subject to the provisions of the Final Judgment issued separately, the Plaintiffs' and Settlement Class's claims in the SAC are dismissed as against Sony Pictures and Blue Sky with prejudice, with each side to bear its own costs and attorneys' fees except as provided by the Settlements and this Court's Orders. Class members who did not file with the Court valid and timely requests for exclusion from the Settlement Agreements are barred from

1   further prosecution of the Released Claims, and the Released Parties are released and forever

2   discharged from liability for the Released Claims. Individuals who filed valid and timely requests for

3   exclusion from the Settlement Agreements are listed in Exhibit C to the Jue Declaration.

4            19.      This Court finds, and the parties agree, that the Settling Parties and their respective

5   counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

6            IT IS SO ORDERED.

7

8   DATED: November 11, 2016

9                                    *Lucy H. Koh*

10                            HONORABLE LUCY H. KOH
                           UNITED STATES DISTRICT COURT JUDGE

Case No. 14-CV-04062-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH SONY PICTURES
IMAGEWORKS INC., SONY PICTURES ANIMATION INC., AND BLUE SKY STUDIOS INC.