UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>DREAMWORKS ANIMATION SKG INC., et al.,<br><br>            Defendants. | Case No. 14-CV-04062-LHK<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DREAMWORKS ANIMATION SKG INC.**<br><br>Re: Dkt. No. 305 |

On October 17, 2016, Plaintiffs filed a motion for preliminary approval of class action settlement with Defendant DreamWorks Animation SKG, Inc. ("DreamWorks"). ECF No. 338. Along with the motion for preliminary approval, the parties filed a proposed Notice to be distributed to Class Members. ECF No. 338-4. The Court held a Preliminary Approval Hearing on January 19, 2017. During the Preliminary Approval Hearing, the Court proposed a number of suggested changes to the proposed Notice, to which the parties agreed. Accordingly, these changes have been incorporated into an Amended Notice included as an exhibit to this Order. ECF No. 353-1 (red-lined copy of Amended Notice); ECF No. 353-2 (clean copy of Amended Notice).

Having reviewed the briefs and arguments of the parties, the relevant law, and the record in

1

Case No. 14-CV-04062-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DREAMWORKS ANIMATION SKG INC.

United States District Court
Northern District of California

1  this case, the Court GRANTS Plaintiffs' motion for preliminary approval with DreamWorks.

2      WHEREAS plaintiffs, on behalf of themselves and the class, and DreamWorks have
3  independently agreed, subject to Court approval following notice to the class and a hearing, to
4  settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Settlement
5  Agreement;

6      WHEREAS, this Court has reviewed and considered the Settlement Agreement entered
7  into among the parties, together with all exhibits thereto, the record in this case, and the briefs and
8  arguments of counsel;

9      WHEREAS, plaintiffs have moved for an order granting preliminary approval of the
10 Settlement Agreement;

11     WHEREAS, this Court preliminarily finds that the Settlement Agreement is fair,
12 reasonable, and adequate;

13     NOW, THEREFORE, IT IS HEREBY ORDERED:

14     1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the
15 same meaning ascribed to those terms in the Settlement Agreement.

16     2.    The Court has jurisdiction over this Action (and all actions and proceedings
17 consolidated in the Action), Plaintiffs, Class Members, DreamWorks, the remaining defendants,
18 and any party to any agreement that is part of or related to the Settlement Agreement.

19     3.    Federal Rule of Civil Procedure 23(e) provides that a proposed settlement in a class
20 action case must be initially approved by the Court. The Court is to determine whether the
21 proposed settlement is "fair, reasonable, and adequate." Rule 23(e)(2). As a first step, plaintiffs
22 must seek preliminary approval of the proposed settlement, which is an "initial evaluation" of the
23 fairness of a proposed settlement. Manual for Complex Litigation (Fourth) § 21.632 (2015).  In
24 determining whether the proposed settlement is "fundamentally fair, adequate, and reasonable" the
25 Court makes a preliminary determination of whether to give notice of the proposed settlement to
26 the class members and an opportunity to voice approval or disapproval of the settlement. *Staton v.*

27

28 Case No. 14-CV-04062-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DREAMWORKS
ANIMATION SKG INC.

*Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)); *see* Manual for Complex Litigation (Fourth) § 21.631 (2015). Preliminary approval is not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of reasonableness." *In re High-Tech Employee Litig.*, No. 11-cv-2509, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013) ("*High-Tech I*") (citation omitted); *see also Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 301-302 (E.D. Cal. 2011). Preliminary approval establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

4.      Preliminary approval of a settlement and notice to the proposed class is appropriate "[i]f [1] the proposed settlements appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Tableware*, 484 F. Supp. 2d at 1079.  It is within the "sound discretion of the trial judge" to approve or reject the settlement. *Zepeda v. Paypal, Inc.*, No. C 10-2500, 2015 WL 6746913, at *4 (N.D. Cal. Nov. 5, 2015).

5.      While the Court is not to consider at this stage whether final approval is warranted, all the relevant factors weigh in favor of approving the proposed Settlement Agreement. First, the settlement is the result of arm's length negotiations among experienced counsel, following extensive discovery on both sides. Second, the Court finds that the agreed-upon consideration of $50 million is fair and reasonable based on the circumstances, risks involved, and significant recovery from just one of the defendant companies. Third, as a matter of law, the remaining defendants remain jointly and severally liable for all damages caused by the conspiracy, including damages caused by DreamWorks. *See Ward v. Apple*, 791 F.3d 1041, 1048 (9th Cir. 2015) (citations omitted). Fourth, DreamWorks has independently agreed to cooperate with plaintiffs in

3

Case No. 14-CV-04062-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DREAMWORKS ANIMATION SKG INC.

authenticating documents, and in not voluntarily producing any employee to testify at trial for any non-settling defendant. *See In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md.1983). As a result, the Court finds that the relevant factors weigh in favor of approving the proposed Settlement Agreement.

6. The Court further finds that the proposed Plan of Allocation, which is attached to the Motion, is fair, reasonable, and adequate, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing.

## NOTICE TO CLASS MEMBERS

7. The Court appoints the firm of Kurtzman Carson Consultants ("KCC") as Notice and Claims Administrator. The Court previously appointed KCC the Notice and Claims Administrator in its order preliminarily approving the Blue Sky and Sony Pictures Settlements. *See* ECF No. 305 at ¶ 19.

8. The Court approves the Proposed Settlement of Class Action ("the Settlement Notices") pertaining to the settlement with DreamWorks, and finds that the dissemination plan complies fully with the requirements of Rule 23 and due process of law.

9. As discussed above, the Court proposed revisions to the proposed Notice at the Preliminary Approval Hearing, to which the parties agreed. The Court approves the Amended Notice and directs that the Amended Notice be disseminated in accordance with the dissemination plan. *See* ECF No. 353-1 (red-lined copy of Amended Notice); ECF No. 353-2 (clean copy of Amended Notice). The Court finds that Amended Notice is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

10. The Claims Administrator will be responsible for providing notice to potential class members consistent with Rule 23(c)(2)(B). The Claims Administrator will mail and/or email notice to the potential class members, and post notice on the internet within 45 days of this Order.

## ADMINISTRATION OF THE SETTLEMENT FUND

11. The Claims Administrator shall cause the Settlement Notice to be emailed and/or mailed to Class Members and potential Class Members pursuant to procedures described in the Settlement Agreement, and to any potential Class Member who requests one; and, in conjunction with Class Counsel, shall create a case-specific website with case information, court documents relating to the Settlement and the Notice. By no later than 14 days after the opt-out deadline, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

12. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

## CLASS MEMBER RESPONSE AND SCHEDULING OF FAIRNESS HEARING

13. Class Members will have until 45 days after the Notice is mailed to opt out (the "Opt–Out Deadline") of the proposed Settlement.

14. Any Class Member who wishes to opt out from the Settlement must send a written request for exclusion to the Notice and Claims Administrator on or before the close of the Opt–Out Deadline. Class Members may not exclude themselves by filing requests to opt out as a group or class, but must in each instance individually and personally execute a request to opt out. Class Members who opt out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the DreamWorks settlement, and will preserve their ability independently to pursue any claims they may have against DreamWorks.

15. Class Counsel shall file their motion for payment of attorneys' fees, costs, and for Plaintiff Service Awards, no later than 31 days after notice is mailed.

16.     All Class Members who did not properly and timely request exclusion from the DreamWorks settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreements, including the release provisions, whether or not such Class Member objected to the Settlement and whether or not such Class Member received consideration under the Settlement Agreement.

17.     A final hearing on the Settlement Agreement ("Fairness Hearing") shall be held before the Court on May 18, 2017 at 1:30 p.m., in Courtroom 8, 4th Floor, of the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

18.     At the Fairness Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the Settlement Agreement and whether the Settlement Agreement should be granted final approval by the Court; (b) approval of the proposed Plan of Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement Release. Class Counsel's application for payment of costs, and request for the Court to approve service awards to the named Plaintiffs, shall also be heard at the time of the hearing.

19.     The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the Court. Should the Court adjourn the date for the Fairness Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement objections, claims, requests for exclusion, or notices of intention to appear at the Fairness Hearing unless those dates are explicitly changed by subsequent Order.

20.     Any Class Member who did not opt out of the Class may, but need not, enter an appearance through his or her own attorney. For settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

21.     Any Class Member who did not opt out of the Class may, but need not, submit comments or objections to (a) the Settlement Agreement, (b) entry of a Final Approval Order and

Judgment approving the Settlement Agreement, (c) Class Counsel's application for payment of costs and anticipated application for fees, and/or (d) service award requests, by mailing a written comment or objection to the addresses provided by the Claims Administrator in the Notice.

22. Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and must provide the Class Member's name and full residence or business address and a statement that the Class Member was an employee and member of the Class. An objection must state why the Objector objects to the Settlement Agreement and must include any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the hearing, personally or through an attorney, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The Objector must also list any other objections by the Objector, or the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

23. Objections, along with any statements of intent to appear, must be postmarked no later than 45 days after notice is mailed and must be mailed to the addresses provided by the Claims Administrator in the Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

24. Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard in opposition to the Settlement Agreement at the Fairness Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreement; (b) entry of a Final Approval Order and Judgment; (c) Class Counsel's application for payment of costs and anticipated request for fees; and (d) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

7

Case No. 14-CV-04062-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DREAMWORKS ANIMATION SKG INC.

25. Class Members need not appear at the hearing or take any other action to indicate their approval.

26. Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely opted out of the Class will be enjoined from proceeding against DreamWorks and all other released parties as defined in the Settlement Agreement, with respect to all of the released claims as defined in the Settlement Agreement.

27. The schedule by which the events referenced above shall occur is as follows:

| Event | Due Date |
| --- | --- |
| Notice mailed and posted on internet | March 5, 2017 |
| Deadline for motion for attorneys' fees, costs, and service awards | April 5, 2017 |
| Objections deadline | April 19, 2017 |
| Exclusions deadline/end of opt-out period | April 19, 2017 |
| Administrator files Affidavit of Compliance with Court regarding notice requirements | May 3, 2017 |
| Final Fairness Hearing | May 18, 2017 at 1:30 p.m. |

8
Case No. 14-CV-04062-LHK
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DREAMWORKS ANIMATION SKG INC.

28. All further proceedings as to DreamWorks are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreement, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Named Plaintiffs.

29. In the event that the Settlement Agreement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, a final judgment is not entered in accordance with the Settlement Agreement, or such judgment does not become final, then (a) the Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund, including any and all interest earned thereon, less any amounts disbursed with Court approval for Notice costs or Escrow Agent charges, shall be returned to DreamWorks within ten (10) business days from the date the Settlement Agreement becomes null and void, and (c) any release pursuant to Section V of the Settlement Agreement shall be of no force or effect.  In such event, the case will proceed as if no settlement has been attempted, and the Settling Parties shall be returned to their respective procedural postures as of October 4, 2016, so that the Settling Parties may take such litigation steps that Plaintiffs or DreamWorks otherwise would have been able to take absent the pendency of the Settlement. DreamWorks expressly retains the right to contest whether the Action should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs. However, any reversal, vacating, or modification on appeal of (1) any amount of the fees and expenses awarded by the Court to Class Counsel, or (2) any determination by the Court to award less than the amount requested in Attorneys' Fees and Expenses or service awards to Named Plaintiffs, or (3) the Plan of Allocation, shall not give rise to any right of termination or otherwise serve as a basis for termination of the Settlement Agreement.  In the event the Settlement fails to obtain Final Approval because of the Plan of Allocation, the Settling Parties agree to retain all other terms of the Settlement and negotiate a Plan of Allocation consistent with any applicable orders or directions from the Court.

30. Neither this Order nor the Settlement Agreement, nor any other Settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by DreamWorks as to (a) the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter encompassed by the Settlement Agreement or (b) the propriety of certifying any litigation class against DreamWorks.

31. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by plaintiffs or defendants, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

32. All members of the Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed Settlement Agreement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

**IT IS SO ORDERED.**

Dated: January 19, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge