UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. NITSCH, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DREAMWORKS ANIMATION SKG INC., et al.,<br><br>        Defendants. | Case No. 14-CV-04062-LHK<br><br>**ORDER GRANTING SEALING MOTIONS**<br><br>Re: Dkt. No. 361 |

Defendants the Walt Disney Company, Lucasfilm, Pixar, and Two Pic MC LLC (collectively, "Disney Defendants") move to seal an attachment to the proposed Settlement Agreement submitted along with the parties' motion for preliminary approval of class action settlement. ECF No. 358 (motion for preliminary approval of class action settlement); ECF No. 361 (motion to seal). Plaintiff Georgia Cano has also filed a motion to seal the same information. ECF No. 360.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

1

Case No. 14-CV-04062-LHK
ORDER GRANTING SEALING MOTIONS

U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098-99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

1    Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
2    documents for, inter alia, the protection of "a trade secret or other confidential research,
3    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has
4    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]
5    trade secret may consist of any formula, pattern, device or compilation of information which is
6    used in one's business, and which gives him an opportunity to obtain an advantage over
7    competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)
8    (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the
9    production of goods. . . . It may, however, relate to the sale of goods or to other operations in the
10   business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that
11   sealing may be justified to prevent judicial documents from being used "as sources of business
12   information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

13   In addition, parties moving to seal documents must comply with the procedures established
14   by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
15   that establishes the document is "sealable," or "privileged, protectable as a trade secret or
16   otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly
17   tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*
18   Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that
19   is narrowly tailored to seal only the sealable material" and that "lists in table format each
20   document or portion thereof that is sought to be sealed," as well as an "unredacted version of the
21   document" that "indicate[s], by highlighting or other clear method, the portions of the document
22   that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

23   In the instant case, the parties seek to seal Attachment 3 to the Settlement Agreement
24   offered in support of Plaintiffs' motion for preliminary approval of class action settlement. ECF
25   No. 360. Specifically, the parties to seal the percentage of opt-outs that trigger the Disney
26   Defendants' right to terminate the settlement. ECF No. 361, at 2. The parties submit that there are

"compelling reasons" to seal Attachment 3 to the Settlement Agreement. ECF No. 360. *See Johnson v. Quantum Learning Network, Inc.*, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (applying "compelling reasons" to seal documents associated with a motion for preliminary approval of class action settlement).

With this standard in mind, the Court GRANTS the motions to seal. The motions are narrowly tailored and seek to seal only the information that, if revealed, could lead to court files "becom[ing] a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179. Both class members and the Disney Defendants have a strong interest in avoiding strategic conduct by potential objectors in targeting a specific number of opt-outs.

This conclusion is also supported by decisions of other courts. For example, another court in this district has found that there are "compelling reasons to keep [the opt-out percentage] confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas v. Magnachip Semiconductor Corp.*, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016). Additionally, the Ninth Circuit, in affirming a district court's preliminary approval of a settlement and denial of a renewed motion to decertify the class, noted that the district court maintained the confidentiality of the "exact threshold" of opt-outs that would have triggered a defendant's right to terminate the settlement agreement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015).

For these reasons, the Court GRANTS the motions to seal Attachment 3 to the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 2, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No. 14-CV-04062-LHK
ORDER GRANTING SEALING MOTIONS