Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Jerrod C. Patterson (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
jerrodp@hbsslaw.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE ANIMATION WORKERS ANTITRUST LITIGATION | No. 14-CV-4062 LHK |
| | DECLARATION OF JEFF D. FRIEDMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | Date: May 18, 2017 <br> Time: 1:30 p.m. <br> Courtroom: Room 8, 4th Floor <br> Judge: The Honorable Lucy H. Koh |

010473-11  950269 V1

I, JEFF D. FRIEDMAN, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California in the above-entitled litigation. I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP, counsel of record for plaintiff David Wentworth and Co-Lead Class Counsel in the above-entitled action. Based on personal knowledge or discussions with counsel in my firm of the matters stated herein, if called upon, I could and would competently testify thereto.

## I. THE WORK UNDERTAKEN BY CLASS COUNSEL

2. Hagens Berman had no involvement in the *High-Tech* litigation, and Hagens Berman counsel were not aware at the time that this Court had unsealed various documents in that case in 2013.

3. Plaintiffs have engaged in extensive discovery: drafting and responding to requests for production and interrogatories, reviewing thousands of plaintiffs' documents for responsiveness and privilege, reviewing defendants' voluminous document productions (almost 350,000 documents), preparing for and taking approximately 25 depositions,[1] defending an additional five depositions, obtaining relevant employment data and working with plaintiffs' expert to evaluate that data and calculate damages on a class-wide basis. In addition, class counsel have spent numerous hours working with the notice and claims administrator to answer the questions of class members, launch the settlement website, address issues regarding notice and identify class members. Since the last attorneys' fee petition, class counsel have continued to take depositions, issued third party subpoenas to two entities, responded to defendants' motion for leave to obtain absent class discovery (which the defendants appealed to this Court after denial by Magistrate Judge Lloyd), supplemented all written discovery responses, worked with both of their experts to finalize and serve two expert reports on the merits, coordinated with the claims administrator to facilitate the Sony and Blue Sky settlement payments, continued to respond to class inquiries about the settlements and proposed

---

[1] These depositions included George Lucas, the former CEO of Lucasfilm; Jeffrey Katzenberg, the CEO of DreamWorks Animation; Jim Morris, the President of Pixar; Micheline Chau, the former President of Lucasfilm; Alan Bergman, the President of Walt Disney Studios, and Ed Catmull, the President of Walt Disney and Pixar Animation Studios.

settlements, and negotiated settlements with the two remaining defendants (including an all-day mediation session with Disney).

4. Based on my experience with other class action cases, class counsel's responsibilities will not end with final approval. Class counsel will assist class members with inquiries and continue to work with the notice and claims administrator and defendants on any issues that may arise with respect to the settlement. Class counsel may also expend further time and effort to resolve any objections that are lodged, and litigate any appeals that result therefrom. Past experience shows that this ongoing work will add significant time to the work already undertaken in this case.

5. Counsel in this case took a number of steps to limit the lodestar, including the following:

- Class counsel divided categories of tasks (e.g., briefing, expert work) among the three firms, eliminating overlap and catch-up work as much as possible.
- Class counsel also worked to divide discovery tasks among the firms by defendant: for example, rather than having one lawyer from each firm on a meet and confer call, one firm would handle the call for their respective defendant and report back to all others; for maximum efficiency, the same lawyer would generally handle any follow up.
- Associate-level attorneys were often the sole or primary representatives at hearings in this case. For example, at the Case Management Conference held on December 9, 2015, plaintiffs sent a mid-level Associate as the sole representative; defendants sent seven partners, with two attorneys representing each defendant (except for Williams & Connolly, an East Coast firm).
- While courts often place a two-attorney limit on depositions, class counsel (with one exception), in sharp contrast to defendants, sent only one attorney to each deposition they took in this case. As a practice, deposition preparation was also so limited: the attorney who prepared for the deposition generally took the deposition.
- Class counsel only took 25 depositions, strategically focusing solely on depositions that were necessary with which to go to trial.  Counsel also noticed some depositions – including of at least one top executive – but cancelled them based on the evidence developed during discovery.  By way of comparison, *High-Tech* counsel took 93 depositions.
- Class counsel submitted monthly billings records and exchanged those records with one of the other co-lead firms, allowing the three firms to cross-check each other's time records and write off any duplicative or inefficient time.

FRIEDMAN DECL. ISO PLS.' MOT. FOR ATTY'S FEES, EXPENSES,
AND SERVICE AWARDS - 2
Case No. 14-CV-4062 LHK
010473-11  950269 V1

## II.     EXPERIENCE AND QUALIFICATIONS OF HAGENS BERMAN ATTORNEYS

6. Hagens Berman is one of the most well-respected class action litigation firms in the country and has litigated some of the largest class actions in history, including the tobacco litigation,[2] *In re Visa MasterCard Litigation*,[3] and the *In re Toyota Motor Corporation Unintended Acceleration Litigation*.[4] Hagens Berman has over 65 lawyers, with offices in New York, Seattle, Washington D.C., Boston, Berkeley, Los Angeles, Phoenix, and Colorado. Since its founding in 1993, the firm has been recognized in courts throughout the United States for its ability and experience in handling major class litigation efficiently and obtaining outstanding results for its clients.

7. The four attorneys primarily responsible for this case were Steve Berman, Jeff Friedman, Shana Scarlett, and Jerrod Patterson. Details regarding the other attorneys at Hagens Berman who assisted in litigating this case can be found in the resume of Hagens Berman, attached hereto as Exhibit A.

8. **Steve Berman:** Mr. Berman, one of the founding partners of Hagens Berman, is widely regarded as one of the most effective class action attorneys in the country. He served as lead counsel for 13 states in the tobacco litigation, leading to a settlement of $206 billion – the largest in history. He was appointed *sua sponte* by Judge James V. Selna of the Northern District of California to serve as co-lead counsel in the *In re Toyota Motor Corp. Unintended Acceleration MDL*. The $1.6 billion settlement was the largest auto settlement, both in terms of class members and recovery, in U.S. history. He has served as lead or co-lead counsel in antitrust, securities, consumer, and products liability litigation, as well as other complex litigation, including MDL actions, throughout the country. In addition, Mr. Berman was recently appointed to the plaintiffs' steering committee by Judge Breyer in the Volkswagen diesel litigation.

9. **Jeff Friedman:** Mr. Friedman is a partner at Hagens Berman, and a former Assistant United States Attorney ("AUSA"), Criminal Division, for the United States Attorney's Office,

---

[2] In the historic litigation against Big Tobacco, Hagens Berman represented 13 states and advanced groundbreaking legal claims to secure a global settlement worth $260 billion, the largest recovery in history. Only two firms went to trial, and Hagens Berman served as co-lead trial counsel.

[3] *In re Visa-MasterCard Litigation*, CV-96-5238 (E.D.N.Y.).

[4] *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, No. 8:10ML2151 JVS (C.D. Cal.). Hagens Berman recovered $1.6 billion for the class.

1  Central District of California. As an AUSA, Mr. Friedman tried numerous jury trials and prosecuted

2  complex white-collar fraud cases and large narcotics organizations. Mr. Friedman's experience as

3  lead or co-lead counsel in large class action cases includes: *In re Electronic Books Antitrust Litig.*,

4  No. 11-md-02293 (S.D.N.Y.); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 (N.D.

5  Cal.); and *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-cv-2143-RS (N.D. Cal.).

6        10. **Shana Scarlett**: Shana E. Scarlett is a partner at Hagens Berman, where she

7  specializes in antitrust class actions, consumer protection and securities litigation. Ms. Scarlett has

8  served as lead or co-lead in several large class action cases, including *In re Electronic Books

9  Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-

10  md-02420 (N.D. Cal.); and *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-cv-2143-RS

11  (N.D. Cal.).

12        11. **Jerrod Patterson**: Mr. Patterson is Of Counsel at Hagens Berman. Mr. Patterson

13  previously served as a federal prosecutor for nine years, and has extensive experience in trying

14  complex fraud and tax cases to verdict. Mr. Patterson is currently part of a team of attorneys

15  representing the Indirect Purchaser Plaintiffs in both the *Lithium Ion Batteries* class action case and

16  the *Optical Disk Drive* class action case.

### III. ATTORNEYS' FEES AND EXPENSES

**A.  Calculation of Hagens Berman's Lodestar**

19        12. Hagens Berman's lodestar is calculated based on the current hourly rates of the firm.

20  These hourly rates are based on regular and ongoing monitoring of prevailing market rates in the San

21  Francisco Bay Area for attorneys of comparable skill, experience and qualifications.

22        13. Hagens Berman's total lodestar is $2,165,448.50, and its litigation expenses are

23  $148,587.70, for a total investment of $2,314,036.20. A breakdown of the lodestar by lawyer or

24  paralegal is as follows:

| NAME | POSITION | RATE | HOURS | TOTAL AMOUNT |
|---|---|---|---|---|
| Steve W. Berman | Partner | $950 | 4.8 | $4,560 |
| Jeff D. Friedman | Partner | $735 | 546.4 | $401,604 |
| Shana E. Scarlett | Partner | $605 | 208.6 | $126,203 |

| Name | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Chris O'Hara | Partner | $605 | 246.50 | $149,132.50 |
| Jerrod Patterson | Of Counsel | $575 | 867.5 | $498,812.50 |
| Rio Pierce | Associate | $475 | 3.5 | $1,663 |
| Alex Y. Su | Associate | $425 | 51.6 | $21,930 |
| Jeffrey Lang | Associate | $450 | 364.8 | $164,160 |
| Matthew Smith | Associate | $450 | 4.2 | $1,890 |
| Colleen Cleary | Associate | $420 | 649.4 | $272,748 |
| Ashley A. Bede | Associate | $400 | 495.9 | $198,360 |
| Nathan Clark | Contract Attorney | $250 | 544.2 | $136,050 |
| Brian Miller | Paralegal | $265 | 547.6 | $145,114 |
| Jeaneth Decena | Paralegal | $265 | 152.3 | $40,359.50 |
| Carrie Flexer | Paralegal | $190 | 5.5 | $1,045 |
| Adrian Garcia | Paralegal | $158 | 11.5 | $1,817 |
| | | **TOTAL** | **4,704.30** | **$2,165,448.50** |

14. Pursuant to the Court's order at the preliminary approval hearing, detailed time records supporting this summary will be submitted *in camera* for the Court's review.

15. My firm has expended a total of $148,587.70 in unreimbursed litigation expenses in prosecuting this litigation. They are the type of expenses typically billed by attorneys to paying clients in the marketplace, and include such costs as fees paid or incurred to experts, computerized research and other services, and travel in connection with this litigation through February 28, 2017. These expenses are itemized as follows:

| COSTS | AMOUNTS |
|---|---|
| Assessments to Litigation Fund | $ 121,379.56 |
| Internal Reproduction/Copies | $ 703.50 |
| Court Reporters/Transcripts | $ 601.65 |
| Computer Research | $ 680.52 |
| Postage/Express Delivery/Messenger | $ 575.40 |
| Non-party discovery costs | $ 21,000 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $ 3647.07 |
| **TOTAL:** | **$ 148,587.70** |

16. The litigation expenses incurred in prosecuting this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.

17. The total damages in this case, as calculated by Dr. Orley Ashenfelter and referenced in his November 16, 2016 expert merits report, are $553 million.

18. Attached hereto as Exhibit B is a true and correct copy of Theodore Eisenberg, Geoffrey P. Miller & Roy Germano, *Attorneys' Fees in Class Actions: 2009-2013*, NYU Law and Economics Research Paper No. 17-02; Cornell Legal Studies Research paper No. 17-05 (Dec. 1, 2016) ("EMG Study").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of April, 2017, at Berkeley, California.

*s/ Jeff D. Friedman*
JEFF D. FRIEDMAN